IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

AARON COHEN, on behalf of himself
and all others similarly situated,

                               **COMPLAINT-CLASS ACTION**
          Plaintiff,                  **JURY TRIAL REQUESTED**

    v.

DITECH FINANCIAL LLC ;
ROSICKI, ROSICKI & ASSOCIATES, PC

        Defendant.

-------------------------------------------------------X

## INTRODUCTION

1. Plaintiff, on his own behalf and on behalf of the class he seeks to represent, brings this action to secure redress for the debt collection practices utilized by the Defendants Rosicki, Rosicki & Associates, PC ("Rosicki") and Ditech Financial LLC ("Ditech") in connection with their attempts to collect alleged debts from the Plaintiff and others.

2. Plaintiff alleges that Rosicki and Green Tree Servicing, LLC's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA")

3. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt and requires certain disclosures. 15 U.S.C. §§1692d, 1692e, 1692f, 1692g.

4. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. Bentley v Great Lakes Collection Bureau, 6 F.3d 60, 62-3 (2d Cir. 1993).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the FDCPA claim pursuant to 15 U.S.C. §1692k.

6. Venue and personal jurisdiction in this District are proper because:

a. The acts giving rise to this lawsuit occurred within this District;

b. Defendants do business within this District

## PARTIES

7. Plaintiff, Aaron Cohen, is an individual natural person who resides in New York.

8. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

9. Rosicki's main office is located at ROSICKI, ROSICKI & ASSOCIATES, P.C.,

51 EAST BETHPAGE ROAD, PLAINVIEW, NEW YORK, 11803.

10. Rosicki regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, including residential mortgage debts.

11. Rosicki is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12. Ditech is a Delaware company and its registered agent is C T CORPORATION SYSTEM

111 EIGHTH AVENUE NEW YORK, NEW YORK, 10011

13. Ditech regularly begins to collect or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another after they have gone into default.

14. Ditech is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

15. On or about August 11 2005, the Plaintiff allegedly incurred a debt (the "Debt" or "Mortgage Loan").

16. The Debt arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, namely fees emanating from a personal mortgage loan on the Plaintiff's personal residence.

17. The Mortgage Loan is a "debt" as defined by 15 U.S.C. §1692a(5).

18. According to a foreclosure complaint filed against Plaintiff earlier this year, Green Tree (which is now Ditech) was assigned plaintiff's mortgage on June 10, 2013.

19. According to the foreclosure complaint, Plaintiff has been in default on his mortgage since 2009.

20. Shortly after the foreclosure complaint was filed, Plaintiff received in the mail a foreclosure complaint providing him with the alleged amount of the debt ($545,425.53), the alleged name of the creditor to whom the debt was owed (Green Tree Servicing LLC), dispute rights and rights relating to obtaining information.

21. The name of the creditor to whom the debt was owed at the time of the foreclosure complaint was not Green Tree Servicing, LLC.

22. The name of the creditor to whom the debt was owed at the time of the foreclosure complaint was Fannie Mae according to a letter in response to a qualified written request by Plaintiff.

23. Shortly after the foreclosure complaint was filed Plaintiff received a certificate of merit as well as a request for judicial intervention.

24. The certificate of merit, the foreclosure complaint and the request for judicial intervention are "communications" as defined by the FDCPA.

25. The foreclosure complaint is a formal pleading in a civil action.

26. The request for judicial intervention and the certificate of merit are not formal pleadings in a civil action.

27. The identification of the "creditor to whom the debt is owed" was readily available to Rosicki and Ditech at the time of Rosicki's communications with Plaintiff.

## CLAIM FOR RELIEF

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §1692, et seq.**

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. In their collection efforts, Ditech and Rosicki violated 15 U.S.C. §§1692, 1692e, and §1692g(a)(2).

30. Section 15 U.S.C. §1692e provides:

**1692e False or misleading representations**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

31. Rosicki and Ditech violated §1692e of the FDCPA because they falsely stated that Green Tree Loan Servicing, LLC was the creditor to whom the Plaintiff's debt and the debts of the putative class members was owed when, in fact, Green Tree Servicing, LLC was not the creditor to whom the Plaintiff's debt and the debts of the putative class members was owed. As such the Defendants used a false, deceptive or misleading representation or means in the collection of a debt in violation of the FDCPA. See *Bourff v. Rubin Lublin, LLC,* 674 F.3d 1238 (11th Cir. 2012).

32. Section 15 USC **§1692g provides:**

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --

(2) the name of the creditor to whom the debt is owed;

33. Rosicki and Ditech violated §1692g(a)(2) of the FDCPA because Rosicki did not state the name the creditor to whom the Plaintiff's debt and the debts of the putative class members was owed. The current "creditor to whom the debt is owed" is not Green Tree Servicing, LLC as stated in the foreclosure complaint.

34. Despite Rosicki making an "initial communication" with plaintiff, neither Rosicki nor Green Tree informed Plaintiff of the correct name of the creditor to whom the debt is owed.

35. Rosicki and Ditech are liable to the Plaintiff pursuant to 15 U.S.C. §1692k because of the FDCPA violations.

## CLASS ALLEGATIONS

36. Plaintiff brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b)(3).

37. The class consists of all natural persons with a New York address who were sent or hand delivered a foreclosure complaint and another communication relating to a mortgage incurred to purchase a residential owner occupied house where Rosicki names Green Tree the creditor when it is not the creditor on or after a date one year prior to the filing of this complaint.

38. Upon information and belief the identities of all class members are readily ascertainable from the records of Rosicki and Ditech.

39. **Numerosity**: The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical. On information and belief, there are at least 40 members of the class.

40. **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether Defendants satisfied their "g" notice obligations and whether the communication is false, deceptive or misleading.

41. **Typicality**: The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

42. **Adequacy**: The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer litigation. Neither the Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

43. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

44. A class action is superior for the fair and efficient adjudication of this matter, in that:

a. Individual actions are not economically feasible;

b. Members of the class are likely to be unaware of their rights;

c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendants for:

1. An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above;

2. An award of statutory damages for Aaron Cohen and the Plaintiff Class pursuant to 15 U.S.C. §1692k;

3. Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C. §1692k; and

4. Such other and further relief as the Court deems proper.

Dated: Decatur, Georgia
       November 25, 2015

**The Law Offices of Shimshon Wexler, PC**

By: /s Shimshon Wexler
   Shimshon Wexler
   *Attorney for Plaintiff*
   315 W Ponce de Leon Ave Suite 250
   Decatur, Georgia 30030
   Tel: (212)760-2400
   Fax: (917)512-6132
   swexleresq@gmail.com
   Admitted to practice law in New York and Georgia

Plaintiff requests a trial by jury on all issues so triable.

By: /s Shimshon Wexler
   Shimshon Wexler