# *ROSICKI, ROSICKI & ASSOCIATES, P.C.*
### *ATTORNEYS AT LAW*
### *Main Office: 51 East Bethpage Road*
### *Plainview, New York 11803*
### *Telephone (516) 741-2585 x121*

January 21, 2016

Hon. Leonard D. Wexler
U.S. District Court Judge
U.S. District Court
944 Federal Plaza
Central Islip, NY 11722

      Re:    Cohen v. Ditech Financial LLC and Rosicki, Rosicki & Associates, P.C.
            Case No. 15-cv-6828 (LDW)(SIL)
            RRA: 12-024432

Dear Judge Wexler:

      The law firm of Rosicki, Rosicki & Associates, P.C. ("Rosicki law firm"), is named as a defendant in the above action. The Rosicki law firm appeared pro se. The Rosicki law firm requested that its time to respond to the complaint be extended until January 29, 2016, which was granted. Docket No. 8.

      This letter is submitted in support of the Rosicki law firm's request for authorization to bring a pre-answer motion to dismiss the complaint pursuant to Rule 12(b)(6) and for lack of standing, or in the alternative to set a pre-motion conference. In addition, it is requested that the time for the Rosicki law firm to appear be further extended until the determination of the motion.

### BACKGROUND

      The plaintiff, Aaron Cohen executed a note dated August 11, 2005 whereby he agreed to pay the sum of $359,650.00 plus interest and gave a mortgage on real property as security. The mortgage encumbers real property located in Rockland County.

      Due to the failure to make the mortgage payments, Green Tree Servicing LLC ("Green Tree"), now known as Ditech Financial LLC ("Ditech") commenced an action to foreclose its mortgage by filing the summons and complaint on March 12, 2015, in the Rockland County Supreme Court, Index No. 31030/2015. Aaron Cohen is represented by counsel in the foreclosure and appeared by serving an answer to the complaint. These documents are public records and are available on line from the N.Y.S. Unified Court System website (nycourts.gov).

THE FEDERAL LAWSUIT

Aaron Cohen commenced this lawsuit containing a single cause of action, alleging violation of certain provisions of the Fair Debt Collection Practices Act ("FDCPA"). See 15 U.S.C. 1692 et seq. Specifically, it is alleged that Sections 1692e and 1692g(a)(2) were violated by stating in the foreclosure action that Green Tree is the creditor. Mr. Cohen contends that Green Tree is not the creditor to whom the debt is owed. He states that the name of the creditor to whom the debt is owed is Fannie Mae (Federal National Mortgage Association). Based thereon, he concludes that Ditech and the Rosicki law firm used false, deceptive or misleading representations in the collection of a debt.

## THE COMPLAINT SHOULD BE DISMISSED

Where a default occurs on a note and mortgage, the holder must choose whether to sue on the note or to foreclose the mortgage. RPAPL §1301. While a suit on a note results in a money judgment, a foreclosure of a security interest (mortgage) results in a judgment authorizing the sale of the collateral. Thus, many courts have held that foreclosure is not debt collection and is therefore not governed by the FDCPA. These courts have noted that §1692a(6) expands the definition of "debt collector" to include enforcement of security interests only as to §1692f(6). However, the complaint does not allege violation of §1692f(6). See Ausar-El ex rel. Small, Jr. v. BAC (Bank of Am.) Home Loans Servicing LP, 448 F. App'x 1, 2 (11th Cir. 2011); Derisme v. Hunt Leibert Jacobson P.C., 880 F. Supp. 2d 311, 327 (D. Conn. 2012) citing *Simmons v. Roundup Funding, LLC,* 622 F.3d 93, 95 (2d Cir.2010); Boyd v. J.E. Robert Co., No. 05-CV-2455 KAM RER, 2013 WL 5436969, at *2 (E.D.N.Y. Sept. 27, 2013) aff'd sub nom. Boyd v. J.E. Robert Co., 765 F.3d 123 (2d Cir. 2014).

The New York State courts have issued numerous decisions in the past few years addressing the issue of whether a plaintiff has standing to bring a foreclosure. It is now well settled that a plaintiff has standing in an action to foreclose a mortgage "where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced." "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation." US Bank National Assoc. v. Cange, 96 A.D.3d 825, 947 N.Y.S.2d 522 (2nd Dept. 2012); see also Deutsche Bank Nat. Trust Co. v. Whalen, 107 A.D.3d 931, 932, 969 N.Y.S.2d 82 (2nd Dept. 2013).

Green Tree/Ditech, as the holder of the note and mortgage, has standing to foreclose its mortgage. It is anticipated that either a judge, or a referee appointed by the court, will determine the amount that is owed to Green/Tree/Ditech. RPAPL § 1321. After the amount is determined, judgment will be issued in favor of Green Tree/Ditech, which it can enforce by sale of the mortgaged premises. See RPAPL §1351. To avoid foreclosure, submission of the sums owed under the note and mortgage payable to Green Tree/Ditech will result in a satisfaction of mortgage executed by Green Tree/Ditech. Since the payments due under the note and mortgage are owed to Green Tree/Ditech, it is not misleading or deceptive to describe Green Tree/Ditech as the creditor.

Hon. Leonard Wexler
Page 3

The purported violation of 15 USC §1692g(a)(2) must be dismissed. This section pertains to the initial communication to be provided by a debt collector to a consumer. However, Section 1692g(d) expressly exempts legal pleadings: "A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a) of this section." The complaint, at paragraph 25 acknowledges that the foreclosure complaint is a formal pleading in a civil action.

The complaint also states in paragraphs 23 that plaintiff received the certificate of merit and request for judicial intervention ("RJI") and that these documents constitute "communications" under the FDCPA. However, there is no allegation that either of these documents states that Green Tree is the "creditor to whom the debt is owed." If Mr. Cohen is claiming that these documents, which are required in a foreclosure action, somehow violate the FDCPA because Green Tree is named as the plaintiff, then his position is contrary to well settled case law. US Bank National Assoc. v. Cange, supra; Deutsche Bank Nat. Trust Co. v. Whalen, supra.

The decision cited in the complaint, Bourff v. Rubin Lublin LLC, 674 F.3d 1238 (11th Cir. 2012) is inapposite. Even assuming that stating Green Tree was the creditor was incorrect, it does not give rise to a cause of action under the FDCPA within the Second Circuit. Mr. Cohen does not claim he sustained injury or was misled. Accordingly, he lacks standing to bring this action. Ehrich v. Credit Prot. Ass'n, L.P., 891 F. Supp. 2d 414, 416 (E.D.N.Y. 2012)("Nor does the FDCPA's statutory damages provision confer standing in the absence of actual injury."). As stated in Gabriele v. Am. Home Mortgage Servicing, Inc., 503 F. App'x 89, 94 (2d Cir. 2012): "[N]ot every technically false representation by a debt collector amounts to a violation of the FDCPA." Gabriele further cited with approval cases holding that the misstatement must be materially false or misleading, which is not present or even alleged, in the instant case.

Very Truly Yours,

Andrew Morganstern

c: Shimshon Wexler, P.C.
   Attorney for plaintiff
   By email: shimshonwexler@yahoo.com

   Justin Angelo
   Ballard Spahr LLP
   Attorneys for defendant Ditech Financial LLC
   By email: angeloj@ballardspahr.com