**Ballard Spahr**
LLP

---

919 Third Avenue, 37th Floor
New York, NY 10022-3915
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

January 26, 2016

<u>VIA ECF</u>

Honorable Leonard D. Wexler
Senior United States District Court Judge
United States Courthouse
Eastern District of New York
944 Federal Plaza
Central Islip, NY 11722

      **Re:**   *Aaron Cohen v. Ditech Financial LLC, et al.*
              Case No.: 2:15-CV-6828 (Eastern District of New York)

Dear Judge Wexler:

Pursuant to Rule 2(B) of Your Honor's Individual Practices, we write to request a pre-motion conference to allow Defendant Green Tree Servicing LLC n/k/a Ditech Financial LLC ("Green Tree") leave to file a motion to dismiss Plaintiff Aaron Cohen's ("Plaintiff") Class Action Complaint (the "Complaint", ECF No. 1).

Plaintiff brings this single-count putative class action to recover statutory damages for alleged violations of 15 U.S.C. §1692e and 15 U.S.C. §1692g(a)(2) of the Fair Debt Collection Practices Act (the "FDCPA"). Specifically, the Complaint alleges that Green Tree was identified as the creditor of Plaintiff's mortgage loan (the "Loan") in a mortgage foreclosure complaint that it filed last year. [ECF No. 1 at ¶¶18-20]. Plaintiff asserts that the foreclosure complaint alleges that the Loan was assigned to Green Tree when it was in default. [ECF No. 1 at ¶18]. Plaintiff alleges that Fannie Mae, not Green Tree, was the true creditor of the Loan. [ECF No. 1 at ¶22].

According to the Complaint, Green Tree violated 15 U.S.C. §1692e of the FDCPA because "they falsely stated that [Green Tree] was the creditor to whom the Plaintiff's debt and the debts of the putative class members was owed when, in fact, [Green Tree] was not the creditor." [ECF No. 1 at ¶31]. Similarly, Plaintiff alleges that Green Tree violated 15 U.S.C. §1692g of the FDCPA by allegedly failing "to name the creditor to whom the Plaintiff's debt and the debts of the putative class members was owed." [ECF No. 1 at ¶33].

Page 2

For the following reasons, Green Tree believes a 12(b)(6) motion to dismiss is warranted. First, the FDCPA only applies to debt collection activities[1], and it is well-settled that a mortgage foreclosure is **not** debt collection. See, e.g., Boyd v. J.E. Robert & Co., 2013 WL 5436969, at *9 (E.D.N.Y. Sep. 27, 2013) (observing that "foreclosure activities do not constitute debt collection under the FDCPA."); Derisme v. Hunt Leibert Jacobson P.C., 880 F. Supp. 2d 339, 361 (D. Conn. 2012) (holding that "an action seeking foreclosure under Connecticut law should be considered the enforcement of a security interest as opposed to an action to collect a debt.").

In any event, Green Tree was, as a matter of law, properly named as the creditor in the foreclosure complaint. Critically, Plaintiff's theory that Green Tree should not be named as the plaintiff in the mortgage foreclosure complaint ignores New York law which confers standing to foreclose only upon the holder or assignee of the note. See, e.g., Aurora Loan Services LLC v. Taylor, 25 N.Y. 3d 355, 34 N.E. 3d 363 (2015) (holding that "the note, and not the mortgage, is the dispositive instrument that conveys standing to foreclose under New York law.").  Nowhere in the Complaint does Plaintiff dispute that Green Tree holds the note and mortgage.  Hence, what Plaintiff asks the Court to do is essentially hold that Green Tree violated the FDCPA by bringing a foreclosure complaint in its own name despite the fact that New York law requires it to do so. See, e.g., Aldom v. Phelan, Hallinan & Diamond, P.C., 2015 WL 5722584, at * (D.N.J. Sep. 29, 2015) (holding that statement in letter that loan servicer, and not the investor, was the plaintiff's lender was neither false nor misleading under §1692e of the FDCPA).

Furthermore, Plaintiff lacks standing to seek statutory damages under the FDCPA in the absence of some actual injury. Ehrich v. Credit Protection Ass'n, L.P., 891 F. Supp. 2d 414, 418 (E.D.N.Y. 2012) (dismissing FDCPA claim for statutory damages where the plaintiff suffered no actual injury as the "FDCPA's statutory damages provision is insufficient in itself to confer standing upon a plaintiff who has no other basis for his or her claim."). Here, Plaintiff neither alleges actual harm nor seeks to recover actual damages. Thus, on its face, Plaintiff's FDCPA claim fails. Carubia v. Cohen & Slamowitz LLP, 2015 WL 348205, at *5 (N.D.N.Y. Jan. 23, 2015) (dismissing the plaintiff's FDCPA claim as "[he] fails to state a claim under this provision because he fails to allege that these events directly impacted him.").

Indeed, federal courts have regularly held that alleged technical misstatements in court filings do not give rise to FDCPA claims. Hahn v. Triumph P'ships LLC, 557 F.3d 755, 758 (7th Cir. 2009) (holding that "a false but non-material statement is not actionable" under the

---

[1] See, e.g., Zimmerman v. HBO Affiliate Group, 834 F. 2d 1163, 1167 (3d Cir. 1987) ("A threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a debt.")

Page 3

FDCPA because "[a] statement cannot mislead unless it is material"); <u>Lane v. Fein, Such & Crane LLP</u>, 767 F.Supp.2d 382, 389–90 (E.D.N.Y. 2011) (finding that misstatement in state complaint was not materially false or misleading under FDCPA); <u>Walsh v. Law Offices of Howard Lee Schiff, P.C.</u>, 2012 WL 4372251, at *3–6 (D. Conn. Sept. 24, 2012) (dismissing § 1692e claim predicated on alleged procedural misconduct in prior state court action).

Lastly, Plaintiff's claim under §1692g is fatally flawed for an independent reason. Specifically, Plaintiff asserts that the mortgage foreclosure complaint was the initial communication in connection with the collection of the debt, and Green Tree violated §1692g(a)(2) by naming itself in the complaint as the "creditor to whom the debt is owed." However, Plaintiff overlooks that §1692g(d) explicitly exempts legal pleadings from the provisions of §1692a. <u>See</u> 15 U.S.C. §1692g(d); <u>Fritz v. Resurgent Capital Services, LP</u>, 955 F. Supp. 2d 163, 166 (E.D.N.Y. 2013) (observing that "Congress legislatively overruled Cohen by amending the FDCPA section dealing with initial communications to exclude a formal pleading in a civil action."). As Plaintiff cannot predicate a §1692g claim on a foreclosure complaint or any papers germane to the complaint, this portion of its claim should be dismissed with prejudice.

Accordingly, Green Tree respectfully requests this Court order a pre-motion conference, or grant it 30 days to file its motion to dismiss.


Respectfully submitted,

<u>/s/ Justin Angelo     </u>.
Justin Angelo, Esq.

cc:     Shimshon Wexler, Esq.