*The Law Offices of Shimshon Wexler, PC*
*216 W 104th St. #129*
*New York, New York 10025*
*Tel (212)760-2400*
*Fax (917)512-6132*
*swexleresq@gmail.com*

January 28, 2016

<u>Via CM/ECF</u>

Hon. Leonard D. Wexler
U.S. District Court Judge
U.S. District Court
944 Federal Plaza
Central Islip, NY 11722

    Re:    Cohen v Ditech Financial LLC and Rosicki, Rosicki & Associates, P.C.
             Case No. 15-cv-06828-LDW-SIL

Dear Judge Wexler:

       The following is submitted pursuant to Your Honor's individual rules and in response to Defendant Rosicki, Rosicki & Associates, P.C.'s ("Rosicki") letter requesting a pre-motion conference for the purpose of making a motion to dismiss (Dkt. 10). In the Complaint Plaintiff asserts that Rosicki violated two sections of the FDCPA. The first section Rosicki violated was 1692e by falsely stating the name of the creditor. The second section Rosicki violated was 1692g by failing to disclose the name of the creditor to whom the debt is owed in writing to the Plaintiff within 5 days of its initial debt collection communication with Plaintiff. In its letter, Rosicki makes five distinct arguments as to why the Complaint should be dismissed, none of which have merit.

       First, Rosicki argues that it was not engaging in debt collection activity and therefore its conduct is not subject to the FDCPA. The facts suggest otherwise. On March 12, 2015, Rosicki, on behalf of its client, Ditech Financial, LLC, filed a civil action against Plaintiff in the Supreme Court of Rockland County, New York. The action sought to foreclose a mortgage on Plaintiff's residence, along with, among other things, a money judgment against Plaintiff, ordering that he "pay any deficiency which may remain" after the sale of the property. The action identified Green Tree Servicing, LLC as Plaintiff's creditor and stated, "**You are hereby put on notice that we are attempting to collect a debt and any information obtained will be used for that purpose**," as well as, "To the Defendants **except** Aaron Cohen: The Plaintiff makes no personal claim against you in this action." Further, Rosicki, Rosicki & Associates, P.C. unequivocally informed Plaintiff that the Rockland County action seeks a money judgment against Plaintiff, **unless** he has received a discharge in bankruptcy.

Plaintiff recognizes that, as a general principle, a purely *in rem* foreclosure process is not considered a debt collection activity under the FDCPA. However, the amount due on the underlying note **is** considered a debt under the FDCPA, and even if a note is secured by a mortgage, the promissory note is still considered a debt. *Reese v . Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211 (11th Cir. 2012). *See also, Piper v. Portnoff Law Associates, Ltd.*, 396 F.3d 227 (3d Cir. 2005). Therefore, foreclosure actions such as the Rockland County action, which seek to collect the balance on the underlying note is considered debt collection activities for purposes of the FDCPA. *Freire v. Aldridge Connors LLP*, 994 F. Supp. 2d 1284, 1287-88 (S.D. Fla. 2014). Here, the Rockland County civil action is clearly a "personal action" against Plaintiff and seeks not just recovery of the real property, but a money judgment against him for "any deficiency which may remain" after the sale of the property. Rosicki, Rosicki & Associates, P.C. cannot hide behind its false claim that it is merely attempting to enforce a security interest to avoid FDCPA liability.

Next, Rosicki argues that it is somehow not liable for its FDCPA violations because its client, Green Tree Servicing, LLC had standing to bring the Rockland County action against the Plaintiff. However, Green Tree Servicing, LLC's standing in state court is not at issue here and whether it did, or did not have standing to pursue a foreclosure action against Plaintiff is not material to the instant allegations and is therefore irrelevant here.

Third, Rosicki points out that it was not required to comply with the notice requirements of 15 U.S.C. § 1692g because its "initial communication" to Plaintiff was in the form of a legal pleading. Plaintiff acknowledges that a communication in the form of a formal pleading in a civil action is not treated as an initial communication for purposes of 15 U.S.C. § 1692g(a). It is, however, a communication otherwise subject to the FDCPA. The Complaint specifically says that Rosicki violated the FDCPA by falsely stating that the creditor was Green Tree when it was really Fannie Mae.

Rosicki overlooks the fact, however, that it did incorporate the § 1692g(a) notice into its legal pleading and in doing so, conveyed false, misleading, or deceptive information to the Plaintiff; specifically, that he had the right to demand validation of the debt pursuant to the notice. The fact is, however, the notice conveyed no such right because that right does not vest when conveyed in the form of a legal pleading. Even if Plaintiff attempted to dispute the debt pursuant to the instructions in the notice, Rosicki would be under no obligation to cease collection activity until it responded.

The mere fact that Rosicki included the superfluous notice when it knew it had no requirement to do so indicates that Rosicki incorporated the notice for reasons other than to convey important consumer rights to the Plaintiff; arguably to mislead the Plaintiff as to his rights as both a consumer and a litigant. By couching the required § 1692g(a) language in the summons and complaint, where the language is not required and which does not actually invoke the consumers right to demand validation under the FDCPA, Rosicki, Rosicki & Associates, P.C. has devised an impermissible end-run around the requirements of § 1692g(a) and its obligations thereunder, as well as misleading the consumer regarding his rights under the FDCPA.

Fourth, Rosicki argues that it did not violate the FDCPA because the certificate of merit and the request for judicial intervention did not name Green Tree as the creditor. As an initial matter, if either the certificate of merit or the request for judicial intervention is an "initial communication" within the meaning of the FDCPA, under § 1692g(a)(2), it must. Fritz v. Resurgent Capital Services, LP, 955 F. Supp. 2d 163, 172 (E.D.N.Y. 2013). Plaintiff's entire argument, however, is that neither communication contained any part of the required § 1692g(a) notice at all.

If the summons and complaint are not the "initial communication" then, by process of elimination, the next communication directed at the consumer must be. Such is the case with the certificate of merit and the request for judicial intervention. A debt collector cannot escape the provisions of the FDCPA by using alternative means of collecting a debt, such as through a court proceeding. Coretti v. Lefkowitz, 965 F. Supp. 3, 5 (D. Conn. 1997). At some point, Rosicki must effectively convey the required disclosure to Plaintiff. By couching it in the summons and complaint where its inclusion has no legal effect, then omitting the notice in its first subsequent communication altogether, Rosicki has violated the FDCPA.

Finally, Rosicki, invoking the argument currently before the Supreme Court in *Spokeo, Inc. v. Robins*, asserts that Plaintiff lacks standing to bring this action because Plaintiff does not claim is he sustained injury or was misled. That, however, is not the law in its current state.

The FDCPA was enacted to "protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors." S. Rep. No. 95-382, at 1696 (1977). In furtherance of that aim, § 1692e prohibits a "debt collector" from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt." To determine whether a given communication runs afoul of those provisions, courts apply an objective standard measured by how the "least sophisticated consumer" would interpret the communication. *Araujo v. Pennymac Loan Services, Inc.*, No. 15-CV-00062 (DLI)(LB) (E.D.N.Y. Sept. 23, 2015). The FDCPA is a strict liability statute. *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A plaintiff need not suffer actual damages under the FDCPA to be entitled to statutory damages. Rather, "[a]ll that is required for an award of statutory damages is proof that the statute was violated, although a court must then exercise its discretion to determine how much to award, up to the $1,000.00 ceiling." *Fontana v. C. Barry & Associates, LLC*, No. 06-CV-359A (W.D.N.Y. Sept. 4, 2007) (*quoting Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998). Unless and until the Supreme Court rules otherwise in *Spokeo*, that is the law.

Sincerely,

*/s Shimshon Wexler*