*The Law Offices of Shimshon Wexler, PC*
*216 W 104th St. #129*
*New York, New York 10025*
*Tel (212)760-2400*
*Fax (917)512-6132*
*swexleresq@gmail.com*

February 2, 2016

<u>Via CM/ECF</u>

Hon. Leonard D. Wexler
U.S. District Court Judge
U.S. District Court
944 Federal Plaza
Central Islip, NY 11722

Re:   Cohen v Ditech Financial LLC and Rosicki, Rosicki & Associates, P.C.
        Case No. 15-cv-06828-LDW-SIL

Dear Judge Wexler:

The following is submitted pursuant to Your Honor's individual rules and in response to Defendant Ditech Financial, LLC's ("Ditech") letter requesting a pre-motion conference for the purpose of making a motion to dismiss (Dkt. 11). In its letter, Ditech posits four arguments, none of which warrant dismissal of this action.

First, Ditech argues that it was not engaging in debt collection activity and therefore its conduct is not subject to the FDCPA because "a mortgage foreclosure is not debt collection." In in support, however, Green Tree relies on Connecticut state law (inapplicable here), and then goes on to misrepresent the facts of the case in *Boyd v. J.E. Robert & Co*., a case which dealt not with debt collection, but with foreclosure arising from New York City water and sewer liens; totally inapposite to the case at bar.

Here, Ditech's civil action against Plaintiff seeks foreclosure of a mortgage securing Plaintiff's residential home loan, as well as a money judgment against Plaintiff, ordering that he "pay any deficiency which may remain" after the sale of the property. The action identified Green Tree Servicing, LLC as Plaintiff's creditor and stated, "**You are hereby put on notice that we are attempting to collect a debt and any information obtained will be used for that purpose**," as well as, "To the Defendants **except** Aaron Cohen: The Plaintiff makes no personal claim against you in this action." Further, Plaintiff was unequivocally informed that the action sought a money judgment against Plaintiff, **unless** he has received a discharge in bankruptcy.

Plaintiff recognizes that, as a general principle, a purely *in rem* foreclosure process is not considered a debt collection activity under the FDCPA. However, the amount due on the underlying note **is** considered a debt under the FDCPA, and even if a note is secured by a mortgage, the promissory note is still considered a debt. *Reese v . Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211 (11th Cir. 2012). *See also, Piper v. Portnoff Law Associates, Ltd*., 396 F.3d 227 (3d Cir. 2005). Therefore, foreclosure actions such as the Rockland County action, which seek to collect the balance on the underlying note is considered debt collection activities for purposes of the FDCPA. *Freire v. Aldridge Connors LLP*, 994 F. Supp. 2d 1284, 1287-88 (S.D. Fla. 2014). The Rockland County civil action is clearly a "personal action" against Plaintiff and seeks not just recovery of the real property, but a money judgment against him for "any deficiency which may remain" after the sale of the property. Ditech cannot hide behind its false claim that it is merely attempting to enforce a security interest to avoid FDCPA liability.

Next, Ditech argues that regardless the true identity of the creditor, New York law allows Ditech, as alleged servicer of the loan, to institute foreclosure action in its own name. That is not the issue. The FDPCA requires that the identity of the "creditor" be disclosed in communications relating to the collection of a debt. A "servicer," regardless of certain rights conveyed by New York law, is not a creditor within the meaning of 15 § U.S.C. 1692(a)(4). By falsely claiming to be Plaintiff's creditor, Ditech violated the FDCPA. In apparent concession to this fact, Ditech attempts to characterize whatever misstatements and omissions it may have made as "technical misstatements," non-material and therefore not actionable. Not so. The so-called "materiality standard" simply means that in addition to being technically false, a statement would tend to mislead or confuse the reasonable unsophisticated consumer. *Wallace v. Washington Mut. Bank, FA*, 683 F.3d 323, 327 (6th Cir. 2012). Clearly, since it is an in integral requirement of a federal statute, disclosure of the identity of the creditor in communications to the consumer *defines* materiality.

Third, Ditech, invoking the argument currently before the Supreme Court in *Spokeo, Inc. v. Robins*, asserts that Plaintiff lacks standing to bring this action because Plaintiff lacks standing to seek statutory damages under the FDCPA in the absence of some actual injury. Without doubt, this arguments has become the collection industries flavor of the month, however, the law as it currently stands is clear. Where a court is dealing with legal rights created by Congress under the FDCPA ... the "injury in fact" analysis for purposes of Article III is directly linked to the question of whether the plaintiff has suffered a cognizable statutory injury. *Robey v. Shapiro, Marianos & Cejda, L.L.C*., 434 F.3d 1208, 1212 (10th Cir.2006). A plaintiff need not suffer actual damages under the FDCPA to be entitled to statutory damages. Rather, "[a]ll that is required for an award of statutory damages is proof that the statute was violated, although a court must then exercise its discretion to determine how much to award, up to the $1,000.00 ceiling." *Fontana v. C. Barry & Associates, LLC*, No. 06-CV-359A (W.D.N.Y. Sept. 4, 2007) (*quoting Savino v. Computer Credit, Inc*., 164 F.3d 81, 86 (2d Cir. 1998). Unless and until the Supreme Court rules otherwise in *Spokeo*, that is the law.

Finally, Ditech either misunderstands the factual allegations of the Complaint or makes conscious effort to misstate them by arguing that "Plaintiff asserts the mortgage foreclosure complaint was the initial communication in connection with the collection of a debt." Plaintiff's Complaint makes no such statement.

Plaintiff does contend, however, that because the summons and complaint are **not** the "initial communication" then, by process of elimination, the next communication directed at the consumer must be. Such is the case with the certificate of merit and the request for judicial intervention. A debt collector cannot escape the provisions of the FDCPA by using alternative means of collecting a debt, such as through a court proceeding. *Coretti v. Lefkowitz*, 965 F. Supp. 3, 5 (D. Conn. 1997). At some point, Ditech, a debt collector, must effectively convey the statutorily required disclosures to Plaintiff. By couching the § 1692g(a) notice in the summons and complaint where its inclusion has no legal effect, then omitting the notice in its first subsequent communication altogether, Ditech has violated the FDCPA.

The mere fact that Ditech included the superfluous notice when it knew it had no requirement to do so indicates that Ditech incorporated the notice for reasons other than to convey important consumer rights to the Plaintiff; arguably to mislead the Plaintiff as to his rights as both a consumer and a litigant. By couching the required § 1692g(a) language in the summons and complaint, where the language is not required and which does not actually invoke the consumers right to demand validation under the FDCPA, Ditech has devised an impermissible end-run around the requirements of § 1692g(a) and its obligations thereunder, as well as misleading the consumer regarding his rights under the FDCPA.

Sincerely,

*/s Shimshon Wexler*