**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

AARON COHEN, on behalf of himself and all
others similarly situated,

                      Plaintiff,

    - against -

DITECH FINANCIAL LLC; ROSICKI, ROSICKI
& ASSOCIATES, P.C.,

                    Defendants.

---

**Civil Action No. 15-cv-06828 (LDW)**

---

### DEFENDANT, ROSICKI, ROSICKI & ASSOCIATES, P.C.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

---

                                   **RIVKIN RADLER LLP**
                                   **926 RXR PLAZA**
                                   **UNIONDALE, NEW YORK 11556**
                                   **(516) 357-3000**

On the Brief:

Carol A. Lastorino, Esq.

April 8, 2016

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

STATEMENT OF FACTS ................................................................................................. 3

ARGUMENT ...................................................................................................................... 5

POINT I

      STANDARD OF REVIEW .................................................................................... 5

POINT II

      THE COMPLAINT FAILS TO STATE A CLAIM
      AGAINST ROSICKI UNDER THE FDCPA .................................................... 6

    A.   The Complaint Fails to Identify an "Initial Communication"
        Under the FDCPA and the Validation Requirements of § 1692g
        Were, Therefore, Not Triggered ................................................................ 6

    B.   Rosicki's Accurate Identification of Green Tree As The
        Creditor Complied With §1692g(a)(2) And Was, Therefore,
        Neither Deceptive Nor Misleading .......................................................... 9

    C.   Any Alleged Inaccuracy Is Not Actionable Because It Is Not Material ................... 14

    D.   Plaintiff Lacks Standing To Prosecute This Lawsuit ................................. 15

    E.   The FDCPA Does Not Apply To Mortgage Foreclosure Proceedings ..................... 16

CONCLUSION ................................................................................................................. 17

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aldom v. Phelan Hallinan & Diamond, P.C.*,
    2015 U.S. Dist. LEXIS 130989 (D.N.J. Sept. 29, 2015) ........................................................ 14

*Allen v. Wright*,
    468 U.S. 737 (1984) ........................................................................................................ 16

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .......................................................................................................... 5

*Aurora Loan Services LLC v. Taylor*,
    25 N.Y.3d 355, 34 N.E.3d 363, 12 N.Y.S.3d 612 (2015) ...................................................... 10

*Avila v. Riexinger & Associates, LLC*,
    2015 U.S. Dist. LEXIS 48926 (E.D.N.Y. April 14, 2015), *affirmed in part and
    vacated and remanded in part on other grounds*, 2016 U.S. App. LEXIS 5183
    (2d Cir. Mar. 22, 2016) ................................................................................................ 12, 13

*Avila v. Riexinger & Associates, LLC*,
    2016 U.S. App. LEXIS 5183 (2d Cir. Mar. 22, 2016) .......................................................... 13

*Bank National Association v. Cange*,
    96 A.D.3d 825, 947 N.Y.S.2d 522 (2d Dep't 2012)............................................................. 10

*Carubia v. Cohen & Slamowitz*,
    2015 U.S. Dist. LEXIS 7700 (N.D.N.Y. Jan. 23, 2015)........................................................ 16

*Clomon v. Jackson*,
    988 F.2d 1314 (2d Cir. 1993) ........................................................................................... 9

*Daimler Chrysler Corp. v. Cuno*,
    547 U.S. 332 (2006) ....................................................................................................... 16

*Dewees Mellor, Inc. v. Weise*,
    1993 U.S. Dist. LEXIS 19299 (E.D.N.Y. Dec. 29, 1993)...................................................... 9

*Donahue v. Quick Collect, Inc.*,
    592 F.3d 1027 (9th Cir. 2010) ..................................................................................... 14, 15

*Ehrich v. Credit Protection Association*,
    891 F. Supp. 2d 414 (E.D.N.Y. 2012) ............................................................................... 16

*Eun Joo Lee v. Forster & Garbus LLP*,
    926 F. Supp. 2d 482 (E.D.N.Y. 2013) ............................................................................... 10

*Fritz v. Resurgent Capital Services, L.P.*,
    955 F. Supp. 2d 163 (E.D.N.Y. 2013) ...................................................................... 14

*Gabriele v. Am. Home Mortg. Servicing, Inc.*,
    503 Fed. Appx. 89 (2d Cir. 2012) ..................................................................... 9, 15

*Hahn v. Triumph Partnerships LLC*,
    557 F.3d 755 (7th Cir. 2009) ................................................................................ 14

*Hernandez v. Affiliated Group, Inc.*,
    2006 U.S. Dist. LEXIS 2557 (E.D.N.Y. Jan. 12, 2006) ........................................ 11

*Kamen v. Steven J. Baum, P.C.*,
    659 F. Supp. 2d 402 (E.D.N.Y. 2009) ................................................................. 7, 8

*Kearney v. Cavalry Portfolio Services, LLC*,
    2014 U.S. Dist. LEXIS 105577 (E.D.N.Y. July 31, 2014) ..................................... 14

*Lane v. Fein, Such & Crane, LLP*,
    767 F. Supp. 2d 382 (E.D.N.Y. 2011) .................................................................. 15

*Lichtenstein v. Reassure Am. Life Ins. Co.*,
    2009 U.S. Dist. LEXIS 23656 (E.D.N.Y. Mar. 23, 2009) ........................................ 5

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ............................................................................................. 16

*Miller v. Javitch, Block & Rathbone*,
    561 F.3d 588 (6th Cir. 2009) ................................................................................ 14

*Oliver v. United States Bancorp*,
    2015 U.S. Dist. LEXIS 88713 (S.D.N.Y. July 8, 2015) ....................................... 6, 7

*One West Bank v. Lynch*,
    2014 U.S. Dist. LEXIS 152539 (E.D.N.Y. Oct. 28, 2014) ....................................... 7

*Rothman v. Gregor*,
    220 F.3d 81 (2d Cir. 2000) ..................................................................................... 5

*Russell v. Equifax A.R.S.*,
    74 F.3d 30 (2d Cir. 1996) ....................................................................................... 9

*Sabatini Frozen Foods, LLC v. Weinberg Gross & Pergament LLP*,
    2015 U.S. Dist. LEXIS 128220 (E.D.N.Y. Sept. 23, 2015) ..................................... 5

*Scheuer v. Jefferson Capital Systems, LLC*,
    43 F. Supp. 3d 772 (E.D. Mich. 2014) ............................................................ 13, 14

*Scott v. Capital One*,

2013 U.S. Dist. LEXIS 55731 (S.D.N.Y. Apr. 16, 2013) ........................................5

*Suellen v. Mercantile Adjustment Bureau, LLC*,
2012 U.S. Dist. LEXIS 98640 (N. D. Cal. June 12, 2012).........................11, 12, 13

*Whitmore v. Arkansas*,
495 U.S. 149 (1990) ..................................................................................16

*Williams v. Bayview Loan Servicing, LLC*,
2016 U.S. Dist. LEXIS 7760 (E.D.N.Y. Jan. 22, 2016) .......................................17

**Federal Statutes**

15 U.S.C. § 1692a(2) ...................................................................................8

15 U.S.C. § 1692e ...........................................................................2, 4, 14, 15

15 U.S.C. § 1692g(a)(2) ..............................................1, 2, 4, 6, 9, 10, 11, 12

15 U.S.C. § 1692g(d) ................................................................................6, 8

Fair Debt Collections Practices Act (the "FDCPA").................1, 2, 3, 4, 6, 7, 8, 9,
...................................................................11, 12, 13, 14, 15, 16, 17

**Other Statutes**

CPLR § 3408 ............................................................................................8

CPLR § 3012-b ..........................................................................................7

CPLR § 3012-b(a) .....................................................................................10

CPLR § 3012-b(e) .......................................................................................8

**Rules and Constitutional**

Federal Rule of Civil Procedure 12(b)(6)..............................................1, 5, 17

Article III of the United States Constitution...........................................15, 16

**Other Authority**

Black's Law Dictionary...............................................................................14

## PRELIMINARY STATEMENT

Defendant, Rosicki, Rosicki & Associates P.C. ("Rosicki"), submits this Memorandum of Law in support of its motion to dismiss Plaintiff's Class Action Complaint (the "Complaint") alleging violations of the Fair Debt Collections Practices Act ("FDCPA"), pursuant to Fed. R. Civ. P. 12(b)(6).[1]

After Plaintiff defaulted on his mortgage payments, Green Tree Servicing LLC ("Green Tree"), now Ditech Financial LLC ("Ditech"), commenced a foreclosure proceeding against him in state court. Rosicki represents Green Tree in that action, which is currently pending. The sole predicate of the instant action is that Defendants violated the FDCPA by failing to properly identify the current creditor in "initial communications" as required by 15 U.S.C. § 1692g(a)(2). These "initial communications" consist of the pleadings and related court documents filed in the foreclosure proceeding. Plaintiff alleges that Defendants falsely stated that Green Tree is the creditor to whom his debt is owed rather than Fannie Mae.

The Complaint palpably fails to state a claim against Rosicki under the FDCPA as a matter of law. First, none of the court documents in the foreclosure proceeding constitutes an initial communication with the debtor under the FDCPA and, therefore, the creditor identification requirement of § 1692g(a)(2) was not even triggered. The FDCPA explicitly excludes legal pleadings from application of the notice requirements of § 1692g.

Moreover, the legal pleadings accurately identified Green Tree as the "creditor to whom the debt is owed" under § 1692g(a)(2) in any event. When the foreclosure action was commenced, plaintiff's mortgage payments were owed to Green Tree because Green Tree was the holder of the note and mortgage through an assignment of mortgage. Under New York law, a

---

[1] A copy of the Complaint is annexed as Exh. "A" to the accompanying Declaration of Carol A. Lastorino dated April 8, 2016. All references to "Exh." herein shall refer to corresponding exhibits annexed thereto.

plaintiff has standing to foreclose the mortgage where it is the holder of the note and mortgage at the time the action is commenced. Green Tree's standing to foreclose the mortgage confers upon Green Tree the status of creditor under § 1692g(a)(2) because it is the entity that is actually owed the debt.

Simply put, Green Tree and not Fannie Mae is the name that must be written after "pay to the order of" on the payment check to satisfy Plaintiff's debt. In essence, Plaintiff wants this Court to find that Rosicki violated the FDCPA by *complying* with the FDCPA.

Thus, Rosicki's accurate identification of Green Tree as the current creditor is neither deceptive nor misleading to sustain a claim under 15 U.S.C. § 1692e. Any alleged misstatement as to the current creditor is also not actionable because it is not material which is required for § 1692e claims. Courts have held that where, as here, the alleged misstatements are in court filings, they are mere technical falsehoods that are not misleading. Courts have also held that a statement is immaterial if it does not undermine the plaintiff's ability to intelligently choose his action concerning his debt. Here, Rosicki's identification of Green Tree as the current creditor did not undermine or impair Plaintiff's ability to respond to the summons and complaint in the foreclosure action at all. In fact, Plaintiff appeared in that action through counsel and interposed an answer with fourteen affirmative defenses.

Furthermore, insofar as Rosicki's conduct, as alleged in the Complaint, relates exclusively to commencing and litigating the foreclosure proceeding against Plaintiff, Rosicki did not engage in debt collection and the FDCPA claims against the law firm should be dismissed.

Finally, Plaintiff lacks standing to pursue his FDCPA claims as he has suffered no actual injury stemming from the court documents in the foreclosure action.

## **STATEMENT OF FACTS**

Plaintiff, Aaron Cohen, executed a note dated August 11, 2005, wherein he agreed to pay the sum of $350,650.00 plus interest and gave a mortgage on real property as security. *See* Exh. "B" at ¶ 3. The mortgage encumbers real property in Rockland County, New York.

On or about June 10, 2013, the mortgage and note were assigned to Green Tree pursuant to an assignment of mortgage which assigned, transferred and conveyed unto Green Tree "all beneficial interest under that certain security instrument . . . together with the note(s) and obligations due and to become due thereon with interest and all rights accrued or to accrue under said security interest." *See* assignment of mortgage attached to Exh. "B.

In a letter dated June 10, 2013, Green Tree advised Plaintiff as follows:

> Welcome to Green Tree. The servicing of your mortgage loan –
> that is, the right to collect loan payments from you – is being
> transferred from Bank of America to Green Tree effective June 1,
> 2013. The servicing transfer does not affect any terms or condition
> of your current mortgage loan, other than the terms directly related
> to the servicing of your loan. You can mail your payments directly
> to Green Tree at the following address: Green Tree Servicing LLC,
> PO Box 7169, Pasadena, CA 91109-7169.

*See* June 10, 2013 letter attached to Exh. "B."

On March 12, 2015, as a result of Plaintiff's failure to make the mortgage payments, Rosicki commenced a foreclosure action against Plaintiff on behalf of Green Tree in the Rockland County Supreme Court. *See* Exh. "B." The summons provides that Green Tree was "[t]he name of the creditor to whom the debt was owed." The summons also provides that: "Upon your written request within 30 days after receipt of this notice, Rosicki, Rosicki & Associates P.C. will provide you with the name and address of the original creditor if different from the current creditor." *Id.*

Plaintiff did not request the name and address of the original creditor from Rosicki after

3

he was served with the summons and complaint or any other information.  The foreclosure complaint provides that Green Tree is the holder of the subject note and mortgage and attached a copy of the recorded assignment of mortgage as an exhibit to the complaint.  *See* Exh. "B" at ¶ 5. Copies of the note  and mortgage executed by Plaintiff are annexed to the foreclosure complaint. *See* attachments to Exh. "B."

On May 4, 2015, Plaintiff, through his attorney, Michael P. O'Connor, Esq., interposed an answer to the complaint in the foreclosure proceeding.  *See* Exh. "E."  Plaintiff asserts fourteen affirmative defenses to the allegations in the foreclosure complaint.  *See id.*

On September 17, 2015, six months after the foreclosure proceeding was commenced and while represented by counsel, Plaintiff sent a letter to Ditech on his own letterhead requesting information as to the current owner of his mortgage loan.  *See* Exh. "F."  Ditech in response sent Plaintiff a letter dated September 23, 2015, which provided that Ditech services the account and that the account is owned by Fannie Mae.  *See* Exh. "G."  Ditech did not inform Plaintiff in that letter that Fannie Mae was the creditor to whom the debt was owed at the time of the foreclosure complaint.  Annexed to Ditech's letter was the recorded assignment to Green Tree and Green Tree's June 10, 2013 letter to Plaintiff advising him that Green Tree had the right to collect the payments from him.  *See id.*

Plaintiff then commenced the instant FDCPA action against Ditech and Rosicki claiming that Defendants violated 15 U.S.C. §§ 1692e and 1692g by making an "initial communication" with Plaintiff which improperly identified Green Tree, rather than Fannie Mae, as the current creditor to whom the debt is owed.

4

#### ARGUMENT

#### POINT I

#### STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff must "plead enough facts to state a claim for relief that is plausible on its face." *Lichtenstein v. Reassure Am. Life Ins. Co.*, 2009 U.S. Dist. LEXIS 23656, *17 (E.D.N.Y. Mar. 23, 2009). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a Complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . only a Complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678-79.

Furthermore, the pleadings and court documents filed in the foreclosure action, as well as the letters incorporated by reference in Plaintiff's Complaint, are properly considered on this motion. *See Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (holding statements or documents incorporated by reference, possessed, known or relied upon properly considered on motion to dismiss); *Scott v. Capital One*, 2013 U.S. Dist. LEXIS 55731, *3-4 fn 2 (S.D.N.Y. Apr. 16, 2013) (holding "matters of public record," including documents in state court proceedings properly considered); *Sabatini Frozen Foods, LLC v. Weinberg Gross & Pergament LLP*, 2015 U.S. Dist. LEXIS 128220 (E.D.N.Y. Sept. 23, 2015) (holding that court filings were properly considered on motion to dismiss).

## POINT II

## THE COMPLAINT FAILS TO STATE A CLAIM
## AGAINST ROSICKI UNDER THE FDCPA

**A.**    **The Complaint Fails to Identify an "Initial Communication" Under the FDCPA and the Validation Requirements of § 1692g Were, Therefore, Not Triggered**

Section 1692g of the FDCPA sets forth specific information which must be included in the "initial communication" with the debtor.  Under § 1692g(a)(2) of the statute, the name of the "creditor to whom the debt is owed" must be included in the initial communication to the debtor or within five days after the initial communication.  Plaintiff alleges that Rosicki violated § 1692g(a)(2) because court documents in the foreclosure proceeding were "initial communications" that did not state the name of the creditor to whom Plaintiff's debt was owed.  According to Plaintiff, the foreclosure complaint, the certificate of merit and the request for judicial intervention are all "communications" as defined by the FDCPA.  *See* Exh. "A" at ¶ 24.

Significantly, none of these documents are initial communications pursuant to § 1692g(a)(2) as a matter of law.  Section 1692g explicitly excludes legal pleadings from its application.  Specifically, § 1692g(d) states that "[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a) of this section."  Thus, the notice requirements of §1692g were not triggered as a result of Rosicki's filing and service of any of the documents in the foreclosure proceeding.  FDCPA claims under § 1692g have been dismissed where, as here, the purported "initial communication" consisted of a foreclosure complaint or other court related documents.

For example, in *Oliver v. United States Bancorp*, 2015 U.S. Dist. LEXIS 88713 (S.D.N.Y. July 8, 2015), the plaintiffs commenced an FDCPA action against the defendants based on alleged misrepresentations that were made in documents that were submitted to the court in a state foreclosure proceeding.  The plaintiffs alleged, among other thing, that the

6

defendants violated § 1692g(a) by misrepresenting their status as a creditor.  The plaintiffs

claimed that these misrepresentations were made in the foreclosure complaint, an affidavit of

merit, an affidavit of regularity and an attorney affirmation.

The Court held that application of § 1692g(a) depends on the existence of an "initial

communication" from the debt collector to the consumer.  The Court dismissed the plaintiffs' §

1692g claims and held as follows:

> Here, plaintiffs fail to allege any "initial communication" from
> U.S. Bank, and therefore fail to state a claim for a violation of
> sections 1692g(a) and (b).  **As explicitly specified in the statute,
> U.S. Bank's state court submissions in the Foreclosure Action
> do not constitute an "initial communication."**  15 U.S.C. §
> 1692g(d).

*Id.* at *13 (emphasis added).  *See also Kamen v. Steven J. Baum, P.C.*, 659 F. Supp. 2d 402

(E.D.N.Y. 2009) (holding that the summons and notice of pendency in a mortgage foreclosure

proceeding did not constitute an FDCPA initial communication that is subject to the debt

validation notice requirements).

Plaintiff attempts to distinguish in his Complaint formal from informal pleadings.  He

alleges that while the foreclosure complaint is a formal pleading, the certificate of merit and

request for judicial intervention are not formal pleadings.  *See* Exh. "A" at ¶¶ 25-26.  Thus,

Plaintiff appears to concede that the foreclosure complaint is not an initial communication under

the FDCPA.  Contrary to Plaintiff's baseless assertions, neither the certificate of merit nor the

request for judicial intervention is an initial communication either.

With respect to the certificate of merit, CPLR § 3012-b was amended in 2013 to require

lawyers to file a certificate of merit with the summons and complaint in foreclosure actions on

home loans.  *See One West Bank v. Lynch*, 2014 U.S. Dist. LEXIS 152539 (E.D.N.Y. Oct. 28,

2014).  Since a certificate of merit is required to be filed as part of the initial pleadings to

commence a foreclosure proceeding, it constitutes a formal pleading and, therefore, falls under the exemption of § 16926(d). In fact, if the certificate of merit is not properly filed, the foreclosure complaint could be subject to dismissal. *See* CPLR § 3012-b(e). As this Court held in *Kamen, supra*, plaintiff's "tortured attempt to carve out" the certificate of merit "from the definition of legal pleading so as to circumscribe the clear FDCPA exclusion" should be rejected. *Kamen*, 659 F. Supp. 2d at 404.

A request for judicial intervention does not even qualify as a "communication" under the FDCPA which is defined as "the conveying of information regarding a debt." 15 U.S.C. § 1692a(2). The request for judicial intervention, which was not even directed to Plaintiff, is not intended to notify the debtor of the debt. Instead, its purpose is to prompt the court to schedule a mandatory residential mortgage foreclosure settlement conference pursuant to CPLR 3408.

In *Kamen*, the plaintiff argued that a notice of pendency was not a legal pleading and, therefore, had to comply with the FDCPA notice requirements of § 1692g. This Court dismissed the FDCPA claim pursuant to the legal pleading exemption under § 1692g(d). This Court held that the purpose of the notice of pendency is to serve as constructive notice to third parties of the pendency of the litigation involving real property. *See id.* at 406. As such, the notice of pendency did not constitute a communication to the plaintiff, much less an FDCPA "initial communication" and the document was, therefore, not governed by the statutory notice requirements. *See id.*

Insofar as the Complaint fails to identify an "initial communication" under § 1692g, Plaintiff's FDCPA claims under that section are subject to dismissal on this ground alone.

Moreover, as demonstrated in the following point of law, the summons, foreclosure complaint and certificate of merit comply with the notice requirements of § 1692g(a)(2) in any

8

event, as they accurately identify Green Tree as the current creditor to whom the debt is owed.

**B.**   **Rosicki's Accurate Identification of Green Tree As The Creditor Complied With §1692g(a)(2) And Was, Therefore, Neither Deceptive Nor Misleading**

Under the FDCPA, the standard for determining adequacy of disclosure is whether the "least sophisticated consumer" would understand what the disclosure meant. *See Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996). However, the hypothetical least sophisticated consumer is "neither irrational nor a dolt." *Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 Fed. Appx. 89 (2d Cir. 2012). "[E]ven the 'least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993). This standard "protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices. *Id.* at 1320.

Here, Plaintiff's claim that the creditor under § 1692g(a)(2) excludes the current holder of the note and mortgage is a "bizarre or idiosyncratic interpretation" of the summons and foreclosure complaint. The purpose of § 1692g(a)(2) is to identify the <u>current</u>, not the <u>original</u>, creditor. Green Tree/Ditech is the current creditor of Plaintiff's debt as a result of the assignment of note and mortgage to Green Tree. As set forth herein, the note and mortgage were assigned to Green Tree in June 2013 before the foreclosure proceeding was commenced in March 2015. By virtue of the assignment of mortgage, all beneficial interest in the note and mortgage, including obligations due or to become due, were conveyed to Green Tree. *See* assignment of mortgage attached to Exh. B. *See also Dewees Mellor, Inc. v. Weise*, 1993 U.S. Dist. LEXIS 19299 (E.D.N.Y. Dec. 29, 1993) (holding that an assignee of a mortgage will step into the shoes of the assignor, acquiring exactly what the prior mortgage holder had).

Under New York law, a plaintiff in a mortgage foreclosure action has standing where it is

the holder or assignee of the note at the time the action is commenced.  *See Aurora Loan Services LLC v. Taylor*, 25 N.Y.3d 355, 34 N.E.3d 363, 12 N.Y.S.3d 612 (2015); *Bank National Association v. Cange*, 96 A.D.3d 825, 947 N.Y.S.2d 522 (2d Dep't 2012).  Green Tree's standing to foreclose the mortgage confers upon it the status of "creditor" for purposes of § 1692g(a)(2).  The payments due under the note and mortgage are owed to Green Tree/Ditech.  Thus, Green Tree is the creditor to whom the debt is owed and not Fannie Mae.  In fact, nowhere in Ditech's letter to plaintiff does Ditech inform plaintiff that Fannie Mae is the creditor to whom the debt was owed at the time of the foreclosure complaint as he erroneously alleges in the Complaint.  *See* Exh. "A" at ¶ 22.  Simply put, Green Tree, and not Fannie Mae, "should [be written] after 'pay to the order of' on the payment check to ensure that plaintiff's debt is satisfied." *Eun Joo Lee v. Forster & Garbus LLP*, 926 F. Supp. 2d 482, 488 (E.D.N.Y. 2013).

Thus, none of the alleged misstatements in the pleadings are either false or misleading.  The summons in the foreclosure proceeding clearly and accurately states: "The name of the creditor to whom the debt is owed: GREEN TREE SERVICING LLC." *See* Exhibit "B".  Moreover, the certificate of merit provides that plaintiff, Green Tree, "is the creditor entitled to enforce rights under these documents." *See* Exh. "C" at ¶ 4.  In fact, that language is explicitly required to be included in the certificate of merit pursuant to CPLR § 3012-b(a).  The foreclosure complaint provides that Plaintiff's mortgage was assigned to Green Tree and Green Tree is the holder of the subject note and mortgage.  *See* Exhibit "B" at ¶ 4.  The subject note and mortgage as well as the assignment of mortgage are all attached to the foreclosure complaint.

Rosicki, therefore, properly and clearly identified Green Tree as the creditor to whom the debt is owed pursuant to § 1692g(a)(2).  *See Hernandez v. Affiliated Group, Inc.*, 2006 U.S. Dist. LEXIS 2557 (E.D.N.Y. Jan. 12, 2006) (holding that a collection letter stating the name of the

creditor to whom the debt was owed but not stating the name of the original creditor complied with § 1692g(a)(2) even though the original creditor was likely the only entity that would have identified to the plaintiff the origin of his obligation).

Despite these clear and accurate disclosures, Plaintiff contends that defendants "falsely stated" that Green Tree was the creditor. *See* Exh. "A" at ¶ 31. Plaintiff's claims are predicated on the flawed assumption that a debt collector cannot at the same time identify itself as the creditor under § 1692g(a)(2). The definition of creditor under § 1692a(4)[2] does not mean that a debt collector cannot be a "creditor" for purposes of § 1692g(a)(2). The two terms are not mutually exclusive.

This precise issue was addressed by the Court in in *Suellen v. Mercantile Adjustment Bureau, LLC,* 2012 U.S. Dist. LEXIS 98640 (N. D. Cal. June 12, 2012). In *Suellen,* the plaintiff defaulted on a credit card debt to Chase Bank and Chase Bank sold the defaulted account to Equitable Assent Financial ("EAF"). The defendant debt collector, Mercantile Adjustment Bureau ('Mercantile") sent the plaintiff a debt collection letter which identified EAF as the "current creditor." The plaintiff alleged that Mercantile violated the FDCPA by falsely identifying EAF as the current creditor in the debt collection letter.

The plaintiff in *Suellen* argued that EAF was a debt collector, and not a creditor, as those terms are defined in the FDCPA because EAF acquired the plaintiff's account in default. The plaintiff claimed that the categories of debt collector and creditor are mutually exclusive, and because EAF received the plaintiff's account in default, it could only be a debt collector. The Court rejected this argument and held as follows:

---

[2] Section 1692a(4) provides that "[t]he term 'creditor' means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another."

> The mutual exclusivity of the two categories, debt collector and creditor, is only relevant in determining whether a particular entity is subject to FDCPA liability. . . <u>A person who engages in debt collection activities is "at least nominally a creditor" if he is actually owed the debt.</u>

*Id.* at \*11 (citations omitted) (emphasis added).

The Court held that the defendant properly identified EAF as the creditor in compliance with § 1692g(a)(2) as the collection letter clearly named EAF as the "current creditor" of the account. The Court further held as follows:

> In fact, if Mercantile identified EAF as the debt collector in the way that [plaintiff] suggests it should, Mercantile's letter would run afoul of § 1692g. Mercantile cannot simply identify Chase Bank as the previous creditor without identifying the current creditor as well.

Id at \*16-17.

Similarly, the statement here that Green Tree is "[t]he name of the creditor to whom the debt is owed" complies with § 1692g(a)(2). Thus, in essence, Plaintiff wants this Court to find that Rosicki violated the FDCPA by complying with the FDCPA.

This Court relied on *Suellen* in reaching its decision in *Avila v. Riexinger & Associates, LLC*, 2015 U.S. Dist. LEXIS 48926 (E.D.N.Y. April 14, 2015), *affirmed in part and vacated and remanded in part on other grounds*, 2016 U.S. App. LEXIS 5183 (2d Cir. Mar. 22, 2016). The plaintiff in *Avila* argued that the defendants violated the FDCPA by falsely identifying Crown Asset Management as the "current creditor" in the debt collection letter. The plaintiff relied on the definition of "creditor" in section 1692a of the Act and argued that because Crown Asset Management was alleged to have purchased her debt in default, it cannot be the "creditor" of the debt as a matter of law. The Court relied on the *Suellen* decision and rejected the plaintiff's argument holding that the letter sufficiently notified the consumer to whom the debt was owed and, therefore, satisfied the requirements of the FDCPA. This part of the decision was recently

affirmed by the Second Circuit. *See Avila v. Riexinger & Associates, LLC*, 2016 U.S. App. LEXIS 5183, *8 (2d Cir. Mar. 22, 2016).

This Court further held that if the defendant had done as the plaintiff suggested, they likely would have violated § 1692g because the defendants cannot simply identify the previous creditor without identifying the current creditor as well. *See Avila*, 2015 U.S. Dist. LEXIS at *19.

In *Scheuer v. Jefferson Capital Systems, LLC*, 43 F. Supp. 3d 772 (E.D. Mich. 2014), the Court adopted the "ordinary meaning" of the term creditor when deciding whether a debt collector was also a current creditor under the FDCPA. In *Scheuer*, the plaintiff argued that the debt collector's self-labeling as a "current creditor" was materially false and, therefore, violated the FDCPA because a party could not be both a debt collector and a creditor with respect to the same debt. The Court noted that plaintiff's argument did not stem from the ordinary understanding of the terms "debt collector" and "creditor", but instead from the interpretation of complex definitional provisions and exclusions within the FDCPA.

In dismissing the plaintiff's FDCPA claims, the Court held that the least sophisticated debtor would not share a nuanced understanding of the terms "creditor" and "debt collector" as defined in the FDCPA and "would thus have no reason to question [defendant's] statement that it was a 'current creditor'" *Id.* at 781. The Court further held as follows:

> More importantly, the "least sophisticated debtor" would not have been misled by Jefferson's self-identification as Scheuer's "current creditor" because Jefferson's use of that phrase was *consistent* with its *ordinary* meaning. The term "creditor" is commonly understood to mean "one to whom a debt is owed."... Accordingly, the debt *is* now "owed to" Jefferson, and, thus under an *ordinary* understanding of the term "creditor," Jefferson *is* Scheuer's "current creditor" – just as it claimed to be in the Letter. . . . Simply put, Jefferson did not deceive nor mislead the "least sophisticated debtor" by identifying itself as Scheuer's "current creditor"

13

*Id.* at 781(citations omitted).

As in *Scheuer*, Rosicki's identification of Green Tree as the creditor to whom the debt is owed is consistent with the ordinary meaning of the term "creditor." *See also* Black's Law Dictionary (defining creditor as "[a] person to whom a debt is owing to another person, called the 'debtor'").

Moreover, as in *Scheuer*, Rosicki did not deceive nor mislead the "least sophisticated debtor" under § 1692e by identifying Green Tree as the creditor to whom the debt was owed. *See id. See also Aldom v. Phelan Hallinan & Diamond, P.C.*, 2015 U.S. Dist. LEXIS 130989 (D.N.J. Sept. 29, 2015) (holding that that the statement in a letter that the loan servicer, and not the investor, was the plaintiff's lender was neither false nor misleading under § 1692e of the FDCPA).

**C.    Any Alleged Inaccuracy Is Not Actionable Because It Is Not Material**

Even assuming *arguendo* that Rosicki's statements were in some way false or misleading, Plaintiff still cannot prevail on his § 1692e claim because the alleged misstatements are not material.  Under the FDCPA, false or misleading statements are not actionable unless they are material.  *See Donahue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010); *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588 (6th Cir. 2009); *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755 (7th Cir. 2009).  *See also Kearney v. Cavalry Portfolio Services, LLC*, 2014 U.S. Dist. LEXIS 105577, *27 (E.D.N.Y. July 31, 2014) (holding that "[t]his Court also reads a materiality requirement into § 1692e of the FDCPA"); *Fritz v. Resurgent Capital Services, L.P.*, 955 F. Supp. 2d 163, 170 (E.D.N.Y. 2013) (holding that "only material misrepresentations are actionable under the FDCPA"); *Lane v. Fein, Such & Crane, LLP*, 767 F. Supp. 2d 382 (E.D.N.Y. 2011) (holding that the alleged misstatement is not materially false or misleading and, thus, does not violate § 1692e).

14

In assessing liability under § 1692e, courts are "not concerned with mere technical falsehoods that mislead no one." *See Donohue*, 592 F.3d at 1034. Indeed, courts have held that where, as here, the alleged misstatements are in court filings, they are mere technical falsehoods that are not misleading. *See Donahue*, 592 F.3d at 1034; *Gabriele v. American Home Mortgage Servicing, Inc.*, 503 Fed. Appx. 89 (2d Cir. 2012).

Instead, the concern is with "genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response." *Donohue*, 592 F.3d at 1034. A statement is, therefore, immaterial if it does not undermine the plaintiff's ability to intelligently choose his action concerning his debt. *See id.* Here, Rosicki's identification of Green Tree as the current creditor in the legal pleadings did not undermine or impair Plaintiff's ability to respond to the summons and complaint in the foreclosure proceeding. In fact, Plaintiff appeared in that proceeding through counsel and interposed an answer with fourteen affirmative defenses. Plaintiff alleges no facts in his Complaint that he was somehow deceived or confused by the summons and foreclosure complaint. A hypothetical consumer would not be misled as to what debt Green Tree was attempting to collect or to whom to send the payment. That is particularly the case here, where the mortgage assignment in favor of Green Tree is attached to the foreclosure complaint as well as the mortgage and note executed by Plaintiff.

**D.**   **Plaintiff Lacks Standing To Prosecute This Lawsuit**

Article III of the United States Constitution limits the exercise of federal judicial power to deciding "cases" or "controversies." This limitation is enforced through the requirement that a litigant have "standing" to invoke that judicial power." *See Allen v. Wright*, 468 U.S. 737, 750 (1984). The elements of Article III standing include the requirement that a plaintiff sustain "personal injury." *Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006). The personal injury element of standing requires a plaintiff to plead and prove "injury in fact" which is a harm

15

that is both "concrete" and "actual or imminent, not conjectural or hypothetical." *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). Article III standing also requires causation and damages. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).

In *Ehrich v. Credit Protection Association*, 891 F. Supp. 2d 414 (E.D.N.Y. 2012), this Court held that the plaintiff lacked standing to pursue his claim under the FDCPA as he suffered no actual injury stemming from the defendant's allegedly illegal collection letter. This Court held that the plaintiff could not plausibly claim that his personal rights under the FDCPA were violated by the collection notice. This Court rejected the plaintiff's argument that the FDCPA's statutory damages provision conferred standing in the absence of injury and held as follows:

> Ehrich's financial stake in the case, in the form of the statutory damages potentially available to successful FDCPA plaintiffs, is akin to a "wager on the outcome" of the litigation, an interest clearly insufficient under the Supreme Court's standing analysis.

*Id.* at 416 (*quoting Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 772 (2000).

Plaintiff, here, neither alleges actual harm nor seeks to recover actual damages and his FDCPA claim, therefore, fails as a matter of law. *See Carubia v. Cohen & Slamowitz*, 2015 U.S. Dist. LEXIS 7700, *12 (N.D.N.Y. Jan. 23, 2015) (dismissing the plaintiff's FDCPA claims and holding that he "fails to state a claim under this provision because he fails to allege that these events directly impacted him").

**E.    The FDCPA Does Not Apply To Mortgage Foreclosure Proceedings**

Finally, as this Court recently held in *Williams v. Bayview Loan Servicing, LLC*, 2016 U.S. Dist. LEXIS 7760, *24 (E.D.N.Y. Jan. 22, 2016), "home foreclosure is not debt collection within the meaning of the FDCPA." In *Williams*, the only alleged conduct of the defendant law firm consisted of initiating and prosecuting foreclosure actions against the plaintiff. This Court

16

held that "[b]ecause it appears from the complaint and its attachments that the [defendant] law firm took no part in any debt collection activities beyond pursuing two foreclosure actions, the FDCPA claim against [defendant law firm] must be dismissed."

As in *Williams*, the conduct of Rosicki, as alleged in the Complaint, relates exclusively to commencing and litigating the state foreclosure proceeding against Plaintiff. Rosicki, therefore, did not engage in debt collection and the FDCPA claims against the law firm should be dismissed.

## CONCLUSION

For the reasons set forth herein and in the accompanying Declaration of Carol A. Lastorino, Esq., it is respectfully requested that the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) be granted with prejudice, together with such other and further relief as to this Honorable Court seems just and proper.

Dated: Uniondale, New York
      April 8, 2016

Respectfully submitted,

RIVKIN RADLER LLP
Attorneys for Defendant,
Rosicki, Rosicki & Associates P.C.

By: **/s/ Carol A. Lastorino**
CAROL A. LASTORINO
926 RXR Plaza
Uniondale, NY 11556
(516) 3357-3000
RR File No. 6040-14

3369740 v1