UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

AARON COHEN, on behalf of himself and all others similarly situated,

            Plaintiff,

- against -

DITECH FINANCIAL LLC; ROSICKI, ROSICKI & ASSOCIATES, P.C.,

            Defendants.

---

Civil Action No. 15-cv-06828 (LDW)

---

**DEFENDANT, ROSICKI, ROSICKI & ASSOCIATES, P.C.'S
REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

---

                              RIVKIN RADLER LLP
                              926 RXR PLAZA
                              UNIONDALE, NEW YORK 11556
                              (516) 357-3000

<u>On the Brief</u>:

Carol A. Lastorino, Esq.

May 20, 2016

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................................ ii
TABLE OF CONTENTS ...................................................................................................................... i
PRELIMINARY STATEMENT ......................................................................................................... 1
    POINT I
        PLAINTIFF'S OPPOSITION FAILS TO OVERCOME THE FATAL FLAWS IN HIS
        FDCPA CLAIMS ................................................................................................................. 2
        A.    Plaintiff Fails To Identify An "Initial Communication" Under The FDCPA ............. 2
        B.    Plaintiff Fails To Establish A False Representation As To The "Current Creditor"
            That Was Deceptive Or Misleading ............................................................................. 3
        C.    The Alleged Inaccuracy Is Immaterial And Thus Not Actionable Under The FDCPA ........... 7
        D.    The FDCPA Does Not Apply To Mortgage Foreclosure Proceedings ................... 8
        E.    Plaintiff Lacks Standing To Sue Under The FDCPA ............................................. 10
CONCLUSION ................................................................................................................................. 10

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Anderson v. Frederick J. Hanna & Associates,*
  361 F. Supp. 2d 1379 (N.D. Ga. 2005) ................................................................................ 3

*Aurora Loan Services LLC v. Taylor,*
  25 N.Y.3d 355, 34 N.E.3d 363, 12 N.Y.S.3d 612 (2015) ..................................................... 3

*Avila v. Riexinger & Associates, LLC,*
  2015 U.S. Dist. LEXIS 48926 (E.D.N.Y. April 14, 2015), *aff'd and vacated in part, on
  other grounds, and remanded,* 2016 U.S. App. LEXIS 5183 (2d Cir. Mar. 22, 2016) .......... 4

*Brown v. Van Ru Credit Corp.,*
  804 F.3d 740 (6th Cir. 2015) ................................................................................................ 3

*Countrywide Home Loans, Inc. v. Gress,*
  68 A.D.3d 709, 888 N.Y.S.2d 914 (2d Dep't 2009) .............................................................. 7

*Derisme v. Hunt Leibert Jacobson P.C.,*
  880 F. Supp. 2d 311 (D. Conn. 2012) ................................................................................... 9

*Foti v. NCO Financial Systems, Inc.,*
  424 F. Supp. 2d 643 (S.D.N.Y. 2006) ................................................................................... 3

*Fritz v. Resurgent Capital Services, L.P.,*
  955 F. Supp. 2d 163 (E.D.N.Y. 2013) ................................................................................... 7

*FTC v. Check Investors, Inc.,*
  502 F.3d 159 (3d Cir. 2007) ................................................................................................. 5

*Gabriele v. Am. Home Mortg. Servicing, Inc.,*
  503 Fed. Appx. 89 (2d Cir. 2012) ......................................................................................... 7

*Jacobson v. Healthcare Fin. Servs.,*
  434 F. Supp. 2d 133 (E.D.N.Y. 2006), *aff'd in part, rev'd in part, and vacated in part on
  other grounds,* 516 F. 3d 85 (2d Cir. 2008) .......................................................................... 6

*Kamen v. Steven J. Baum, P.C.,*
  659 F. Supp. 2d 402 (E.D.N.Y. 2009) ............................................................................... 2, 3

*Lee v. Forster & Garbus LLP,*
  926 F. Supp. 2d 482 (E.D.N.Y. 2013) ............................................................................... 7, 8

*Oliver v. United States Bancorp,*
  2015 U.S. Dist. LEXIS 88713 (S.D.N.Y. July 8, 2015) ........................................................ 2

*Scheuer v. Jefferson Capital Systems, LLC,*
    43 F. Supp. 3d 772 (E.D. Mich. 2014) ................................................................. 5

*Schlosser v. Fairbanks Capital Corp.,*
    323 F.3d 534 (7th Cir. 2003) ................................................................................ 5

*Spokeo v. Robins,*
    2016 U.S. LEXIS 3046 (U.S. May 16, 2016) ..................................................... 10

*Suellen v. Mercantile Adjustment Bureau, LLC,*
    2012 U.S. Dist. LEXIS 98640 (N.D. Cal. June 12, 2012) ................................... 4

*Suquilanda v. Cohen & Slamowitz, LLP,*
    2011 U.S. Dist. LEXIS 102727 (S.D.N.Y. Sept. 7, 2011) .................................. 6

*Wallace v. Wash. Mut. Bank, F.A.,*
    683 F.3d 323 (6th Cir. 2012) ................................................................................ 8

*Williams v. Bayview Loan Servicing, LLC,*
    2016 U.S. Dist. LEXIS 7760 (E.D.N.Y. Jan. 22, 2016) ...................................... 8

**Federal Statutes**

15 U.S.C. § 1692(a) ..................................................................................................... 1, 5

15 U.S.C. § 1692a(2) ........................................................................................................ 3

15 U.S.C. § 1692e .......................................................................................... 1, 5, 6, 7, 9

15 U.S.C. § 1692g ....................................................................................... 1, 2, 3, 4, 5, 9

15 U.S.C. § 1692g(a)(2) ............................................................................................ 1, 3, 4

15 U.S.C. § 1692g(d) ............................................................................................... 1, 2, 3

**State Statutes**

C.P.L.R. 3408 ................................................................................................................. 3

C.P.L.R. § 3012-b .......................................................................................................... 2

C.P.L.R. § 3012-b(e) ..................................................................................................... 2

R.P.A.P.L. § 1371(3) ..................................................................................................... 8

**PRELIMINARY STATEMENT**

Defendant, Rosicki, Rosicki & Associates P.C. ("Rosicki"), submits this Reply Memorandum of Law in further support of its motion to dismiss Plaintiff's Class Action Complaint (the "Complaint") pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's opposition makes clear that he has no claim against Rosicki under the Fair Debt Collections Practices Act ("FDCPA"), as a matter of law. His claims stem from the state foreclosure action that was commenced against him because he defaulted on his mortgage payments, which he does not dispute. Plaintiff's opposition fails to establish that any of the state court submissions in that action are an "initial communication" which triggered the debt validation notice requirements of § 1692g. The court submissions are either formal pleadings under § 1692g(d) and, therefore, exempt from the notice requirements or not a communication under the FDCPA at all.

Plaintiff also fails to refute that the accurate identification of Green Tree as the current creditor is neither deceptive nor misleading. Contrary to Plaintiff's assertion, a debt collector under § 1692a can at the same time identify itself as the current creditor for purposes of § 1692g(a)(2). The two sections serve different purposes – the first determines whether an entity is a "creditor" or a "debt collector" and, accordingly, if its collection activities are governed by the FDCPA in general; while the second provision serves to advise the debtor to whom the debt is actually owed. Plaintiff's opposition also fails to establish the requisite materiality to sustain a claim under § 1692e. He does not allege that he was deceived or misled by the identification of Green Tree in court documents and his ability to respond to the foreclosure complaint was clearly not impaired when he appeared in that action through counsel and interposed an answer with 14 affirmative defenses.

Moreover, Plaintiff fails to establish that the FDCPA even applies to Rosicki's conduct of commencing and litigating the foreclosure action against Plaintiff, which constitutes enforcement of a security interest and not debt collection. Finally, Plaintiff's opposition fails to establish that he has standing

to pursue the instant claims as he suffered no concrete or particularized injury from the court submissions in the foreclosure proceeding.

## POINT I

## PLAINTIFF'S OPPOSITION FAILS TO OVERCOME THE FATAL FLAWS IN HIS FDCPA CLAIMS

### A. Plaintiff Fails To Identify An "Initial Communication" Under The FDCPA

Plaintiff concedes in his opposition that the foreclosure summons and complaint are legal pleadings and not "initial communications" under the FDCPA. However, Plaintiff contends that since the state court complaint is not an "initial communication", it "logically flows" that the first subsequent communication is the initial communication. According to plaintiff, the certificate of merit and request for judicial intervention are "initial communications" under § 1692g simply because they were served after the summons and complaint.

Plaintiff does not come forward with any relevant legal authority to support this leap of logic. He ignores the cases relied upon by Rosicki which establish that neither the certificate of merit nor the request for judicial intervention are "initial communications" under the FDCPA. *See, e.g., Oliver v. United States Bancorp*, 2015 U.S. Dist. LEXIS 88713, *13 (S.D.N.Y. July 8, 2015) (holding that "state court submissions in the [f]oreclosure [a]ction do not constitute an 'initial communication.'"); *Kamen v. Steven J. Baum, P.C.*, 659 F. Supp. 2d 402 (E.D.N.Y. 2009) (holding that the notice of pendency in a mortgage foreclosure proceeding did not constitute an FDCPA initial communication that is subject to the debt validation notice requirements).

Plaintiff's opposition also fails to refute that the certificate of merit is a formal pleading and, therefore, also exempt under § 1692g(d) since it is required to be filed as part of the initial pleadings to commence a foreclosure proceeding under CPLR § 3012-b. Improper filing of the certificate of merit could subject the foreclosure complaint to dismissal. See CPLR § 3012-b(e). Plaintiff's opposition similarly fails to refute that the request for judicial intervention, which was not even directed to Plaintiff, is intended to prompt the court to

2

schedule a mandatory settlement conference pursuant to CPLR 3408. It, therefore, does not qualify as a "communication" under the FDCPA which is defined as "the conveying of information regarding a debt." 15 U.S.C. § 1692a(2). Congress intended a common sense approach to the definition of "communication" for purposes of the FDCPA. *See Brown v. Van Ru Credit Corp.*, 804 F.3d 740 (6th Cir. 2015).

Instead, Plaintiff relies on cases that were decided before the formal pleading exemption of § 1692g(d) went into effect on October 13, 2006. *See Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643 (S.D.N.Y. 2006); *Anderson v. Frederick J. Hanna & Associates*, 361 F. Supp. 2d 1379 (N.D. Ga. 2005). Plaintiff's "tortured attempt to carve out" the state foreclosure documents from the definition of legal pleadings in an effort to circumscribe the FDCPA exclusion of § 1692g(d) should be rejected by this Court. *Kamen*, 659 F. Supp. 2d at 406.

### B. Plaintiff Fails To Establish A False Representation As To The "Current Creditor" That Was Deceptive Or Misleading

As Rosicki argued in the moving brief, the legal pleadings accurately identified Green Tree as the "creditor to whom the debt is owed" under §1692g(a)(2) in any event. Plaintiff's mortgage payments were owed to Green Tree as holder of the note and mortgage through a valid assignment. Under New York law, a party has standing to foreclose the note and mortgage where it is the holder of the note and mortgage at the time the action is commenced. *See Aurora Loan Services LLC v. Taylor*, 25 N.Y.3d 355, 34 N.E.3d 363, 12 N.Y.S.3d 612 (2015). Green Tree's standing to foreclose the mortgage confers upon Green Tree the status of creditor under § 1692g(a)(2) because it is the entity that it is actually owed the debt. Simply put, Green Tree and not Fannie Mae is the name that must be written after "pay to the order of" on the payment check to satisfy Plaintiff's debt because Green Tree/Ditech is owed the debt. Contrary to Plaintiff's baseless assertion, Ditech did not inform Plaintiff that Fannie Mae was the name of the creditor to whom the debt is owed. *See* Exh. "G" to Rosicki's motion to dismiss.

3

Plaintiff's opposition does not dispute that Green Tree/Ditech has standing to foreclose the mortgage as a result of the assignment of mortgage. Nor does he dispute that Green Tree/Ditech is owed the debt and the entity that must be paid for the satisfaction of Plaintiff's debt. Rather, he alleges that Green Tree/Ditech is a "debt collector" as that term is defined in § 1692a(4) because Plaintiff's debt was in default at the time of the assignment and, therefore it cannot be the "current creditor to whom the debt is owed" pursuant to § 1692g(a)(2).

Plaintiff, however, does not distinguish or even discuss the cases relied upon by Rosicki wherein courts have held that a common sense approach should be utilized in determining whether a debt collector can identify itself as the "current creditor." For example, in *Avila v. Riexinger & Associates, LLC*, 2015 U.S. Dist. LEXIS 48926 (E.D.N.Y. April 14, 2015), *aff'd and vacated in part, on other grounds, and remanded*, 2016 U.S. App. LEXIS 5183 (2d Cir. Mar. 22, 2016), the plaintiff similarly relied on the definition of "creditor" in § 1692a(4) and argued that because Crown Asset Management was alleged to have purchased her debt in default, it cannot be the "creditor" of the debt as a matter of law. This Court rejected the plaintiff's argument and held that the subject letter sufficiently notified the consumer to whom the debt was owed and, therefore, satisfied the requirements of the FDCPA.

In reaching its decision, this Court relied on *Suellen v. Mercantile Adjustment Bureau, LLC*, 2012 U.S. Dist. LEXIS 98640 (N.D. Cal. June 12, 2012), wherein it was held that the mutual exclusivity of "debt collector" under § 1692a(4) and "creditor" under § 1692g(a)(2) is only relevant in determining whether a particular entity is subject to FDCPA liability in general. *Id.* at *11. The Court held that "a person who engages in debt collection activities is 'at least nominally a creditor' if he is actually owed the debt. *Id.* Therefore, the debt collector, who received the plaintiff's account in default, was properly identified as the "current creditor" in compliance with § 1692g(a)(2). The Courts in *Avila* and *Suellen* both held that the defendants would have run afoul of § 1692g if it identified the previous creditor and not the current creditor. *See id.* at *17; *Avila*, 2015 U.S. Dist. LEXIS at *19.

4

Similarly, Rosicki would have run afoul of § 1692g if it identified Fannie Mae as the creditor to whom the debt is owed as Plaintiff suggests. Had Rosicki done so, Plaintiff would likely have filed a lawsuit claiming confusion as to why Green Tree, the entity who is actually owed the debt, was not identified as the creditor to whom the debt is owed. The FDCPA should not be transformed into a vehicle for "gotcha" litigation.

In *Scheuer v. Jefferson Capital Systems, LLC*, 43 F. Supp. 3d 772 (E.D. Mich. 2014), the Court adopted the common meaning of the term creditor and held that the defendant could be the plaintiff's "current creditor" at the same time that it functioned as a "debt collector" because the debt is "now 'owed to'" the defendant. The Court rejected the plaintiff's reliance on federal appellate court decisions that construed complex definitional provisions and exclusions within the FDCPA and held that the "least sophisticated debtor" would not share the courts' nuanced understanding of § 1692a and would thus have no reason to question the defendant's statement that it was a "current creditor."[1] *Id.* at 781. "More importantly, the 'least sophisticated debtor' would *not* have been misled by [defendant's] self-identification as [plaintiff's] 'current creditor' because [defendant's] use of that phrase was *consistent* with its *ordinary* meaning. The term 'creditor' is commonly understood to mean 'one to whom a debt is owed.'" *Id.* at 781.

Similarly, Rosicki's identification of Green Tree as the creditor to whom the debt is owed is consistent with the ordinary meaning of the term "creditor" and such identification would not deceive nor mislead the "least sophisticated debtor" under § 1692e. As in *Scheuer*, Plaintiff relies on a line of cases outside this jurisdiction, none of which are controlling here, based on a nuanced understanding of the terms "debt collector" and "creditor" rather than a common sense analysis based on the ordinary meaning of the word creditor. This Court noted that there should be a "common sense" appraisal of the subject communication when determining whether the least sophisticated consumer would have been misled by the communication, particularly in light of the "cottage industry" of litigation that has arisen out of the

---

[1] The appellate cases rejected by the Court in *Scheuer* included *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534 (7th Cir. 2003) and *FTC v. Check Investors, Inc.*, 502 F.3d 159 (3d Cir. 2007), which Plaintiff in the instant case similarly relies on.

FDCPA. *See Jacobson v. Healthcare Fin. Servs.*, 434 F. Supp. 2d 133, 138 (E.D.N.Y. 2006), *aff'd in part, rev'd in part, and vacated in part on other grounds*, 516 F. 3d 85 (2d Cir. 2008). Specifically, District Court Judge I. Leo Glasser observed at length as follows:

> Ironically, it appears that it is often the extremely sophisticated consumer who takes advantage of the civil liability scheme defined in this statute, not the individual who has been threatened or misled. The cottage industry that has emerged does not bring suits to remedy the "widespread and serious national problem" of abuse that the Senate observed in adopting the legislation, 1977 U.S.C.C.A. N. 1695, 1696, nor to ferret out collection abuse in the form of "obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process. Rather, the inescapable inference is that the judicially developed standards have enabled a class of professional plaintiffs.
>
> The statute need not be applied in this manner; and indeed, this Circuit has recognized that courts should not countenance lawsuits based on the frivolous misinterpretations or nonsensical assertions of being led astray. In *Russell v. Equifax A.R.S.*, one of the most often quoted opinions on the 'least sophisticated consumer' standard, the Circuit emphasized that "the test is how the least sophisticated consumer-one not having the astuteness of a "Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer-understands the notice he or she receives." *Russell*, 74 F.3d at 34. **This understanding of the least sophisticated consumer standard points away from closely parsing a debt collection letter like a municipal bond offering and towards a common sense appraisal of the letter**. . . . "[T]here comes a point where this Court should not be ignorant as judges of what we know as men." *Watts v. State of Ind.*, 338 U.S. 49, 52, 69 S.Ct. 1347, 1349, 93 L. Ed. 1801 (U.S. 1949).

*Id.* at 138-39 (emphasis added).

Rosicki's accurate identification of Green Tree as the current creditor is neither deceptive nor misleading to sustain a claim under 15 U.S.C. § 1692e. *Suquilanda v. Cohen & Slamowitz, LLP*, 2011 U.S. Dist. LEXIS 102727 (S.D.N.Y. Sept. 7, 2011), relied on by Plaintiff in his opposition, supports Rosicki's arguments as the plaintiff in that case argued and the Court agreed that the defendant law firm failed to identify the entity who held legal title to the debt as the creditor and the least sophisticated consumer could

be confused as to which entity was the creditor. Here, the entity that holds legal title to Plaintiff's debt is Green Tree/Ditech through the valid assignment of mortgage. *See Countrywide Home Loans, Inc. v. Gress*, 68 A.D.3d 709, 888 N.Y.S.2d 914 (2d Dep't 2009) (holding that where the plaintiff is the assignee of the mortgage and the underlying note at the time the foreclosure action was commenced, the plaintiff has standing to maintain the action as it has a legal interest in the subject mortgage). Thus, the least sophisticated consumer would not be confused that Green Tree was the creditor.

C.  **The Alleged Inaccuracy Is Immaterial And Thus Not Actionable Under The FDCPA**

Any alleged inaccuracy as to the current creditor is also not actionable because it is not material which is required for § 1692e claims. *See Fritz v. Resurgent Capital Services, L.P.*, 955 F. Supp. 2d 163, 170 (E.D.N.Y. 2013). In assessing liability under § 1692e, the concern is with "communications and practices that could mislead a putative-debtor as to the nature and legal status of the underlying debt, or that could impede a consumer's ability to respond to or dispute collection." *Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 Fed. Appx. 89 (2d Cir. 2012). Plaintiff does not allege that he was deceived or misled by the court documents in the foreclosure proceeding. He does not allege confusion as to the nature of his debt or where to remit loan payments. Nor does he dispute that he was in default of his mortgage when the foreclosure action was commenced. Moreover, the identification of Green Tree as the current creditor in court documents did not undermine or impair Plaintiff's ability to respond to the summons and complaint in the foreclosure action at all. Plaintiff appeared in that action through counsel and interposed an answer with fourteen affirmative defenses.

Plaintiff's Complaint and opposition palpably fail to establish the requisite materiality to sustain a claim under § 1692e. Indeed, he relies on case law that actually strengthens rather than weakens Rosicki's arguments. For example, in *Lee v. Forster & Garbus LLP*, 926 F. Supp. 2d 482, 487 (E.D.N.Y. 2013), this Court held that the collection letter "failed to identify the creditor to which [p]laintiff owed the debt." The Court held that failing to identify the creditor was material because it was not the entity that "the debtor

7

should write after 'pay to the order of' on the payment check to ensure that the debt is satisfied." *Id.* at 488. Here, Green Tree/Ditech is in fact the entity that should be written after "pay to the order of" on the payment check to ensure that Plaintiff's debt is satisfied. Plaintiff's reliance on *Lee* is entirely misplaced.

His reliance on *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323 (6th Cir. 2012), is similarly misplaced. The Court in *Wallace* held that "a clearly false representation of the creditor's name" constituted a materially false statement where the plaintiff-mortgagor alleged that such representation caused her to contact the wrong party and otherwise caused her confusion and delay in trying to cure her default. *Id.* at 327. Here, unlike the mortgagor in *Wallace*, Plaintiff has not and cannot allege that any misidentification caused him to contact the wrong party or otherwise delay in acting. Because the court documents in the foreclosure action correctly identified Green Tree as the entity to remit payment to cure Plaintiff's default, they did not tend to mislead or confuse the reasonable unsophisticated consumer as a matter of law.

D.   **The FDCPA Does Not Apply To Mortgage Foreclosure Proceedings**

As established in the moving brief, "home foreclosure is not debt collection within the meaning of the FDCPA." *Williams v. Bayview Loan Servicing, LLC*, 2016 U.S. Dist. LEXIS 7760, *24 (E.D.N.Y. Jan. 22, 2016). Since the alleged conduct of Rosicki relates exclusively to commencing and litigating the state foreclosure proceeding against Plaintiff, Rosicki did not engage in debt collection.

Plaintiff claims in his opposition that the FDCPA applies here because the wherefore clause of the foreclosure complaint includes a reference that Plaintiff "be adjudged to pay any deficiency which may remain." *See* Exh. "B" to moving papers. Rosicki is not attempting to collect a debt simply because the foreclosure complaint contains boilerplate language preserving the right to pursue a deficiency judgment against Plaintiff. In order to pursue a deficiency judgment under New York law, a motion for a deficiency judgment has to be made pursuant to section 1371 of the Real Property Actions and Proceedings Law ("R.P.A.P.L."). If no motion for a deficiency judgment is made pursuant to R.P.A.P.L. § 1371, "no right to recover any deficiency in any action or proceeding shall exist." R.P.A.P.L. § 1371(3). Thus, a deficiency

8

judgment may only be pursued upon written motion pursuant to statute and not by its mere reference in a foreclosure complaint. Rosicki has not filed a motion under R.P.A.P.L. § 1371 in the foreclosure action.

While Plaintiff relies on cases outside of this Court's jurisdiction which are not controlling here, a District Court in the Second Circuit has held that the FDCPA does not apply in this precise context. In *Derisme v. Hunt Leibert Jacobson P.C.*, 880 F. Supp. 2d 311 (D. Conn. 2012), a law firm made a claim for a deficiency judgment in the foreclosure complaint against a borrower and the plaintiff argued that it constituted the collection of a debt under the FDCPA. Under Connecticut law, similar to New York law, the mortgagee has a statutory right to seek a deficiency judgment upon written motion and if the motion is not timely made, the right to pursue a deficiency judgment is lost. *See id.* at 321-22. The Court held that sections 1692g and 1692e of the FDCPA are not applicable to the defendant law firm since the defendant was enforcing a security interest and not collecting a debt. Specifically, the Court held as follows:

> Since [defendant] has not initiated deficiency proceedings under Connecticut's statutory regime the foreclosure action is solely an action in equity seeking the remedy of foreclosure and was never converted into an action at law seeking money damages. Therefore [defendant] has sought only to enforce its client's security interest in the foreclosure action and has not yet sought a money judgment. At most, [defendant] has preserved its client's ability to seek a deficiency judgment at a later time by including the claim in the complaint. However, since [defendant] has not initiated deficiency proceedings pursuant to § 49-14 on its client's behalf, it has not attempted to collect a debt in connection with the foreclosure action but instead has only sought to enforce its client's security interest.

*Id.* at 323.

As in the foregoing case, sections 1692g and 1692e of the FDCPA do not apply here because Rosicki has not initiated a deficiency judgment proceeding upon written motion. Since Rosicki has not attempted to collect a debt in connection with the foreclosure action but instead has only sought to enforce its client's security interest, Plaintiff's FDCPA claims are subject to dismissal as a matter of law.

E.  **Plaintiff Lacks Standing To Sue Under The FDCPA**

Finally, Plaintiff's opposition does not establish that he has standing to pursue his FDCPA claims as he fails to establish how he was actually harmed by Green Tree naming itself as the creditor in the foreclosure complaint. In *Spokeo v. Robins*, 2016 U.S. LEXIS 3046, * 17 (U.S. May 16, 2016), the Supreme Court recently addressed the injury-in-fact requirement for standing under Article III of the Constitution in an action under the Fair Credit Reporting Act of 1970. In reiterating its prior holdings that the injury-in-fact requirement requires a plaintiff to allege an injury that is both "concrete and particularized", the Supreme Court held a plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation" of a federal statute. That is all that Plaintiff is alleging here. He simply claims that "defendants violated interests that are protected by the FDCPA." *See* Opposing Brief at p. 28.

## CONCLUSION

For the reasons set forth herein, Defendant, Rosicki, Rosicki & Associates, P.C.'s motion to dismiss should be granted in its entirety with prejudice, together with such other and further relief as the Court deems proper.

Dated:  Uniondale, New York
        May 20, 2016

>                                   Respectfully submitted,
>
>                                   RIVKIN RADLER LLP
>                                   Attorneys for Defendant,
>                                   Rosicki, Rosicki & Associates P.C.
>
>                               By: **/s/ Carol A. Lastorino**
>                                   CAROL A. LASTORINO
>                                   926 RXR Plaza
>                                   Uniondale, NY 11556
>                                   (516) 357-3000
>                                   RR File No. 6040-14

3415319 v1