## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

AARON COHEN, on behalf of himself and
all others similarly situated,

                              Plaintiff,

          -against-

DITECH FINANCIAL LLC, ROSICKI,
ROSICKI & ASSOCIATES PC

                              Defendants.

No. 2:15-cv-6828

## DEFENDANT DITECH FINANCIAL LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS CLASS ACTION COMPLAINT

**BALLARD SPAHR LLP**
**919 3rd Avenue**
**New York, NY 10022**
**(212) 223-0200**
*Attorneys for Ditech Financial LLC*

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ........................................................................................... 1

II.    BACKGROUND ............................................................................................ 2

     A.     The Allegations of the Complaint. ......................................................... 2

     B.     The Foreclosure Complaint, Certificate of Merit and Request for Judicial Intervention. ......................................................................................... 3

III.    LEGAL STANDARD .................................................................................... 5

IV.    LEGAL ARGUMENT ................................................................................... 5

     A.     The Alleged Misstatement Is Neither False Nor Material. .................... 5

     B.     Plaintiff Does Not Plead Any Facts To Show That Green Tree Is Vicariously Liable For Rosicki's Acts. ................................................. 9

     C.     Plaintiff Fails To Plead That Green Tree Was Engaged in Debt Collection. ....... 11

     D.     Plaintiff Lacks Standing To Sue Under the FDCPA. ........................... 12

     E.     The Section 1692g Claim Fails As The Representation About Green Tree Being The Creditor Occurred In A Formal Pleading. ........................... 14

V.     CONCLUSION ............................................................................................ 17

# TABLE OF AUTHORITIES

**Page(s)**

FEDERAL CASES

Ashcroft v. Iqbal,
   129 S. Ct. 1937 (U.S. 2009)..................................................................5

Bodur v. Palisades Collection LLC,
   829 F. Supp. 2d 246 (S.D.N.Y. 2011)..................................................10

Boyd v. J.E. Robert & Co.,
   2013 WL 5436969 (E.D.N.Y. Sep. 27, 2013).......................................11

Burton v. Nationstar Mortgage LLC,
   2015 WL 1636956 (E.D. Pa. Apr. 13, 2015).........................................9

Carlin v. Davidson Fink LLP,
   2014 WL 4826248 (E.D.N.Y. Sep. 23, 2014) (noting that "[t]he Foreclosure
   Complaint and its exhibits constitute a formal legal pleading" and thus are not
   actionable under Section 1692g(a) of the FDCPA) ................................16

Carubia v. Cohen & Slamowitz LLP,
   2015 WL 348205 (N.D.N.Y. Jan. 23, 2015).........................................13

DeMoss v. Peterson, Fram & Bergman,
   2013 WL 1881058 (D. Minn. May 6, 2013).........................................11

Derisme v. Hunt Leibert Jacobson P.C.,
   880 F. Supp. 2d 339 (D. Conn. 2012)..................................................11

Donohue v. Quick Collect Inc.,
   592 F.3d 1027 (9th Cir. 2010) .............................................................8

Ehrich v. Credit Protection Ass'n, L.P.,
   891 F. Supp. 2d 414 (E.D.N.Y. 2012) ..................................................13

Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,
   528 U.S. 167 (2000)............................................................................12

Gabriele v. American Home Mortg. Servicing, Inc.,
   2012 WL 5908601 (2d Cir. Nov. 27, 2012)..........................................8

Hahn v. Triumph P'ships,
   557 F. 3d 755 (7th Cir. 2009) .............................................................8

Jaghory v. New York State Dep't of Educ.,
   131 F. 3d 326 (2d Cir. 1997)........................................................................5

Kropelnicki v. Siegel,
   290 F.3d 118 (2d Cir. 2002)......................................................................11

LaCourte v. JPMorgan Chase & Co.,
   2013 WL 4830935 (S.D.N.Y. Sep. 4, 2013)............................................10

Lane v. Fein, Such & Crane,
   767 F. Supp. 2d 382 (E.D.N.Y. 2011) ................................................8, 16

Lujan v. Defenders of Wildlife,
   504 U.S. 555 (1992)..................................................................................12

Miller v. Javitch, Block & Rathbone,
   561 F. 3d 588 (6th Cir. 2009) ....................................................................9

Nichols v. Niagara Credit Recovery, Inc.,
   2013 WL 1899947 (N.D.N.Y. May 7, 2013)...........................................10

Raines v. Byrd,
   521 U.S. 811 (1997)..................................................................................12

Rajbhandari v. U.S. Bank,
   305 F.R.D. 689 (S.D. Fla. 2015)..............................................................16

Samuels v. Air Transp. Local 504,
   992 F. 2d 12 (2d Cir. 1993).........................................................................5

Schlesinger v. Reservists Comm. To Stop the War,
   418 U.S. 208 (1974)..................................................................................13

Suquilanda v. Cohen & Slamowitz, LLP,
   2011 WL 4344044 (S.D.N.Y. Sept. 8, 2011)..........................................10

Tonea v. Bank of America, N.A.,
   6 F. Supp. 2d 1331 (N.D. Ga. 2014) ........................................................11

Vermont Agency of Natural Resources v. United States ex rel. Stevens,
   529 U.S. 765 (2000)..................................................................................13

Warren v. Sessoms & Rogers, P.A.,
   676 F.3d 365 (4th Cir. 2012) ......................................................................8

Zimmerman v. HBO Affiliate Group,
   834 F. 2d 1163 (3d Cir. 1987)..................................................................11

**OTHER CASES**

Aurora Loan Services LLC v. Taylor,
  25 N.Y. 3d 355, 34 N.E. 3d 363 (2015).....................................................................6

Bank of New York Mellon v. Izmirligil,
  43 Misc.3d 409, 980 N.Y.S.2d 733 (N.Y. Sup. Ct. 2014) .....................................15

Deutsche Bank Nat. Trust Co. v. Pietranico,
  33 Misc.3d 528 (Suffolk Sup. Ct. July 27, 2011) ...................................................6

Deutsche Bank Nat. Trust Co. v. Spanos,
  102 A.D.3d 909, 961 N.Y.S.2d 200 (2d Dept. 2013) ..............................................6

OneWest Bank v. Ryes,
  37 Misc.3d 1202(A) (Sup. Ct. 2012) .....................................................................15

Sullivan v. H.I.P. Hosp., Inc.,
  524 N.Y.S. 2d 1022 (Sup. Ct. 1988).......................................................................15

Wyoming County Bank & Trust Co. v. Kiley,
  75 A.D. 2d 477, 430 N.Y.S. 2d 900 (4th Dept. 1980) ...........................................7

**FEDERAL STATUTES**

15 U.S.C. § 1692f(6)..................................................................................................11

15 U.S.C. § 1692g(d) ........................................................................................2, 14, 16

15 U.S.C. § 1692k ..................................................................................................12, 13

§§ 1692e and 1692g(a)(2) of the Fair Debt Collection Practices Act (the "FDCPA")...............1, 2

FDCPA.......................................................................1, 2, 5, 7, 8, 9, 10, 11, 12, 13, 14, 16

§ 1692(g)(a)(2) of the FDCPA.....................................................................................14

§ 1692e of the FDCPA......................................................................................3, 5, 8

§§ 1692e(2) and 1692g(a)(2) of the FDCPA ............................................................13

§ 1692g(a)(2) of the FDCPA .............................................................2, 3, 5, 14, 16

FDCPA. Third...............................................................................................................1

**OTHER STATUTES**

CPLR 3012–b..............................................................................................................15

CPLR 3211(a)(7) ..................................................................................................................15

CPLR 3408................................................................................................................................15

**RULES**

Federal Rule of Civil Procedure 12(b)(6) ...............................................................................5

**REGULATIONS**

22 NYCRR 202.12-a................................................................................................................15

22 NYCRR § 202.12-a..............................................................................................................5

Defendant Ditech Financial LLC f/k/a Green Tree Servicing LLC ("Green Tree")[1], by its undersigned counsel, hereby submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Aaron Cohen ("Plaintiff") Class Action Complaint (the "Complaint", ECF No. 1).

## I.   <u>INTRODUCTION</u>

In his Complaint, Plaintiff alleges that Green Tree violated Sections 1692e and 1692g(a)(2) of the Fair Debt Collection Practices Act (the "FDCPA") because its foreclosure complaint, request for judicial intervention and certificate of merit allegedly misidentified Green Tree as the creditor of his mortgage loan (the "Loan").  However, nowhere in the request for judicial intervention is Green Tree identified as the creditor.  Furthermore, what Plaintiff fails to grasp is that NYCPLR § 3012-b(a) required Green Tree to name itself as the creditor in the certificate of merit since it is the proper plaintiff in the foreclosure complaint.  To identify a different entity as the creditor in the foreclosure complaint as Plaintiff would have it would be inconsistent with NYCPLR § 3012-b(a) and confusing to consumers.   To the extent this could somehow constitute a technical FDCPA violation, such violation is a non-material misstatement, and not actionable.

The flaws in Plaintiff's Complaint, however, do not end there.  First, Plaintiff seeks to impose vicarious liability on Green Tree for the actions of Rosicki, Rosicki & Associates, P.C. ("Rosicki") without pleading any facts as to the extent of their relationship or how Green Tree exercised control over Rosicki's actions.  Second, Plaintiff cannot seek relief under the FDCPA for an alleged improper disclosure in the foreclosure pleadings given that a mortgage foreclosure does not constitute debt collection under the FDCPA.  Third, Plaintiff lacks Article III standing

---

[1] Effective August 31, 2015, Green Tree Servicing LLC changed its name to Ditech Financial LLC.

to bring a claim for statutory damages under the FDCPA given that nowhere in the Complaint is there any allegation that he suffered some actual harm.  Finally, Plaintiff's claim under Section 1692g(a)(2) of the FDCPA fails independently because the foreclosure complaint, certificate of merit and request for judicial intervention are "formal pleadings in a civil action" under Section 1692g(d), and thus, cannot form the basis for a claim under  Section 1692g(a)(2).

Accordingly, the Court should dismiss the entire Complaint with prejudice.

## II.    __BACKGROUND__

### A.    __The Allegations of the Complaint.__

Plaintiff brings this one-count putative class action against Green Tree and Rosicki seeking to recover statutory damages, attorney's fees and costs for alleged violations of 15 U.S.C. §§ 1692e and 1692g(a)(2) of the FDCPA.  [ECF No. 1 at ¶¶33-35].

More specifically, Plaintiff alleges that Green Tree "was assigned Plaintiff's mortgage [loan] on June 10, 2013" while it was in default.  [ECF No. 1 at ¶¶18-19].  Plaintiff alleges that Rosicki, as foreclosure counsel for Green Tree, filed a foreclosure complaint "providing him with the alleged amount of the debt, the alleged name of the creditor to whom the debt was owed (Green Tree Servicing LLC), dispute rights and rights relating to information." [ECF No. 1 at ¶20 (parenthesis in original)].  Plaintiff alleges no facts as to the relationship between Rosicki and Green Tree.  [ECF No. 1].  Plaintiff also does not allege that the foreclosure action purported to collect a deficiency in the event that the foreclosure failed to satisfy the Loan. [ECF No. 1].

Plaintiff claims that Fannie Mae, not Green Tree, was "the name of the creditor to whom the debt was owed at the time of the foreclosure complaint."  [ECF No. 1 at ¶¶21, 22-23].  Plaintiff also alleges that contemporaneous with the foreclosure complaint she "received a certificate of merit, as well as a request for judicial intervention."  [ECF No. 1 at ¶23].  Plaintiff claims that "the foreclosure complaint is a formal pleading in a civil action" but that the

certificate of merit and request for judicial intervention "are not formal pleadings." [ECF No. 1 at ¶¶25-26]. According to the Complaint, "the identification of the creditor to whom the debt is owed was readily available to Rosicki and Green Tree at the time of Rosicki's communications." [ECF No. 1 at ¶27]. Plaintiff alleges that Defendants violated section 1692e of the FDCPA by falsely identifying Green Tree as the creditor to whom Plaintiff's debt was owed. [ECF No. 1 at ¶31] Similarly, Plaintiff alleges that Green Tree violated section 1692g(a)(2) of the FDCPA because "neither Rosicki nor Green Tree informed Plaintiff of the correct name of the creditor to whom the debt is owed." [ECF No. 1 at ¶34].

Plaintiff, however, fails to specify whether it was the foreclosure complaint, certificate of merit or request for judicial intervention that identified Green Tree as the creditor. Plaintiff also fails to specify where in these documents that Green Tree was misidentified as the creditor. Moreover, he also fails to attach any of the aforementioned documents as exhibits to the Complaint so it is unclear as to which of these documents he predicates his assertion that Green Tree was misidentified as the creditor of the Loan.

### B.  The Foreclosure Complaint, Certificate of Merit and Request for Judicial Intervention.

On March 12, 2015, Green Tree filed the foreclosure complaint and the certificate of merit.[2] On its face, the foreclosure complaint does not use the term "creditor" and only refers to Green Tree as the plaintiff and "holder of the note and mortgage." See Exhibit 1. In strict

---

[2] Copies of the foreclosure complaint and summons, certificate of merit and request for judicial intervention are attached hereto as exhibits 1, 2 and 3. As Plaintiff predicates his claims on alleged representations in these court records, the Court may consider them on a motion to dismiss. See, e.g., Munno v. Town of Orangetown, 391 F.Supp.2d 263, 268 (S.D.N.Y.2005) (noting that "the court may also consider matters of which judicial notice may be taken, even if the corresponding documents are not attached to or incorporated by reference in the complaint," including "public records."); Cunningham v. Department of Correctional Services, 2009 WL 1404107 (S.D.N.Y. May 20, 2009) (observing that "[d]ocuments that are integral to the complaint, are partially quoted in the complaint, or were relied upon by plaintiff in drafting the complaint may be properly considered on a motion to dismiss.").

DMEAST #24663098 v4

compliance with NYRPAPL § 1320, the summons attached to the foreclosure complaint

provides that:

> **YOU ARE IN DANGER OF LOSING YOUR HOME**
> **If you do not respond to this summons and complaint by**
> **serving a copy of the answer on the attorney for the mortgage**
> **company who filed this foreclosure proceeding against you and**
> **filing the answer with the court, a default judgment may be**
> **entered and you can lose your home.**
> **Speak to an attorney or go to the court where your case is**
> **pending for further information on how to answer the**
> **summons and protect your property.**
> **Sending a payment to your mortgage company will not stop**
> **this foreclosure action.**
> **YOU MUST RESPOND BY SERVING A COPY OF THE**
> **ANSWER ON THE ATTORNEY FOR THE PLAINTIFF**
> **(MORTGAGE COMPANY) AND FILING THE ANSWER**
> **WITH THE COURT.**

See Exhibit 1. The summons refers to Green Tree as "the name of the creditor to whom the debt

is owed." See Exhibit 1 at page 2.

Contemporaneous with the foreclosure complaint and pursuant to NYCPLR § 3012-b,

Green Tree filed the certificate of merit. NYCPLR § 3012-b(a) requires the foreclosure attorney

to certify, among other things, that:

> [T]o the best of such attorney's knowledge, information and belief
> there is a reasonable basis for the commencement of such action
> and *that the plaintiff is currently the creditor entitled to enforce*
> *rights under such documents*.

See NYCPLR § 3012-b(a) (emphasis added). Accordingly, Rosicki's certificate of merit

provides, in relevant part, that "upon this review and consultation, to the best of my knowledge,

information and belief, I certify that there is a reasonable basis for the commencement of this

action and *that plaintiff is the creditor entitled to enforce rights under those documents*." See

Exhibit 2. That is the only time in the certificate of merit where Green Tree is identified as the

creditor.

On March 27, 2015, Green Tree filed, with the proof of service of summons, its request for judicial intervention with the foreclosure addendum that 22 NYCRR § 202.12-a requires in residential mortgage foreclosure actions.  See Exhibit 3.  Neither the request for judicial intervention nor the foreclosure addendum refer to Green Tree as a creditor.  See Exhibit 3.

For the reasons set forth below, Plaintiff fails to state a FDCPA claim and his Complaint should be dismissed with prejudice.

## III.    LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges whether the Complaint states claims upon which relief can be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (U.S. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  However, the Court is not to accept the truth of legal conclusions.  Id.  A court may dismiss an action pursuant to Rule 12(b)(6) when "the plaintiff can prove no set of facts which would entitle him to relief."  Jaghory v. New York State Dep't of Educ., 131 F. 3d 326, 329 (2d Cir. 1997) (citations omitted).  When ruling on a motion to dismiss, the Court should consider the facts alleged in the pleadings, any documents attached as exhibits or incorporated by reference in the pleadings, and any matters of which judicial notice may be taken.  See, e.g., Samuels v. Air Transp. Local 504, 992 F. 2d 12, 15 (2d Cir. 1993).  Here, accepting the facts alleged as true, Plaintiff fails to plead a colorable claim under 15 U.S.C. § 1692e or § 1692g(a)(2) of the FDCPA.

## IV.    LEGAL ARGUMENT

### A.    The Alleged Misstatement Is Neither False Nor Material.

Plaintiff's claim that Green Tree should not have been identified as the creditor of the Loan in the foreclosure complaint, certificate of merit and request for judicial intervention

5

contradicts New York law.  First, on its face, the request for judicial intervention does ***not*** refer to Green Tree as the creditor.  See Exhibit 3.

While the certificate of merit affirms that "plaintiff is the creditor entitled to enforce rights under those documents", it only does so because NYCPLR § 3012-b ***explicitly requires the certificate of merit to include this affirmation***.  See NYCPLR § 3012-b(a) ("the complaint shall be accompanied by a certificate, signed by the attorney for the plaintiff, certifying that….to the best of such attorney's knowledge, information and belief there is a reasonable basis for the commencement of such action and that the plaintiff is currently the creditor entitled to enforce rights under such documents [the mortgage, note].").  In other words, NYCPLR § 3012-b(a) defines the creditor and foreclosing plaintiff in the certificate of merit as one and the same.  *A fortiori*, the only way that the certificate of merit could have misidentified Green Tree as the creditor is if Green Tree was not the proper plaintiff in the foreclosure complaint.

It is here that Plaintiff's claim as to the certificate of merit unravels because Green Tree is clearly the proper plaintiff in the foreclosure action and was properly identified as the creditor under New York law.  Critically, Plaintiff does not dispute that Green Tree holds the note. Compare ECF No. 1 with Exhibit 1 at ¶5.  ***New York law requires*** that Green Tree, as the note holder, bring the foreclosure complaint in its own name.  See, e.g., Aurora Loan Services LLC v. Taylor, 25 N.Y. 3d 355, 34 N.E. 3d 363 (2015) (holding that "the note, and not the mortgage, is the dispositive instrument that conveys standing to foreclose under New York law.");  Deutsche Bank Nat. Trust Co. v. Spanos, 102 A.D.3d 909, 961 N.Y.S.2d 200 (2d Dept. 2013) (noting that "[e]ither a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation".);  Deutsche Bank Nat. Trust Co. v. Pietranico, 33 Misc.3d 528 (Suffolk Sup. Ct. July 27, 2011) (observing

DMEAST #24663098 v4

that "[t]he holder of the note is deemed the owner of the underlying mortgage loan with standing to foreclose.").

In contrast, Plaintiff's theory, if correct, would leave Green Tree with the quintessential Hobson's choice.  If Green Tree named Fannie Mae as the creditor in the certificate of merit, it would be in blatant violation of NYCPLR § 3012-b.  Yet, if Green Tree complied with NYCPLR § 3012-b and named itself as the creditor, then it would violate the FDCPA.  Such an absurd result is clearly not what Congress intended to promote with the FDCPA.

For the same reasons, there can be no dispute under New York law that Fannie Mae could neither be named as the plaintiff nor the creditor in the foreclosure because it did not hold the note.

Additionally, it is not misleading to describe Green Tree as the creditor in the summons that accompanied the foreclosure complaint.  Foremost, the summons is fully consistent with the aforementioned New York law and the certificate of merit.  As NYCPLR § 3012-b requires the certificate of merit to affirm that Green Tree is the creditor, it would be non-sensical if Green Tree was required to make a contradictory  representation—that Fannie Mae was the creditor—in the summons accompanying the foreclosure complaint.  This is especially true where here the foreclosure complaint and certificate of merit were served contemporaneously.  See Exhibits 1 and 2.

Moreover, Plaintiff had to remit payments to Green Tree, not Fannie Mae.  If Green Tree prevails, then a foreclosure judgment would be issued in its favor, with the proceeds of the auction explicitly payable to Green Tree, as holder of the note and mortgage.  See, e.g., Wyoming County Bank & Trust Co. v. Kiley, 75 A.D. 2d 477, 430 N.Y.S. 2d 900 (4th Dept. 1980) (noting that in a foreclosure action  "the encumbered property is sold under the supervision

7

and control of the court and the proceeds of sale applied to the satisfaction of the mortgage lien."). If Green Tree stands to collect the proceeds, then Green Tree should be identified as the creditor in the foreclosure complaint.

In any event, to the extent that labeling itself as the creditor in the certificate of merit or the foreclosure complaint was a misstatement under the FDCPA, Green Tree's error was not material and, thus, not actionable. "In general, courts analyze whether a statement is false or misleading under the terms of Section 1692e by asking whether the statement would be misleading to the least sophisticated consumer." Lane v. Fein, Such & Crane, 767 F. Supp. 2d 382, 388 (E.D.N.Y. 2011); Warren v. Sessoms & Rogers, P.A., 676 F.3d 365, 374 (4th Cir. 2012) (recognizing that "courts have generally held that violations grounded in false representations must rest on material misrepresentations"); Donohue v. Quick Collect Inc., 592 F.3d 1027, 1033 (9th Cir. 2010) (holding that "[w]e now conclude that false but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under §§ 1692e or 1692f."); Hahn v. Triumph P'ships, 557 F. 3d 755, 757 (7th Cir. 2009) (reasoning that "[t]he statute is designed to provide information that helps consumers to choose intelligently, and by definition immaterial information neither contributes to that objective (if that statement is correct) nor undermines it (if the statement is incorrect)").

Indeed, federal courts have consistently declined to impose FDCPA liability for a non-material misstatement in a court pleading. Gabriele v. American Home Mortg. Servicing, Inc., 2012 WL 5908601 (2d Cir. Nov. 27, 2012) (affirming dismissal of claim that loan servicer and its law firm violated Section 1692e of the FDCPA because its state court foreclosure filings were allegedly false, deceptive, unfair, or harassing as "affidavits and motions were not misleading or deceptive as to the nature or legal status of [the plaintiff's] debt, nor would they have prevented

8

the least sophisticated consumer from responding to or disputing the action.");  Miller v. Javitch, Block & Rathbone, 561 F. 3d 588 (6th Cir. 2009) (affirming dismissal of claim that debt collection complaint violated 15 U.S.C § 1692e of the FDCPA on materiality grounds as the plaintiff "admits that when she read the complaint, she pretty much understood it.");  Burton v. Nationstar Mortgage LLC, 2015 WL 1636956 (E.D. Pa. Apr. 13, 2015) (entering summary judgment in favor of the defendant on the plaintiff's claim that two false statements in the defendant's state court foreclosure summary judgment motion violated the FDCPA as " no reasonable jury could rationally find that the statements made by [defendant] in the State Motion were materially false or misleading as to the character, amount, or legal status of the mortgage debt.").

Likewise, here, Plaintiff does not explain how he was deceived or misled by the foreclosure complaint, certificate of merit or request for judicial intervention.  Plaintiff does not claim confusion as to where to remit loan payments.  He does not allege a lack of understanding of the grounds for the foreclosure or the Loan to which it pertains.  Indeed, Plaintiff does not dispute that he was in default at the commencement of the foreclosure.  [ECF No. 1 at ¶19].  Moreover, as discussed above, New York law required Green Tree, as the note holder, to bring the foreclosure complaint in its own name.  To the extent that the disclosure of Green Tree as creditor in the certificate of merit or foreclosure complaint is inconsistent with the FDCPA's definition of creditor, it is a non-material representation. Thus, the Court should dismiss the Complaint.

**B.**   **Plaintiff Does Not Plead Any Facts To Show That Green Tree Is Vicariously Liable For Rosicki's Acts.**

In the Complaint, Plaintiff purports to hold Green Tree vicariously liable for the acts of Rosicki.  Yet, Plaintiff pleads no facts as to the nature of their relationship or as to the control

9

that Green Tree exercised over Rosicki.  A debt collector may be vicariously liable for its agent's FDCPA violations.  See, e.g., Suquilanda v. Cohen & Slamowitz, LLP, 2011 WL 4344044 at *4 (S.D.N.Y. Sept. 8, 2011).  However, it is equally important that "[t]o be vicariously liable under the FDCPA…the principal must exercise control over the conduct or activities of the agent." Bodur v. Palisades Collection LLC, 829 F. Supp. 2d 246 (S.D.N.Y. 2011) (granting summary judgment in favor of the defendant as the plaintiff "claims that [the defendant] hired [the law firm] to collect the debt, but he has failed to provide any evidence, or even claim, that it exercised control over [the law firm] or was involved in any of [the law firm's] collection attempts.");  Nichols v. Niagara Credit Recovery, Inc., 2013 WL 1899947 (N.D.N.Y. May 7, 2013) (dismissing FDCPA claim based on vicarious liability as "[p]laintiffs have failed to plead any facts in support of a finding that [debt collector] exercised control over the activities of [the attorney], or that [the attorney] exercised control over the activities of [the debt owner].");  LaCourte v. JPMorgan Chase & Co., 2013 WL 4830935 (S.D.N.Y. Sep. 4, 2013) (dismissing FDCPA claim as "[p]laintiff simply has not plausibly alleged a manifestation by the principal that the agent shall act for him, accept[ance of] the undertaking by the agent, or an understanding between the parties that the principal is to be in control of the undertaking.").

Here, Plaintiff's theory of vicarious liability against Green Tree fails.  Plaintiff pleads no facts whatsoever as to the extent of relationship between Green Tree and Rosicki.  Plaintiff fails to make even the conclusory assertion that Rosicki was Green Tree's agent and that Rosicki was acting within the scope of its agency when it represented that Green Tree was the creditor. Furthermore, Plaintiff does not allege any facts to suggest Green Tree was exercising control over Rosicki at the time that the alleged FDCPA violation occurred. Accordingly, Plaintiff's vicarious liability claim against Green Tree fails, and the claim should be dismissed.

10

**C.     Plaintiff Fails To Plead That Green Tree Was Engaged in Debt Collection.**

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." Kropelnicki v. Siegel, 290 F.3d 118 (2d Cir. 2002). In other words, "[a] threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a debt." Zimmerman v. HBO Affiliate Group, 834 F. 2d 1163, 1167 (3d Cir. 1987).

At bottom, Plaintiff's Complaint alleges that Green Tree misrepresented the name of the creditor of the Loan in its foreclosure filings.  Plaintiff, however, ignores that a mortgage foreclosure is not debt collection under the FDCPA. See, e.g., Boyd v. J.E. Robert & Co., 2013 WL 5436969  (E.D.N.Y. Sep. 27, 2013) (observing that "foreclosure activities do not constitute debt collection under the FDCPA.");  Derisme v. Hunt Leibert Jacobson P.C., 880 F. Supp. 2d 339  (D. Conn. 2012) (holding that "an action seeking foreclosure under Connecticut law should be considered the enforcement of a security interest as opposed to an action to collect a debt."); Tonea v. Bank of America, N.A., 6 F. Supp. 2d 1331 (N.D. Ga. 2014) (dismissing FDCPA claim against mortgage servicer as "it is well-established that a mortgage foreclosure action is not debt collection activity under the FDCPA, but instead, is considered enforcement of a security interest under 15 U.S.C. § 1692f(6).");  DeMoss v. Peterson, Fram & Bergman, 2013 WL 1881058  (D. Minn. May 6, 2013) (holding that pre-foreclosure notice was not subject to the FDCPA as "mortgage foreclosure activities are not taken in connection with the collection of any debt for purposes of the FDCPA.").

Nowhere in the Complaint does Plaintiff allege that Green Tree engaged in debt collection activities.  Among other things, Plaintiff does not claim that Green Tree sought to

11

bring an action to recover money damages at the time of the alleged misrepresentation.  Hence, his FDCPA claim fails as a matter of law and should be dismissed.

### D. Plaintiff Lacks Standing To Sue Under the FDCPA.

Moreover, the Complaint also fails to show some actual harm that Plaintiff suffered. First, Plaintiff does not allege that he suffered any financial or non-financial injury as a result of Green Tree allegedly misidentifying itself as the creditor in the foreclosure pleadings.  Second, Plaintiff only purports to recover "an award of statutory damages" pursuant to 15 U.S.C. § 1692k.  [ECF No. 1 at p. 7].

While the FDCPA clearly permits the recovery of statutory damages, it does not abrogate standing under Article III of the Constitution.   The "doctrine of standing" is "an essential and unchanging part of the case-or-controversy requirement of Article III."  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  The "irreducible constitutional minimum" for establishing standing is that a "plaintiff must have suffered an 'injury in fact,'" by sustaining an "actual or imminent" harm that is "concrete and particularized."  Id.  (quotation marks omitted). "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." Raines v. Byrd, 521 U.S. 811, 818 (1997) (citation omitted).

Standing principles delineate "the 'Cases' and 'Controversies' that are of the justiciable sort referred to in Article III."  Lujan, 504 U.S. at 560.  To demonstrate standing, a plaintiff bears the burden of showing with respect to each claim asserted that he: (1) has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.  Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 180-81 (2000).

Injury in fact is the "indispensable element of a dispute which serves in part to cast it in a form traditionally capable of judicial resolution." Schlesinger v. Reservists Comm. To Stop the War, 418 U.S. 208, 220-21 (1974).

While Plaintiff has alleged a statutory violation of  Sections 1692e(2) and 1692g(a)(2) of the FDCPA and that may give him an interest in the outcome of the suit, the prospect of a statutory damages award is "insufficient to give a plaintiff standing" because it is nothing more than "a wager upon the outcome" of the lawsuit and therefore "unrelated to injury in fact." Vermont Agency of Natural Resources v. United States ex rel. Stevens, 529 U.S. 765, 772 (2000).  Indeed, a right to statutory damages "does not even fully materialize until the litigation is completed and the [plaintiff] prevails." Id. at 773.

Indeed, in Ehrich v. Credit Protection Ass'n, L.P., 891 F. Supp. 2d 414 (E.D.N.Y. 2012), this Court dismissed a FDCPA lawsuit where the plaintiff sought to recover only statutory damages under Section 1692k of the FDCPA.  Specifically, the plaintiff alleged that the defendant's collection notice contained  three Spanish phrases without a proper Spanish translation.  The plaintiff asserted that this notice could mislead Spanish-speaking consumers into waiving important FDCPA rights.

In finding for the defendant, the Court noted that the plaintiff suffered no actual injury as a result of the collection notice and thus, lacked Article III standing.  Id. at 415-416.  The Court also noted that "the FDCPA's statutory damages provision is insufficient in itself to confer standing upon a plaintiff who has no other basis for his or her claim." Id.; see also Carubia v. Cohen & Slamowitz LLP, 2015 WL 348205, at *5 (N.D.N.Y. Jan. 23, 2015) (dismissing the plaintiff's FDCPA claim as "[he] fails to state a claim under this provision because he fails to allege that these events directly impacted him.").

Likewise, here, Plaintiff fails to allege how he was harmed by Green Tree naming itself as the creditor in the foreclosure pleading.  For example, he neither claims that he was confused as to where to send his mortgage payments nor as to why Green Tree was the party bringing the foreclosure action.  Plaintiff does not identify some financial cost that he incurred because Green Tree allegedly misidentified the creditor.  As Plaintiff fails to allege any actual harm whatsoever, he lacks Article III standing and the Complaint should be dismissed.

**E.     The Section 1692g Claim Fails As The Representation About Green Tree Being The Creditor Occurred In A Formal Pleading.**

Finally, Plaintiff's claim that Green Tree violated Section 1692(g)(a)(2) of the FDCPA by representing that it was the creditor of the Loan fails because the representations occurred in formal pleadings.  Specifically, 15 U.S.C. § 1692g(a)(2) provides that:

> [w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing….the name of the creditor to whom the debt is owed.

However,  15 U.S.C. § 1692g(d) provides that:

> **(d) Legal pleadings**
>
> A communication in the form of a formal pleading in a civil action ***shall not be treated as an initial communication for purposes of subsection (a) of this section***.

(emphasis added).

Plaintiff alleges that Green Tree misrepresented itself as the creditor of the Loan in the foreclosure complaint, certificate of merit and request for judicial intervention.  [ECF No. 1 at ¶20, ¶¶23-24].  While Plaintiff admits that "the foreclosure complaint is a formal pleading in a civil action" (and thus exempt from a claim under Section of the 1692g(a)(2) FDCPA), he

disputes that the request for judicial intervention – even if it did represent Green Tree as a creditor – and certificate of merit are formal pleadings. [ECF No. 1 at ¶¶25-26].

Plaintiff is mistaken.  The certificate of merit and specialized request for judicial intervention are required parts of the foreclosure pleading.  NYCPLR § 3012-b provides that "in any residential foreclosure action involving a home loan…..in which the defendant is a resident of the property which is subject to foreclosure, ***the complaint shall be accompanied by a certificate***."  (emphasis added).  "The certificate of merit that is the cornerstone of CPLR 3012–b must be attached to the complaint and signed by the plaintiff's attorney." Bank of New York Mellon v. Izmirligil,  43 Misc.3d 409, 980 N.Y.S.2d 733 (N.Y. Sup. Ct. 2014);  Sullivan v. H.I.P. Hosp., Inc., 524 N.Y.S. 2d 1022, 1024 (Sup. Ct. 1988) (observing that "the absence of a certificate of merit does render the pleading defective and susceptible to a motion to dismiss akin to a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7).").

Likewise, even assuming that the request for judicial intervention referred to Green Tree as creditor (which it did not), the State of New York requires the plaintiff file a specialized request for judicial intervention in a residential mortgage foreclosure action. See 22 NYCRR 202.12-a ("At the time that proof of service of the summons and complaint is filed with the county clerk, plaintiff shall file with the county clerk a specialized request for judicial intervention (RJI), on a form prescribed by the Chief Administrator of the Courts, applicable to residential mortgage foreclosure actions covered by this section.");  OneWest Bank v. Ryes, 37 Misc.3d 1202(A) (Sup. Ct. 2012) (noting that "[t]he utilization of the special RJI serves to alert the Court in the first instance that a mandatory conference under CPLR 3408 may need to be scheduled.").

15

As the State of New York requires these documents to be filed in the foreclosure action, the certificate of merit and specialized request for judicial intervention clearly constitute "formal pleadings" under 15 U.S.C. § 1692g(d).  See Carlin v. Davidson Fink LLP, 2014 WL 4826248 (E.D.N.Y. Sep. 23, 2014) (noting that "[t]he Foreclosure Complaint and its exhibits constitute a formal legal pleading" and thus are not actionable under Section 1692g(a) of the FDCPA);  Lane v. Fein, Such & Crane, LLP, 767 F. Supp. 2d 382 (E.D.N.Y.2011) (finding that foreclosure complaint and attached papers are not actionable as communications under Section 1692g of the FDCPA because "1692g(d) explicitly provides that legal pleadings are not initial communications.");  Rajbhandari v. U.S. Bank, 305 F.R.D. 689, 693 (S.D. Fla. 2015) (noting that "[t]he Eleventh Circuit holds that a legal action, its pleadings, and related papers and correspondence cannot constitute  communications under the FDCPA.").

Hence, Plaintiff's claim under Section 1692g(a)(2) of the FDCPA fails as a matter of law.

## V.     <u>CONCLUSION</u>

For all of the foregoing reasons, Plaintiff's Complaint should be dismissed with

prejudice.

Respectfully submitted,

By: /s/Justin Angelo
Justin Angelo
Ballard Spahr LLP
919 3rd Avenue
New York, NY 10022-3556
Telephone: 646.346.8012
angeloj@ballardspahr.com
*Attorneys for Ditech Financial LLC*

Of counsel:
Martin C. Bryce, Jr.
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: 215.864.8238
bryce@ballardspahr.com

17