## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AARON COHEN, on behalf of himself and all
others similarly situated,

     Plaintiff,                             **Case No. 7:15-cv-006828-LDW-SIL**

v.

DITECH FINANCIAL, LLC;
ROSICKI, ROSICKI & ASSOCIATES, PC

     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
### DITECH FINANCIAL, LLC AND ROSICKI, ROSICKI & ASSOCIATES, PC
### MOTION TO DISMISS CLASS ACTION COMPLAINT

**The Law Offices of Shimshon Wexler, PC**
315 W Ponce de Leon Ave Suite 250
Decatur, Georgia 30030
Tel: (212)760-2400
**Attorney for Plaintiff**

## TABLE OF CONTENTS

<u>Page</u>

I.  INTRODUCTION ......................................................................................... 1

II.  BACKGROUND.............................................................................................. 1

III.  LEGAL STANDARD .................................................................................... 4

IV.  ARGUMENT   5

    A.  Plaintiff Has Stated A Claim Under The FDCPA .............................. 5

    1.  Plaintiff was the object of collection activity arising from a
    consumer debt.................................................................................. 5

    2.  Defendants are debt collectors as defined by the FDCPA.......................... 7

    3.  Defendants have engaged in an act or omission prohibited
    by the FDCPA................................................................................. 9

    4.  The violations are "material" ......................................................... 12

    5.  Case law supports denial of motion to dismiss............................ 14

    B.  Ditech Is Vicariously Liable for Rosicki's Acts............................ 18

    C.  Plaintiff Has Standing To Sue Under the FDCPA ........................ 19

V.  CONCLUSION 23

## TABLE OF AUTHORITIES

<u>Federal Cases</u>

<u>Abramov v. IC System, Inc.</u>,
    54 F. Supp. 3d 270 (E.D.N.Y. 2014) ................................................................. 22

<u>Akins v. Fed. Election Comm'n</u>,
    101 F.3d 731 (D.C.Cir.1996) ............................................................................ 20

<u>AmBase Corp. v. City Investing Co. Liquidating Trust</u>,
    326 F.3d 63 (2d Cir.2003) .................................................................................. 4

<u>Am. Bottom Conservancy v. U.S. Army Corps of Eng'rs</u>,
    650 F.3d 652 (7th Cir. 2011) ....................................................................... 21, 22

<u>Anderson v. Frederick J. Hanna & Associates</u>,
    361 F. Supp. 2d 1379 (N.D. Ga. 2005) ............................................................. 11

<u>Ashcroft v. Iqbal</u>,
    556 U.S. 662 (2009) ........................................................................................... 4

<u>ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.</u>,
    493 F.3d 87 (2d Cir.2007) .................................................................................. 4

<u>Baggett v. Law Offices of Daniel C. Consuegra, PL</u>,
    No. 3:14-cv-1014-J-32PDB (M.D. Fla. Apr. 15, 2015) ...................................... 6

<u>Battle v. Gladstone Law Grp., P.A.</u>,
    951 F.Supp.2d 1310 (S.D.Fla.2013) ................................................................... 5

<u>Bell Atl. Corp. v. Twombly</u>,
    550 U.S. 544 (2007) ........................................................................................... 4

<u>Bentley v. Great Lakes Collection Bureau</u>,
    6 F.3d 60 (2d Cir. 1993) ................................................................................... 22

<u>Bourff v. Rubin Lublin, LLC</u>,
    674 F.3d 1238 (11th Cir. 2012) .................................................................... 13, 14

<u>Boyd v. J.E. Robert Co., Inc.</u>,
    765 F.3d 123 (2d Cir. 2014) ............................................................................... 5

<u>Cloman v. Jackson</u>,
    988 F.2d 1314 (2nd Cir. 1993) ......................................................................... 14

Crabill v. Trans Union, LLC,
       259 F.3d 662 (7th Cir. 2001) ........................................................... 22

Creighton v. Emporia Credit Service, Inc.,
       981 F. Supp. 411 (E.D. Va. 1997) ..................................................... 14

Doe v. Cnty. of Montgomery, Ill.,
       41 F.3d 1156 (7th Cir. 1994) ............................................................ 21

Dutton v. Wolhar,
       809 F. Supp. 1130 (D. Del. 1992) ..................................................... 14

Ehrich v. I.C. Sys., Inc.,
       2010 WL 301965 (E.D.N.Y. Jan 20, 2010) ....................................... 20

First Interstate Bank of Fort Collins v. Soucie,
       924 P.2d 1200 (Colo.Ct.App. 1996 .................................................. 18

Foti v. NCO Financial Systems, Inc.,
       424 F. Supp. 2d 643 (S.D.N.Y. 2006) .............................................. 10

Fowlkes v. Adamec,
       432 F.3d 90 (2d Cir.2005) .................................................................. 4

Franceschi v. Mautner-Glick Corp.,
       22 F. Supp. 2d 250 (S.D.N.Y. 1998) .................................................. 8

Freire v. Aldridge Connors, LLP,
       994 F.Supp.2d 1284 (S.D.Fla.2014) .................................................. 5

FTC v. Check Investors, Inc.,
       502 F.3d 159 (3d Cir. 2007) ........................................................8, 11

Heintz v. Jenkins,
       514 U.S. 291 (1995) ....................................................................... 6, 8

Hepson v. J.C. Christensen and Associates, Inc.,
       2009 WL 3064865 (M.D. Fla. Sept. 22, 2009) ................................. 12

Janetos v. Fulton Friedman & Gullace, LLP,
       No. 15-1859, 2016 WL 1382174 (7th Cir. Apr. 7, 2016) .................. 17

Jeter v. Credit Bureau, Inc.,
       760 F.2d 1168 (11th Cir. 1985) ....................................................... 14

iii

Kariotis v. Navistar Int'l Transp. Corp.,
        131 F.3d 672 (7th Cir. 1997) .......................................................................... 16

Kimber v. Federal Financial Corp.,
        668 F. Supp. 1480 (M.D. Ala. 1987) ............................................................. 19

Lee v. Forster & Garbus LLP,
        2013 WL 77640 (E.D.N.Y., March 1, 2013) .......................................... 12, 13

Linda R.S. v. Richard D.,
        410 U.S. 614 (1973) ....................................................................................... 20

Lujan v. Defenders of Wildlife,
        504 U.S. 555 (1992) ........................................................................... 20, 21, 23

Martin v. Westlake Financial Service,
        No. 11-CV-6345 (CBA)(RML) (E.D.N.Y. Jan. 23, 2012) ............................. 5

Martsolf v. JBC Legal Grp., P.C.,
        2008 WL 275719 (M.D.Pa. Jan. 30, 2008) ................................................... 19

Miller v. Wolpoff & Abramson, L.L.P.,
        321 F.3d 292 (2d Cir. 2003) .......................................................................... 20

Muniz v. Bank of Am., N.A.,
        2012 WL 2878120 (S.D.N.Y. July 13, 2012) ................................................. 7

Oei v. N. Star Capital Acquisitions, LLC,
        486 F. Supp. 2d 1089 (C.D. Cal. 2006) ........................................................ 19

Park v. Shapiro & Swertfeger, LLP,
        2013 U.S. Dist. LEXIS 23086 (N.D. Ga. 2013) ............................................ 16

Pascal v. JPMorgan Chase Bank, Nat. Ass'n,
        2013 WL 878588 (S.D.N.Y. Mar. 11, 2013) ................................................... 7

Pollice v. National Tax Funding, LP,
        225 F.3d 379 (3d Cir. 2000) .......................................................................... 18

Reese v. Ellis, Painter, Ratterree & Adams, LLP,
        678 F.3d 1211 (11th Cir. 2012) ....................................................................... 5

Roban v. Marinosci Law Group,
        34 F. Supp. 3d 1252 (S.D. Fla. 2014) ............................................................. 5

Russell v. Equifax ARS,

      74 F.3d 30 (2nd Cir. 1996) ................................................................................ 12, 14

Sciortino v. Barrett Daffin Frappie Levin & Brock, LLP,
      2013 U.S. Dist. LEXIS 186720 (N.D. Ga. 2013) ............................................. 16

Schlosser v. Fairbanks Capital Corp.,
      323 F.3d 534 (7th Cir. 2003) ............................................................................ 8

Sheldon v. Clarfield Okon Salomone & Pincus, P.L.,
      No. 15-cv-60379-WJZ (S.D. Fla. July 31, 2015) ............................................. 5

Shoup v. McCurdy & Candler, LLC,
      465 Fed. Appx. 882 (11th Cir. 2012) ............................................................... 17

Stenberg v Carhart,
      530 U.S. 914 (2000) .......................................................................................... 7

Summers v. Earth Island Inst.,
      555 U.S. 488 (2009) ..................................................................................... 21, 22

Suquilanda v. Cohen & Slamowitz, LLP,
      2011 WL 4344044 (S.D.N.Y. Sept. 8, 2011) ................................................... 17

United States v. Students Challenging Regulatory Agency Procedures,
      412 U.S. 669 (1973) .......................................................................................... 21

U.S. v. National Financial Services, Inc.,
      98 F.3d 131 (4th Cir. 1996) .............................................................................. 14

Valcin v. Prestige Directors, LLC,
      No. 15-CV-4295 (ARR)(LB) (E.D.N.Y. Dec. 7, 2015) .................................... 5

Wallace v. Washington Mutual Bank,
      683 F.3d. 323 (6th Cir. 2012) ........................................................................... 13

Warren v. Sessoms & Rogers, P.A.,
      676 F.3d 365 (4th Cir. 2012) ............................................................................ 12

Warth v. Seldin,
      422 U.S. 490 (1975) ..................................................................................... 21, 22

Wheeler v. Codilis & Assocs., P.C.,
      2013 U.S. Dist. LEXIS 175848 (N.D. Ill. 2013) .............................................. 15

## Federal Statutes

12 U.S.C. § 2605 ...................................................................................................... 3

15 U.S.C. § 1692a(4) ................................................................................................ 1

15 U.S.C. § 1692a(6) ........................................................................................ 1, 7, 18

15 U.S.C. § 1692a(6)(F)(iii) .................................................................................. 7, 8

15 U.S.C. § 1692e ............................................................................................. *passim*

15 U.S.C. § 1692e(10) ................................................................................... 9, 14, 18

15 U.S.C. § 1692e(11) .............................................................................................. 3

15 U.S.C. § 1692g ............................................................................................. *passim*

15 U.S.C. § 1692g(a) ...................................................................................... 3, 10, 18

15 U.S.C. § 1692g(a)(2) ................................................................................... *passim*

15 U.S.C. § 1692g(d) ............................................................................................. 10

15 U.S.C. § 1692k(a) ........................................................................................ 11, 20

## Rules

Fed. R. Civ. P. 12(b)(6) ........................................................................................... 4

NYCPLR § 3012-b(a) 11

## Miscellaneous

Black's Law Dictionary 263 (6th ed. 1990) ............................................................ 6

## I.     INTRODUCTION

This action is brought to secure redress for the unlawful debt collection practices of Defendants, Rosicki, Rosicki & Associates, PC ("Rosicki") and Ditech Financial LLC, formerly, Green Tree Servicing, LLC ("Ditech"). Specifically, Ditech, through its attorney, Rosicki, in a communication made in an attempt to collect a debt, falsely and repeatedly identified Ditech as a "creditor" within the meaning of 15 U.S.C. § 1692a(4). And, when required to do so, Defendants failed to provide Plaintiff with the true identity of his creditor.

Ditech is not a creditor, but instead, is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). Literal false statements and material omissions, such as those made by Ditech and Rosicki, to the extent they have the ability to influence a consumer's decisions regarding his rights and remedies in relation to a debt. Courts dealing with this issue have sometimes decided the issue only referencing §1692e, while others have only referenced §1692g(a)(2) and some have referenced both. What is consistent with the cases dealing with the issue is that naming a servicer as the "creditor to whom the debt is owed" violates the FDCPA. A servicing agent is not the "creditor to whom the debt is owed" or "current creditor." Consistent with the plain language of §1692g(a)(2), decisions from Circuit and District Courts consistently require disclosure of the actual owner of the debt and not a servicing agent.

## II.     BACKGROUND

On or about August 11, 2005, Plaintiff signed a promissory note secured by a mortgage on his personal residence in Rockland County, New York. [ECF No. 1; ¶¶ 15-16]. According to Defendants, Plaintiff ceased making payments on the debt at some point in

2009. [ECF No. 1; ¶ 19]. The promissory note secured by Plaintiff's residence is a debt within the meaning of the FDCPA. [ECF No. 1; ¶ 17].      Defendants claim that Ditech became assignee of the already delinquent debt on about June 10, 2013. [ECF No. 1; ¶ 18]. Ditech, through its attorney, Rosicki, filed an action in Rockland County Superior Court on or about March 12, 2015, seeking to foreclose on the property <u>and</u> to obtain a deficiency judgment against Plaintiff, holding him personally liable for any balance remaining on the promissory note after sale of the mortgaged premises. Id.

 The Summons contained what is known as the mini Miranda or 1692g notices consisting of 5 pieces of information required to be disclosed to a consumer within 5 days of the first written initial communication to the consumer. One of the 5 pieces of information was "[t]he name of the creditor to whom the debt is owed" which the Summons identified as "Green Tree Servicing, LLC". While the statute specifically excludes a communication in the form of a formal pleading in a civil action from being treated as an initial communication for purposes of requiring the 5 disclosures to be sent, any subsequent communication with a consumer does trigger the disclosure requirement. Here, however, Defendants seem to suggest in this case that they are never required to send a mini Miranda or 1692g notice where the initial communication is in the form of a formal pleading. However, where there is a communication that is not a formal pleading they are required to send the mini Miranda or 1692g notice.

 If the Defendants supplied accurate information in the Summons there would not have been a federal complaint filed. However, Defendants not only failed to supply required information, they supplied false information. Further, they have still not given the Plaintiff the name of the creditor to whom the debt is owed as required by the FDCPA.

In a Qualified Written Request sent to Ditech pursuant to 12 U.S.C. § 2605, Ditech informed Plaintiff that, at the time the Rockland County action was filed, "the name of the creditor to whom the debt is owed" was actually the Federal National Mortgage Association ("FNMA"), colloquially referred to as "Fannie Mae." [ECF No. 1; ¶ 22]. This patent misstatement of such a critical material fact clearly carries with it the capacity to mislead and deceive any consumer as to his rights as a litigant and a consumer under the FDCPA.

Shortly after the state court foreclosure complaint was filed, Plaintiff received two additional documents, a "certificate of merit" as well as a "request for judicial intervention." [ECF No. 1; ¶ 23]. Both documents constitute "communication" within the meaning of the FDCPA, but neither contained the disclosures required by 15 U.S.C. § 1692e(11).[1] Moreover, since the state court complaint did not constitute an "initial communication" for the purposes of 15 U.S.C. § 1692g(a), it logically follows that the first subsequent communication, is the "initial communication." That being the case, Defendant was, within 5 days of the "initial communication" required to provide Plaintiff with, *inter alia,* the name of the creditor to whom the debt is owed. See, 15 U.S.C. § 1692g(a)(2). Defendant failed to do so.

For the aforementioned reasons, and because it is Defendant's policy and procedure to consistently violate the FDCPA in the aforedescribed manner, Plaintiff brings the instant action in an attempt to secure redress on behalf of himself and a class of other similarly situated individuals.

---

[1] § 1692e(11) requires a disclosure to the consumer that "the debt collector is attempting to collect a debt."

### III.   LEGAL STANDARD

Rule 12(b)(6) provides that a cause of action shall be dismissed if a complaint fails

"to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a

Rule 12(b)(6) motion, the court's task is "merely to assess the legal feasibility of the

complaint, not to assay the weight of the evidence which might be offered in support

thereof." AmBase Corp. v. City Investing Co. Liquidating Trust, 326 F.3d 63, 72 (2d

Cir.2003). Therefore, in reviewing a motion to dismiss, a court "must accept the facts

alleged in the complaint as true and construe all reasonable inferences in [the plaintiff's]

favor." Fowlkes v. Adamec, 432 F.3d 90, 95 (2d Cir.2005) (citation omitted).

"To survive dismissal, the plaintiff must provide the grounds upon which his claim

rests through factual allegations sufficient to raise a right to relief above the speculative

level." ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir.2007) (quoting Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "While a complaint attacked by a Rule

12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

obligation to provide the grounds of his entitlement to relief requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do."

Twombly, 550 U.S. at 555, (internal quotation marks and citations omitted). Rather, the

claim must be "plausible on its face." Id. at 570. "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009) (citation omitted). Thus, the plausibility standard "asks for more than a sheer

possibility that a defendant has acted unlawfully," id., but "does not impose a probability

requirement," Twombly, 550 U.S. at 556.

10

## IV.     ARGUMENT

### A.     Plaintiff Has Stated A Claim Under The FDCPA

To state a claim under the FDCPA, plaintiff must show that (1) she was the object of

collection activity arising from consumer debt, (2) defendants are debt collectors as

defined by the FDCPA and (3) defendants have engaged in an act or omission prohibited by

the FDCPA. Martin v. Westlake Financial Service, No. 11-CV-6345 (CBA)(RML) (E.D.N.Y. Jan.

23, 2012).

### 1.     Plaintiff was the object of collection activity arising from a consumer debt.

The question of whether the FDCPA applies to actions to foreclose on a security

interest when the foreclosing party also seeks a deficiency judgment is an open question in

this court, as the Second Circuit has explicitly declined to rule on it. See Boyd v. J.E. Robert

Co., Inc., 765 F.3d 123, 125 n.3 (2d Cir. 2014) ("... we do not address the District Court's

conclusion that the FDCPA does not apply to enforcements of security interests against

property."). Valcin v. Prestige Directors, LLC, No. 15-CV-4295 (ARR)(LB) (E.D.N.Y. Dec. 7,

2015). However, after considering nearly identical circumstances, other courts

(particularly in the 11th Circuit[2]) have ruled that state court foreclosure actions seeking to

collect on the underlying promissory note is debt collection activity within the meaning of

the FDCPA. See, e.g., Sheldon v. Clarfield Okon Salomone & Pincus, P.L., No. 15-cv-60379-

WJZ (S.D. Fla. July 31, 2015) ("Defendant requests that the state court enter a deficiency

---

[2] Roban v. Marinosci Law Group, 34 F. Supp. 3d 1252 (S.D. Fla. 2014) (A mortgage foreclosure action that also
seeks payment on the underlying promissory note is debt collection for the purposes of the FDCPA); Freire v.
Aldridge Connors, LLP, 994 F.Supp.2d 1284, 1287-88 (S.D.Fla.2014) (Hurley, J.) ("[I]n the Eleventh Circuit,
the filing of a mortgage foreclosure action will constitute debt collection activity only when the complaint
seeks also to collect on the note...."); Battle v. Gladstone Law Grp., P.A., 951 F.Supp.2d 1310, 1313
(S.D.Fla.2013) (Martinez, J.) (filing a complaint seeking mortgage foreclosure and payment on a promissory
note is debt collection under the FDCPA); see also Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d
1211, 1216 (11th Cir. 2012) (The promissory note is a debt within the plain language of the [FDCPA]).

judgment if proceeds from the foreclosure sale fail to satisfy the debt. ...Accordingly, the Court finds that Defendant's state court foreclosure action seeks to collect on the underlying promissory note and is a debt collection activity within the meaning of the FDCPA."). In a unanimous opinion, the United States Supreme Court noted that "[t]o collect a debt or claim is to obtain payment or liquidation of it, either by personal solicitation or legal proceedings." Heintz v. Jenkins, 514 U.S. 291, 294 (1995) (quoting Black's Law Dictionary 263 (6th ed. 1990)). The purpose of a deficiency judgment (a "legal proceeding") is to remunerate a lender for the amount of debt that exceeds the value of the security interest. Because a right to a deficiency action would not exist but for the existence of a promissory note, it follows that the equitable remedy of a deficiency action, for purposes of the FDCPA arises precisely under the same debt obligation created by the promissory note. Baggett v. Law Offices of Daniel C. Consuegra, PL, No. 3:14-cv-1014-J-32PDB (M.D. Fla. Apr. 15, 2015).

Here, careful to avoid any language suggestive of the fact that their state court complaint sought to collect the amount due on a promissory note, Defendants argue that Plaintiff's claim is not valid because the state court foreclosure action is not ''debt collection activity'' for the purposes of the FDCPA. This argument overlooks the obvious; the state court complaint seeks a judgment holding Plaintiff liable for the full amount of the promissory note:

> "WHEREFORE plaintiff demands judgment ... that the amount of principal due the plaintiff on said note and mortgage may be adjudged in the sum of $339,486.30 plus interest from August 1st, 2009, and that from the money arising from the sale, plaintiff be paid the amount $339,486.30 principal due it on said note and mortgage with interest and late charges that may be due and owing [and] ... that the defendants AARON COHEN be adjudged to pay any deficiency which may remain[.]"

Therefore, because Defendants are requesting that the state court enter a deficiency judgment if proceeds from the foreclosure sale fail to satisfy the debt, this Court should find that Defendants' state court foreclosure action seeks to collect on the underlying promissory note and is debt collection activity within the meaning of the FDCPA.

2.      Defendants are debt collectors as defined by the FDCPA.

Defendants make no attempt to suggest they are not debt collectors as defined by the FDCPA. Clearly, they are. The FDCPA defines "debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). "When a statute includes an explicit definition, a court must follow that definition, even if it varies from that term's ordinary meaning." Stenberg v. Carhart, 530 U.S. 914, 942 (2000). Courts must therefore use the FDCPA's definition to determine whether Green Tree is a "creditor" within the meaning of the FDCPA. As an initial matter, Plaintiff recognizes that the FDCPA exempts from the "debt collector" definition "any person collecting or attempting to collect any debt owed or due . . . another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). Thus, mortgage servicers are typically not "debt collectors" as defined by the FDCPA **unless** they obtained the particular mortgage at issue after the mortgagor defaulted. See Pascal v. JPMorgan Chase Bank, Nat. Ass'n, No. 09-CV-10082, 2013 WL 878588, at *3 (S.D.N.Y. Mar. 11, 2013) ("The FDCPA only covers servicers who obtain a mortgage that is already in default."); Muniz v. Bank of Am., N.A., No. 11-CV-8296, 2012 WL 2878120, at *4 (S.D.N.Y. July 13, 2012) (dismissing an FDCPA claim for failing to allege that a home loan was in default at the time it was acquired by the bank);

13

Franceschi v. Mautner-Glick Corp., 22 F. Supp. 2d 250, 253 (S.D.N.Y. 1998) (explaining that "the FDCPA does not apply to collection efforts by those who obtained the right to payment on the debt before the debt was in default"). In, FTC v. Check Investors, Inc., 502 F. 3d 159 (3rd Cir. 2007) the Court stated: "as to a specific debt, one cannot be both a 'creditor' and a 'debt collector,' as defined in the FDCPA, because those terms are mutually exclusive." As the court explained in Schlosser v. Fairbanks Capital Corp., 323 F.3d 534, 536 (7th Cir. 2003), "[i]f the one who acquired the debt continues to service it, it is acting much like the original creditor that created the debt. On the other hand, if it simply acquires the debt for collection, it is acting more like a debt collector." Thus, in determining if one is a "creditor" or a "debt collector," courts have focused on the status of the debt at the time it was acquired.

Here, in the state foreclosure action Defendants filed against Plaintiff, Ditech claims not to have received assignment of Plaintiff's mortgage until June 10, 2013. Ditech also claims that Plaintiff's mortgage had been in default since August 1, 2009, nearly four years before Ditech claims to have acquired the debt. Therefore, Ditech has not and cannot establish that it falls into the exemption granted to those who obtain a debt "which was not in default at the time it was obtained." 15 U.S.C. § 1692a(6)(F)(iii). Ditech is a debt collector.

Regarding Defendant Rosicki, the Supreme Court held in Heintz v. Jenkins, 514 U.S. 291, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995), that the term "debt collector," as defined in the FDCPA, 15 U.S.C. § 1692a(6), encompasses "lawyer[s] who regularly tr[y] to obtain payment of consumer debts through legal proceedings." Id. at 294, 115 S.Ct. 1489 (emphasis added). The Court thus concluded that "the [FDCPA] applies to attorneys who

'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." Id. at 299, 115 S.Ct. 1489 (emphasis added). It is uncontroverted that Rosicki regularly collects or attempts to collect, through litigation, debts owed or due or asserted to be owed or due another, including residential mortgage debts. Rosicki is a debt collector.

### 3.     Defendants have engaged in an act or omission prohibited by the FDCPA.

Section 1692e prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Section 1692g requires a debt collector to disclose the identity of the creditor in an initial written communication, or within five days thereafter.

This case is a classic example of the simple situation where a consumer borrows money and owes it to a lender, a "creditor," and when the consumer stops making installment payments, the lender contracts with another party, a "debt collector," to collect the debt owed to the owner. Here, Plaintiff borrowed money from Fannie Mae, the "creditor," to buy a house and when he was no longer able to pay, Fannie Mae contracted with Green Tree, the "debt collector," to collect the debt from the Plaintiff.

This fact is memorialized in a letter from Ditech itself. In a letter to Ditech on September 17, 2015, Plaintiff requested the name of the name of the creditor that Ditech was collecting for. See Exhibit F to Carol Lastorino Declaration. In response, Ditech wrote "Please be aware Ditech did not originate nor owns the account; it merely services the account for a third party and can provide information from the servicing transfer date forward. The account is owned by Fannie Mae.....The servicer has authority to act on the

owner's behalf with regard to the administration of the account and respond to any questions about the account." Defendant's argument that Ditech is a "creditor" merely because it has authority to collect a debt from the consumer is completely nonsensical and runs afoul of the plain language of the FDCPA.

The Defendants violated §1692e of the FDCPA because they falsely stated that Green Tree Loan Servicing, LLC was the creditor to whom the Plaintiff's debt was owed when, in fact, Green Tree Servicing, LLC was not the creditor to whom the Plaintiff's debt was owed but was merely collecting the debt on the owner's (Fannie Mae's) behalf. As such the Defendants used a false, deceptive or misleading representation or means in the collection of a debt in violation of the FDCPA.

Shortly after the state court foreclosure complaint was filed, Plaintiff received two additional documents, a "certificate of merit" as well as a "request for judicial intervention." Both documents constitute a "communication" within the meaning of the FDCPA. The FDCPA defines "communication" very broadly as the conveying of information regarding a debt directly or indirectly to any person through any medium. Foti v. NCO Financial Systems, Inc., 424 F. Supp. 2d 643, 655 (S.D.N.Y. 2006). Plaintiff received these documents after the filing of the complaint in the state court foreclosure action. Other than the summons and complaint in the state court foreclosure action, Plaintiff had received no previous communication from Defendant. It has already been established that, for purposes of triggering a debt collector's responsibilities under 15 U.S.C. § 1692g(a), a summons and complaint is not an "initial communication." 15 U.S.C. § 1692g(d). However, the first communication after the summons and complaint is the initial communication, and does trigger the debt collector's obligations under 15 U.S.C. § 1692g(a), not the least of which is

to provide the consumer with the name of the creditor. See, 15 U.S.C. §1692g(a)(2). See also, Anderson v. Frederick J. Hanna & Associates, 361 F. Supp. 2d 1379 (N.D. Ga. 2005), acknowledging that an "initial communication" can occur after the filing of a summons and complaint. ("[A]lthough a debt collector may choose to file suit without initially communicating with the debtor, the law is clear that once an initial communication is made and the debtor requests verification, the debt collector must provide the verification before resuming collection efforts."). Here, the Defendants failed to comply with the requirements of Section 1692g(a) when they failed to provide Plaintiff with the name of his creditor.

The FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person ..." for potential damages and costs. 15 U.S.C. § 1692k(a). Defendants appear to suggest however, that New York law somehow forces them to misstate the identity of Plaintiff's creditor, or to omit disclosure of Plaintiff's creditor altogether. That is simply not the case. While NYCPLR § 3012-b(a) may have required Ditech to identify itself as "the creditor entitled to enforce rights under such documents," it does not require Ditech to falsely claim that it is the creditor to whom the debt is owed. Any reference to New York law serves only to mislead and confuse the issues. In any event, the term "creditor" has two different meanings, depending upon the context wherein it is used. For in the context of the FDCPA, the federal statute upon which this action is brought, the terms "creditor" and "debt collector" are mutually exclusive under the Act. See FTC v. Check Investors, Inc., 502 F.3d 159, 173 (3d Cir. 2007). Therefore, for purposes of the FDCPA, it is impossible for Ditech, a "debt collector," to also be a "creditor." In the context of communications subject to the FDCPA, when Ditech identified itself as a "creditor" it was making a false statement of material fact.

17

Therefore, Plaintiff's complaint on its face, taken as true and viewed in the light most favorable to Plaintiff, states a claim upon which relief may be granted under the FDCPA. As such, Defendants' motion to dismiss should be denied.

### 4.    The Violations are "Material"

As an initial matter, Defendant's "materiality" argument only could apply to the alleged Section 1692e violations. Section 1692g(a)(2) specifically requires debt collectors to identify the creditor to whom the debt is owed in the initial communication or within five days of the initial communication. There is nothing in the statute requiring the identity of the creditor to be "material" to the communication. See Lee v. Forster & Garbus LLP, 12-cv-420, 2013 WL 776740, *2 (E.D.N.Y., March 1, 2013). The FDCPA specifically and affirmatively requires, for the consumer's protection, the name of the creditor be disclosed. 15 U.S.C. §1692g(a)(2). By not naming the proper creditor, the consumer is misled and potentially severely prejudiced. "Imposing liability based on a statement incorrectly identifying the name of a creditor comports with the purposes of the FDCPA." Hepsen v. J.C. Christensen and Associates, Inc., 2009 WL 3064865, at *5 (M.D. Fla. Sept. 22, 2009).

If Congress requires certain information be disclosed that requirement must be complied with fully, not technically or "close enough". Russell v. Equifax ARS, 74 F. 3d 30 (2nd Cir. 1996) ("We recognize there are many cunning ways to circumvent §1692g under cover of technical compliance, but purported compliance with the form of the statute should not be given sanction at the expense of the substance of the Act."). By requiring that the name of the creditor be disclosed, Congress made a determination that the information is material. If Congress determines that an item of information is material, a court cannot decide otherwise. Warren v. Sessoms & Rogers, P.A., 676 F.3d 365, 374 (4th Cir. 2012).

18

<u>Lee v. Forster & Garbus LLP</u>, provides guidance on this issue, in Lee the Court in strictly applied Section 1692g(a)(2) in regards to the "materiality" issue and further held that the correct identity of the "creditor" was material for purposes of Section 1692e. In rejecting the Defendant's argument that the properly identify of the creditor wasn't material the Lee court specifically stated:

> Defendants fare no better insisting that any misidentification in the Collection Letter was immaterial. As an initial matter, this argument only could apply to the alleged Section 1692e and Section 1692f violations. Section 1692g(a)(2) specifically requires debt collectors to identify the creditor to whom the debt is owed in the initial communication or within five days of the initial communication. There is nothing in the statute requiring the identity of the creditor to be "material" to the communication. In addition, even assuming, arguendo, that a deceptive statement must be material to violate Section 1692e and Section 1692f, failing to identify the creditor here was not immaterial as a matter of law. The entity to which a debtor owes money potentially affects the debtor in the most basic ways, such as what the debtor should write after "pay to the order of" on the payment check to ensure that the debt is satisfied. (emphasis added)

Accordingly, Defendants' materiality argument is without merit. Courts considering the matter have overwhelmingly held that correct identification of the creditor is material. Specifically, in <u>Bourff v. Rubin Lublin, LLC</u>, 674 F. 3d 1238 (11th Cir.2012), the 11th Circuit Court of Appeals stated, "The identity of the "creditor" in these notices is a serious matter." (emphasis added). As noted above that case involved the same set of facts as the case before this Court. <u>Wallace v. Washington Mutual Bank</u>, 683 F.3d 323, 327-328 (6th Cir. 2012) (correct identification of the debt collector and the owner of the debt is material). In passing the FDCPA Congress specifically required a debt collector to identify to the consumer the identity of the "creditor" to whom the debt was owed. 15 U.S.C. Section 1692(g)(2). It cannot, as a matter of law, be that misrepresenting the name of the creditor constitutes a "harmless mistake" when that very information is required by the Act to be provided. As such it is a per se violation of Section 1692(e) and in particular it violates

19

1962(e)(10). Bourff held that a notice which names a servicer as the creditor is a violation

of Section 1692(e) and a material one at that. As to the proscription against false

representations, any representation which is objectively false constitutes a per se violation

of Section 1692e. Creighton v. Emporia Credit Service, Inc., 981 F.Supp. 411 (E.D.Va. 1997).

Even if not objectively false, any statement which is capable of deceiving or misleading

violates Section 1692e. Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985).

Deception is tested under the standard of the "least sophisticated consumer." U.S. v.

National Financial Services, Inc., 98 F.3d 131 (4th Cir. 1996). This standard measures

tending to deceive "consumers of below average sophistication or intelligence." Clomon v.

Jackson, 988 F.2d 1314 (2nd Cir. 1993). Any "plausible" interpretation of a representation

which is deceptive or false to the "least sophisticated consumer" violates the FDCPA.

Dutton v. Wolhar, 809 F.Supp. 1130 (D. Del. 1992). A "message that is open to an inaccurate

yet reasonable interpretation by the consumer...is...deceptive as a matter of law." Creighton

v. Emporia Credit Service, Inc., 981 F.Supp. 411, 416 (E.D. Va. 1997); Russell v. Equifax

A.R.S., 74 F.3d 30 (2nd Cir. 1996). By misrepresenting that Green Tree is the "creditor" to

whom the debt is owed, when that is not true, as Green Tree not the holder of the

promissory note and is not entitled to the mortgage payments securing such note,

Defendants violated § 1692e.

5.    Case law supports denial of motion to dismiss

Bourff v. Rubin Lublin, LLC, 674 F. 3d 1238 (11th Cir.2012) involved facts that are

identical to the present case before this Court. In Bourff a creditor who owned a mortgage

and note hired BAC Home Loan Servicing, LP to service the loan. BAC Home Loan Servicing,

LP retained the defendant law firm, Rubin Lublin, to collect the loan after the borrower fell

behind. Rubin Lublin sent a notice to Bourff that identified the servicer, BAC Home Loan

Servicing, LP as "the creditor on the above-referenced loan." The Plaintiff claimed that the

notice sent by Rubin Lublin violated the FDCPA by falsely representing that BAC was the

"creditor" on the loan, despite entities in BAC's position being specifically excluded from

the definition of "creditor" by the language of the FDCPA. In holding that the letter

identifying BAC Home Loan Servicing, LP as the "creditor" violated 15 U.S.C. §1692e and 15

U.S.C. §1692g(a)(2) of the FDCPA the 11th Circuit Court of Appeals stated:

> The FDCPA, among other things, mandates that, as part of noticing a debt, a "debt
> collector" must "send the consumer a written notice containing"— along with other
> information—"the name of the creditor to whom the debt is owed[.]" 15 U.S.C. §
> 1692g(a)(2). In addition, the Act prohibits a "debt collector" from using "any false,
> deceptive, or misleading representation or means in connection with the collection
> of any debt." 15 U.S.C. § 1692e. The use of "or" in §1692e means that, to violate the
> FDCPA, a representation by a "debt collector" must merely be false, or deceptive, or
> misleading. A false representation in connection with the collection of a debt is
> sufficient to violate the FDCPA facially, even where no misleading or deception is
> claimed.(emphasis added) Plaintiff claims that Rubin Lublin violated the prohibition
> on "false, deceptive, or misleading representation[s]" by falsely stating in its
> collection notice that BAC was the "creditor" on Bourff's loan. The identity of the
> "creditor" in these notices is a serious matter. (emphasis added)

In addition to Bourff, other decisions agree that a servicing agent is not the

"creditor" and naming the servicing agent as the creditor violates 15 U.S.C. §1692e and 15

U.S.C. §1692g(a)(2) of the FDCPA. Wheeler v. Codilis & Assocs., P.C., 2013 U.S. Dist. LEXIS

175848 (N.D Ill. 2013) also involved identical facts to case currently before this Court. In

Wheeler, the Plaintiff alleged the Defendant violated 15 U.S.C. §1692g(a)(2) by failing to

accurately identify the "creditor to whom the debt is owed" in an initial debt collection

communication. Wheeler alleged that Defendant was attempting to collect a mortgage debt

that Plaintiffs allegedly owed and sent a letter which identified Bank of America, N.A as "the

creditor to whom the debt is owed." Plaintiffs alleged that Bank of America was not "the

creditor to whom the debt is owed." Instead, they alleged, Bank of America was the

servicing agent on Plaintiffs' mortgage and that the current owner of the debt was Federal

Home Loan Mortgage Corporation, commonly known as "Freddie Mac". The Court held that

the Plaintiff stated a claim under 15 U.S.C. 1692g(a)(2) stating:

> But that does not mean, as Defendant suggests, that "Section 1692g(a)(2) expresses
> a preference for the entity currently responsible for servicing and enforcing the note
> and mortgage." Id. Defendant has not pointed to any statutory provision or case law
> suggesting any such preference or otherwise supporting its contention that "the
> purpose of Section 1692g is best served by identifying the party with control over
> the administration and enforcement of the loan." The text of §1692g(a)(2) plainly
> requires identification of "the creditor to whom the debt is owed," regardless of
> whether that particular information might in some instances be less useful to a
> debtor than identification of the loan servicer or other entity. "Where the statute's
> language is plain, the court's function is to enforce it according to its terms." Kariotis
> v. Navistar Int'l Transp. Corp., 131 F.3d 672, 680 (7th Cir. 1997).

Sciortino v. Barrett Daffin Frappie Levin & Brock, LLP, 2013 U.S. Dist. LEXIS 186720

(N.D. Ga. 2013), also involved identical facts as the case before this Court. Sciortino holds

that identification of a servicing agent as the current creditor stated a claim under the

FDCPA. Sciortino defaulted on the mortgage and note, and a company called Nationstar

Mortgage, LLC received an assignment of the servicing rights of Plaintiff's loan after the

default. The Plaintiff alleged that Fannie Mae was the "creditor to whom the debt is owed"

and Nationstar was the "servicer" of the loan. Plaintiff received a letter from a defendant

law firm which identified Nationstar, rather than Fannie Mae, as the "lender . . . to whom

the debt was owed."

In Park v. Shapiro & Swertfeger, LLP, 2013 U.S. Dist. LEXIS 23086 (N.D.Ga., Jan. 9,

2013), the court held that in an identical fact pattern as the one before this Court that

identification of a servicing agent as the current creditor stated a claim under the FDCPA.

Park received a letter which stated that Wells Fargo was the "creditor". The Plaintiff argued

that Fannie Mae was the actual creditor and that Wells Fargo received assignment while the note was in default solely for the purpose of facilitating collection of such debt for Fannie Mae. Park alleged that Wells Fargo was only the "servicer" of the loan, and not the "creditor," and that it was a "false, deceptive or misleading representation" to identify Wells Fargo as the creditor in the letters. The Court held that:

> Given the requirement of Section 1692g(a)(2), and reading the allegations in the light most favorable to the Plaintiff, it is plausible that Defendant's references to Wells Fargo could have led at least an unsophisticated consumer into believing Wells Fargo was the creditor…Plaintiff alleges that Wells Fargo, the loan servicer, "received an assignment of the Plaintiff's note and security deed on September 1, 2011 while the note was in default solely for purpose of facilitating collection of such debt for Fannie Mae."…..Assuming this factual allegation is true—which the Court must at this stage of the case—Plaintiff has sufficiently pleaded that Wells Fargo was not, in fact, Plaintiff's creditor for purposes of a debt collection notice. (emphasis added) See Shoup, 465 Fed. Appx. at 884 ("[t]he allegation that the loan servicer was not a 'creditor' was enough to state a plausible claim for relief under the FDCPA") (citing Bourff, 674 F.3d at 1241).

In Shoup v. McCurdy & Candler, LLC, 465 Fed. Appx. 882, 2012 U.S. App. LEXIS 6443 (11th Cir. March 30, 2012), the Eleventh Circuit followed Bourff and held that identifying a servicing agent as the current creditor violated the FDCPA. The 11th Circuit Court of Appeals held:

> Here, viewing the allegations in the complaint in the light most favorable to Shoup, she has alleged that MERS did not offer or extend credit to her and that she does not owe a debt to MERS. Because the FDCPA defines a "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed," 15 U.S.C. §1692a(4), Shoup has alleged that MERS is not a "creditor" under the FDCPA. Finally, because the complaint alleges that McCurdy & Candler's initial communication letter falsely identified MERS as her "creditor," the complaint states a plausible claim for relief under the FDCPA.

In  Janetos v. Fulton Friedman & Gullace, LLP, No. 15-1859, 2016 WL 1382174 (7th Cir. Apr. 7, 2016), the Defendants did not identify the name of the current creditor clearly. The Court noted that the name of the creditor was material as it provides a way for a consumer to

23

confirm that paying the debt collector will extinguish the debt to the creditor. The Consumer

Financial Protection Bureau advises that consumers do this when paying a debt collector.

> "Suppose the sender of these letters had been not Fulton but a party who had no legal right to collect the debts on Asset Acceptance's behalf—perhaps someone who gathered debt information from public court records. The letters did not identify who currently owned the debts, so a consumer wishing to verify that a payment would extinguish her obligation could not contact the current creditor to confirm that paying the letter-writer would be the proper course of action. In fact, the Fulton letters actually instructed consumers to direct all further contact not to Asset Acceptance but to Fulton itself. Unless the unsophisticated consumer makes the effort to demand verification under § 1692g, an unscrupulous sender could confirm that the consumer should send it a payment to extinguish the debt. That consumer would find that she had lost that money while her actual debt remained unpaid. So while defendants are correct that Fulton was in fact authorized to collect debts on Asset Acceptance's behalf, not all consumer debtors will be so lucky." *Janetos* at *6

In Suquilanda v. Cohen & Slamowitz, LLP, No. 10 Civ. 5868 (PKC), 2011 WL 4344044

(S.D.N.Y., Sept. 8, 2011), the court held that naming a servicing agent as the creditor

violated both 15 U.S.C. §1692g and 15 U.S.C §1692e(10) of the FDCPA. MRC Receivables

owned a debt and hired Midland Credit Management ("MCM") to service it. "Pursuant to

the terms of a servicing agreement between MRC and MCM, MCM was responsible for

managing and servicing the collection of the debts owned by MRC. MCM hired Cohen &

Slamowitz collect the debt. Cohen & Slamowitz sent an initial demand letter identifying

MCM as the "current creditor" instead of MRS. Suquilanda alleged that defendants violated

15 U.S.C §1692e(10) by falsely listing "Midland Credit Management" as the creditor in a

letter when it was just the servicer rather than "MRC Receivables Corporation" who was

the actual creditor who held legal title to the debt. The court held that plaintiff's complaint

that the letter falsely listed the servicer, that did not own her debt, as the creditor stated a

claim for violation of §1692g(a) and that failing to correctly identify the creditor states a

claim for relief under 15 U.S.C §1692e(10).

B.    Ditech Is Vicariously Liable For Rosicki's Acts

Rosicki, a law firm, was retained by Ditech to prosecute the state court foreclosure action against Plaintiff. The violative communications at issue were made to Plaintiff during the course of that litigation. Federal courts that have considered the issue [of vicarious liability] have held that the client of an attorney who is a "debt collector," as defined in § 1692a(6), is vicariously liable for the attorney's misconduct if the client is itself a debt collector as defined in the statute. Thus, vicarious liability under the FDCPA will be imposed for an attorney's violations of the FDCPA if both the attorney and the client are debt collectors as defined in § 1692a(6). Pollice v. National Tax Funding, LP, 225 F.3d 379, 405 (3d Cir. 2000) (quoting First Interstate Bank of Fort Collins v. Soucie, 924 P.2d 1200, 1202 (Colo.Ct.App. 1996)); Janetos v. Fulton Friedman & Gullace, LLP, No. 15-1859, 2016 WL 1382174, at *7 (7th Cir. Apr. 7, 2016). Here, it is undisputed that both Ditech and Rosicki are debt collectors.

The nature of an attorney-client relationship itself reflects that the client has the power to "control" its agent in material respects if the client wishes to do so. Martsolf v. JBC Legal Grp., P.C., 2008 WL 275719, at *11 (M.D.Pa. Jan. 30, 2008) (existence of attorney-client relationship, in which debt collection company retained law firm and transmitted information to firm for the purposes of debt collection services, showed exercise of control sufficient to hold debt collection company vicariously liable for attorney's actions); Oei v. N. Star Capital Acquisitions, LLC, 486 F. Supp. 2d 1089, 1094-95 (C.D. Cal. 2006) (not requiring explicit showing of control over attorney's actions to find vicarious liability); see also Kimber v. Federal Financial Corp., 668 F. Supp. 1480, 1486 (M.D. Ala. 1987) (noting that without vicarious liability for an attorney's actions, a "debt collector could simply

25

evade the [FDCPA] by hiring an attorney to do what it could not do itself"). Plaintiff has alleged that both Ditech and Rosicki meet the definition of "debt collector" under the FDCPA, and that they maintained an attorney-client relationship. There is no suggestion that Rosicki acted outside the scope of its authority in prosecuting the state court foreclosure action. Therefore, Ditech may be held vicariously liable for the actions of Rosicki.

### C.     Plaintiff Has Standing To Sue Under The FDCPA

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The statute provides for civil liability for a wide range of abusive actions, and, here, Plaintiff focuses his claims on violations of Section 1692e and Section 1692g of the statute. The FDCPA creates a private right of action against "any debt collector who fails to comply with any provision of this subchapter with respect to any person." See 15 U.S.C. § 1692k(a). A statute may permit recovery of statutory damages for statutory violations even when the plaintiff has not suffered actual damages. See, Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 307 (2d Cir. 2003) (finding plaintiff has standing to sue for violation of Fair Debt Collection Practices Act ("FDCPA") even though plaintiff did not suffer actual damages); Ehrich v. I.C. Sys., Inc., No. 09 Civ. 726, 2010 WL 301965, at *2 (E.D.N.Y. Jan 20, 2010) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)) (same). Congress may expand the range or scope of injuries that are cognizable for purposes of Article III standing by enacting statutes which create legal rights. Thus, as the Supreme Court has explained, "Congress may enact statutes creating legal rights, the invasion of which creates [constitutional] standing, even though no injury would exist without the statute." Linda R.S. v. Richard D., 410 U.S. 614, 617 n. 3, 93 S.Ct. 1146, 35

L.Ed.2d 536 (1973); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 578, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (stating that "[t]he . . . injury required by Art. III may exist solely by virtue of statutes creating legal rights," and that this "principle involve[s] Congress' elevating to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law") (quotations omitted); Akins v. Fed. Election Comm'n, 101 F.3d 731, 736 (D.C.Cir.1996) (en banc) ("Although Congress may not `create' an Article III injury that the federal judiciary would not recognize, ... Congress can create a legal right (and, typically, a cause of action to protect that right) the interference with which will create an Article III injury." (citations omitted) (vacated on other grounds).

Defendant argues that the complaint must be dismissed for lack of subject matter jurisdiction because plaintiffs have not established "actual harm," and thus has no standing under Article III. Defendant, however, ignores the fact that, by being the target of unlawful debt collection practices, Plaintiff has suffered the requisite "injury in fact," regardless the presence of so-called "actual harm."

To have Article III standing, plaintiffs must allege (1) an injury in fact, (2) a causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision. See, e.g., Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Id. (citations and quotations omitted). Such an injury may exist by virtue of a violation of statutorily-created legal rights, so long as the plaintiff is within the class of persons who are given a statutory right to relief and alleges a "distinct and palpable injury to himself." Warth v. Seldin, 422 U.S. 490, 501, 95 S. Ct. 2197,

27

45 L. Ed. 2d 343 (1975); see also Summers v. Earth Island Inst., 555 U.S. 488, 497, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009) (although Congress can create procedural rights, Article III still requires the party bringing suit to show that the action "injures him in a concrete and personal way" (citation omitted)). A plaintiff need not suffer a substantial injury in order to establish Article III standing, however. See, e.g., Am. Bottom Conservancy v. U.S. Army Corps of Eng'rs, 650 F.3d 652, 656 (7th Cir. 2011) ("The magnitude, as distinct from the directness, of the injury is not critical to the concerns that underlie the requirement of standing."); Doe v. Cnty. of Montgomery, Ill., 41 F.3d 1156, 1159 (7th Cir. 1994) ("[A]n identifiable trifle is enough for standing to fight out a question of principle; the trifle is the basis for standing and the principle supplies the motivation." (quoting United States v. Students Challenging Regulatory Agency Procedures (SCRAP), 412 U.S. 669, 689 n.14, 93 S. Ct. 2405, 37 L. Ed. 2d 254 (1973)). Even a diminution in a legally-protected interest, such as being denied the opportunity to watch wildlife, is sufficient injury. Am. Bottom Conservancy, 650 F.3d at 656. A plaintiff likewise has standing to bring suit for a violation of a consumer protection statute that caused "little measurable injury" so long as the suit would clearly redress "an injury of some sort." Crabill v. Trans Union, LLC, 259 F.3d 662, 665 (7th Cir. 2001) (discussing the Fair Credit Reporting Act).

Applying these principles, Plaintiffs have alleged a particularized injury that is sufficient to establish standing. Plaintiffs allege that defendants violated interests that are protected by the FDCPA. The FDCPA prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e. Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 62 (2d Cir. 1993); Abramov v. IC System, Inc., 54 F. Supp. 3d 270 (E.D.N.Y. 2014). Plaintiffs' allegation that Defendant, in an

28

attempt to conceal the actual identity of creditor of Plaintiffs mortgage loan, falsely identity Green Tree Funding, LLC as the "name of the creditor to whom the debt is owed" establishes a violation of the rights protected by the FDCPA.

In addition, Plaintiffs' alleged injuries "reasonably can be said to have resulted, in a[] concretely demonstrable way, from [Defendant's] alleged . . . statutory infractions." Warth, 422 U.S. at 504. Plaintiff's injuries are not conjectural or hypothetical, unlike some of the cases cited by Defendant where plaintiffs asserted an injury that did not result in the deprivation of any concrete interest. Cf. Summers, 555 U.S. at 496-97 (plaintiffs did not have standing to enjoin United States Forest Service from enforcing regulations that related to salvage-timber sales where they had failed to allege that any particular timber sale or other project would impede a specific plan to enjoy the National Forests); Lujan, 504 U.S. at 563-64 (plaintiffs had not established injury in fact by asserting that they intended to visit areas affected by rule interpreting the Endangered Species Act, where they did not describe any concrete plans for the visits). Plaintiff, by contrast, was directly injured by defendants' violations of the FDCPA because he was directly subjected to false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

## V.   CONCLUSION

The Plaintiff is a consumer. The Defendants are debt collectors. The Complaint in this action sufficiently alleges facts to support the allegation that the Defendants violated the FDCPA. For the foregoing reasons, more specifically set forth in this memorandum, the Defendants' motion to dismiss should be denied.

Dated: Atlanta, Georgia

29

May 9, 2016

**The Law Offices of Shimshon Wexler, PC**

By: /s Shimshon Wexler
     Shimshon Wexler
     Attorney for Plaintiff
     315 W Ponce de Leon Ave Suite 250
     Decatur, Georgia 30030
     Tel: (212)760-2400
     Fax: (917)512-6132
     swexleresq@gmail.com

30

## CERTIFICATE OF SERVICE

I hereby certify that on May 9th, 2016 a true and correct copy of the foregoing was served via email and regular mail.


 s/ Shimshon Wexler
Shimshon Wexler, Esq.