**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AARON COHEN, on behalf of himself and all others similarly situated,<br><br>                            Plaintiff,<br><br>      -against-<br><br>DITECH FINANCIAL LLC, ROSICKI, ROSICKI & ASSOCIATES PC<br><br>                           Defendants. | No. 2:15-cv-6828 |

**DEFENDANT DITECH FINANCIAL LLC'S REPLY IN FURTHER SUPPORT OF ITS**
**<u>MOTION TO DISMISS CLASS ACTION COMPLAINT</u>**

**BALLARD SPAHR LLP**
**919 3rd Avenue**
**New York, NY 10022**
**(212) 223-0200**
*Attorneys for Ditech Financial LLC*

## **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ....................................................................................................... 1

II.  LEGAL ARGUMENT................................................................................................ 2

    A.   The Disclosure Of Green Tree As Creditor In The Summons Was Neither False, Misleading and/or Deceptive Under Section 1692e Of The FDPCA. ..................... 2

    B.   The Disclosure Of Green Tree As Creditor Did Not Occur In Connection With Debt Collection. ........................................................................................................ 5

    C.   Plaintiff Failed To Plead Vicarious Liability. .......................................................... 6

    D.   Plaintiff Did Not Plead An Injury in Fact Under Article III. .................................. 7

    E.   The Certificate Of Merit And Request For Judicial Intervention Are Not The Initial Communications Under Section 1692g Of The FDCPA. ............................. 8

II.  CONCLUSION........................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

Baur v. Veneman,
   352 F.3d 625 (2d Cir. 2003)...............................................................................................7

Derisme v. Hunt Leibert Jacobson P.C.,
   880 F. Supp. 2d 339 (D. Conn. 2012)..................................................................................5

Donohue v. Quick Collect, Inc.,
   592 F.3d 1027 (9th Cir. 2010) .............................................................................................3

Hahn v. Triumph Partnerships LLC,
   557 F. 3d 755 (7th Cir. 2010) ..............................................................................................3

Lee v. Forster & Garbus,
   2013 WL 776740 (E.D.N.Y. Mar. 1, 2013).........................................................................4

Martsolf v. IBC Legal Group, P.C.,
   2008 WL 275719 (M.D. Pa. Jan. 30, 2008).........................................................................6

McCrory v. Administrator of Federal Emergency Management Agency of U.S. Dept. of
   Homeland Sec.,
   22 F. Supp. 3d 279 (S.D.N.Y. 2014)....................................................................................7

Plumey v. New York State,
   389 F. Supp. 2d 491 (S.D.N.Y. 2005)..................................................................................6

Plummer v. Atlantic Credit & Finance, Inc.,
   66 F. Supp. 3d 484 (S.D.N.Y. 2014)....................................................................................6

Sentementes v. General Elec. Co.,
   2014 WL 2881441 (D. Conn. Jun. 25, 2014).......................................................................7

Spokeo, Inc. v. Robins,
   2016 WL 2842447, ____ S. Ct. _____ (May 16, 2016) ...................................................7

**OTHER CASES**

Aurora Loan Services LLC v. Taylor,
   25 N.Y. 3d 355, 34 N.E. 3d 363 (2015)...............................................................................3

**FEDERAL STATUTES**

FCRA .............................................................................................................................................7

FDCPA ............................................................................................................................. passim

FDCPA applies….when ...................................................................................................5

§ 1692e of the FDCPA ..................................................................................................2, 3

§ 1692g(d) of the FDCPA .............................................................................................2, 8

§§ 1692g and 1692e of the Federal Fair Debt Collection Practices Act (the "FDCPA") .................1

§ 1692g Of The FDCPA ....................................................................................................8

**REGULATIONS**

22 NYCRR 202.12-a ..........................................................................................................8

Defendant Ditech Financial LLC f/k/a Green Tree Servicing LLC ("Green Tree"), by its undersigned counsel, hereby submits its Reply Memorandum in Further Support of its Motion to Dismiss Plaintiff Aaron Cohen's ("Plaintiff") Class Action Complaint (the "Motion").

## I.     INTRODUCTION

In his Response in Opposition to Green Tree's Motion to Dismiss (the "Response"), Plaintiff argues that he pled valid claims against Green Tree under Sections 1692g and 1692e of the Federal Fair Debt Collection Practices Act (the "FDCPA") because: (1) the identification of Green Tree as creditor of the subject loan (the "Loan") in the summons is a materially false statement because Fannie Mae is the creditor; (2) the underlying foreclosure proceeding (the "Foreclosure Action")[1] is an action to collect a debt under the FDCPA because Green Tree preserved the right to bring a deficiency proceeding; (3) the FDCPA provides for vicarious liability; (4) Plaintiff satisfied Article III standing by alleging that Green Tree subjected him to false, misleading and/or deceptive representations by misidentifying the creditor of the Loan; and (5) the certificate of merit and request for judicial intervention in the Foreclosure Action are initial communications in connection with the collection of a debt.  None of Plaintiff's arguments carry the day.

First, the summons accurately identified Green Tree as creditor as it held the note and mortgage (which Plaintiff does not dispute) and NYCPLR 3012-b defines the creditor in a foreclosure as the party that is entitled to enforce those documents.  Second, the Foreclosure Action did not constitute debt collection under the FDCPA as Green Tree did not—and could

---

[1] The underlying foreclosure action is styled *Green Tree Servicing LLC v. Aaron Cohen*, Index No.: 031030/2015 (Rockland County Supreme Court).

not—file a motion for deficiency judgment at the time that it served the summons, certificate of merit or request for judicial intervention. Indeed, if the proceeds from the sale in the Foreclosure Action satisfy the outstanding balance of the Loan, Green Tree will not even have a right to seek a deficiency judgment.

Third, Plaintiff cannot hold Green Tree vicariously liable for the alleged actions of Rosicki, Rosicki & Associates, P.C. ("Rosicki") without first alleging some detail as to their relationship and Rosicki's authority to act on Green Tree's behalf. Moreover, while Plaintiff alleges that he suffered a particularized harm by being subject to false and/or misleading debt collection representations, he fails to allege any concrete injury because of it, which is a *sine qua non* for Article III standing. Lastly, Section 1692g(d) of the FDCPA provides that formal parts of the pleadings (which the certificate of merit and request for judicial intervention are under New York foreclosure law) cannot constitute initial debt collection communications under Section 1692g(a).

Accordingly, the Court should dismiss the Complaint with prejudice.

## II.    LEGAL ARGUMENT

### A.    The Disclosure Of Green Tree As Creditor In The Summons Was Neither False, Misleading and/or Deceptive Under Section 1692e Of The FDPCA.

In the Motion, Green Tree emphasized that: (1) under New York law it is properly named as plaintiff in the Foreclosure Action; (2) the request for judicial intervention did not identify Green Tree as the creditor; (3) NYCPLR 3012-b required the certificate of merit to identify Green Tree as the creditor; and (4) it would be inconsistent and confusing to consumers if Green Tree identified a different entity as the creditor in the summons. [Motion at pp. 5-7]. In the Response, Plaintiff does not dispute the first two points but argues that, as to the summons, "New

2

York law does not require [Green Tree] to falsely claim that it is the creditor to whom the debt is owed." [Response at p. 17].

Plaintiff ignores that Green Tree is the creditor for purposes of the Foreclosure Action. Nowhere in the Response does Plaintiff dispute that Green Tree holds the subject note and mortgage, which determines foreclosure standing under New York law. See, e.g., Aurora Loan Services LLC v. Taylor, 25 N.Y. 3d 355, 34 N.E. 3d 363 (2015) (holding that "the note, and not the mortgage, is the dispositive instrument that conveys standing to foreclose under New York law."). Moreover, NYCPLR 3012-b explicitly defines the foreclosing plaintiff as the ***creditor*** "entitled to enforce rights under such documents." See NYCPLR 3012-b(a). As Green Tree was the proper plaintiff in the foreclosure action, it had to be identified as creditor in all parts of the foreclosure pleading. Accordingly, such representation is neither misleading, false nor deceptive under Section 1692e of the FDCPA.

At a minimum, the disclosure of Green Tree as creditor in the summons is a non-material statement under the FDCPA. "A statement cannot mislead unless it is material, so a false but non-material statement is not actionable." Hahn v. Triumph Partnerships LLC, 557 F. 3d 755 (7th Cir. 2010). "In assessing FDCPA liability, we are not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1034 (9th Cir. 2010).

Here, the disclosure of Green Tree as creditor in the summons is non-material under Section 1692e of the FDCPA. This disclosure did not mislead consumers since it was consistent with identifying Green Tree as the creditor in the certificate of merit, which ***Plaintiff acknowledged was correct,*** and as the plaintiff in the Foreclosure Action as required by New

3

York law. [Response at p. 17]. In fact, Plaintiff does not—and cannot—explain how disclosing two different entities (Green Tree and Fannie Mae) as creditors in separate parts of the foreclosure pleading would benefit him. To the contrary, disclosing Green Tree as creditor in the certificate of merit and Fannie Mae as creditor in the summons would likely confuse the consumer as to which entity was foreclosing.[2]

Plaintiff's attempt to analogize this case with Lee v. Forster & Garbus, 2013 WL 776740 (E.D.N.Y. Mar. 1, 2013) misses the mark. Contrary to Plaintiff's assertion, the Court in Lee did not hold that the misidentification of a creditor is a *per se* material statement under the FDCPA. Rather, there, the Court determined that the misidentification of the defendant as the creditor was a material violation because the defendant disclosed the originating lender as the current creditor when that was no longer the case. Id. at *2. In other words, there was no plausible reason whatsoever to disclose that entity as creditor.

In contrast, here, Green Tree was properly identified as creditor under New York law in a foreclosure pleading. To the extent it could be viewed as inaccurate, it is non-material as a matter of law.[3]

---

[2] In essence, what Plaintiff purports to do is craft the quintessential "heads I win, tails you lose" quandary. Should Green Tree identify itself as creditor in the foreclosure pleading, then Plaintiff could bring an FDCPA violation. On the other hand, if Green Tree were to identify Fannie Mae as the creditor, then Plaintiff attacks the foreclosure pleading as facially defective since the party that was entitled to enforce loan documents was not named as the creditor.

[3] Plaintiff also relies on Bourff v. Rubin Lublin LLC, 674 F. 3d 1238 (11th Cir. 2012) and Sciortino v. Barrett Daffin Frappie Levin & Brock, LLP, 9 F. Supp. 3d 1322 (N.D. Ga. 2013) for the proposition that misidentification of the creditor, standing alone, satisfies the materiality element under Section 1692e of the FDCPA. [Response at pp. 19-20]. However, Bourff and Sciortino are inapposite since they did not involve the disclosure of an entity as creditor that was legally accurate. Specifically, in both Bourff and Sciortino, the defendant misidentified the wrong entity as creditor under the FDCPA in a debt collection letter. Here, the disclosure of Green Tree as creditor did not occur in the context of a debt collection letter but rather in a New York foreclosure pleading. In that context, the identification of Green Tree as creditor was legally correct under NYCPLR 3012-b since it was entitled to enforce the loan documents.

4

### B. The Disclosure Of Green Tree As Creditor Did Not Occur In Connection With Debt Collection.

Plaintiff also disputes that the Foreclosure Action does not constitute debt collection under the FDCPA. Specifically, Plaintiff asserts that "the question of whether the FDCPA applies….when the foreclosing party also seeks a deficiency judgment is an open question in this court." [Response at p. 11]. However, Plaintiff overlooks that, at the time of service of the summons, Green Tree was not actively seeking a deficiency judgment but had merely preserved the right to bring a deficiency action in the future **in the event** that the proceeds from the auction did not fully satisfy the outstanding balance on the Loan.

In New York, it is undisputed that there is no right to commence a deficiency proceeding until judgment and sale have occurred in the underlying foreclosure action. See NYRPAPL 1371 (lender may file a motion for deficiency judgment "within ninety days after the date of the consummation of the sale by the delivery of the proper deed of conveyance to the purchaser."). Here, none of these prerequisites had occurred at the time that Green Tree served the summons, certificate of merit or request for judicial intervention. Indeed, if they never occur, then Green Tree would *have no right whatsoever* to seek a deficiency judgment.

The right to file a motion for deficiency judgment at some indeterminate point in the future—if a deficiency in fact existed—does not transform the Foreclosure Action into debt collection under the FDCPA. See Derisme v. Hunt Leibert Jacobson P.C., 880 F. Supp. 2d 339, 361 (D. Conn. 2012) (noting that "At most, [the defendant] has preserved its client's ability to seek a deficiency judgment at a later time by including the claim in the complaint. However, since [the defendant] has not initiated deficiency proceedings pursuant to § 49–14 on its client's behalf, it has not attempted to collect a debt in connection with the foreclosure action but instead has only sought to enforce its client's security interest.").

5

Accordingly, as Green Tree had not filed a motion for deficiency judgment at the time that it served the summons, it was not engaged in debt collection, and thus, the Complaint should be dismissed.

### C. Plaintiff Failed To Plead Vicarious Liability.

In the Response, Plaintiff also claims that debt collectors can be held vicariously liable under the FDCPA for the acts of their agents so long as the actions occurred in the scope of their authority. [Response at pp. 25-26]. What Plaintiff ignores is that he pled **no facts whatsoever** to support a theory of vicarious liability.[4] It is well-settled that "[i]n order to avoid dismissal, a plaintiff must do more than plead mere conclusory allegations or legal conclusions masquerading as factual conclusions." Plumey v. New York State, 389 F. Supp. 2d 491 (S.D.N.Y. 2005).

Here, Plaintiff did not plead to what extent that Rosicki was authorized to act on behalf of Green Tree. For example, Plaintiff did not plead that Green Tree directed Rosicki to identify it as the creditor in the foreclosure pleadings.

Absent any allegations as to the nature of the relationship between Green Tree and Rosicki, Plaintiff's vicarious liability claim against Green Tree fails on its face and should be dismissed. Plummer v. Atlantic Credit & Finance, Inc., 66 F. Supp. 3d 484 (S.D.N.Y. 2014) (holding that the plaintiff adequately pled that the defendant was vicariously liable under the FDCPA where the complaint alleged that it "exercised control or had the right to exercise control over the collection activities" of its agent and the defendant caused the subject letter to be sent to the plaintiff); Martsolf v. IBC Legal Group, P.C., 2008 WL 275719 (M.D. Pa. Jan. 30, 2008)

---

[4] Tellingly, Plaintiff does not allege or argue that **Green Tree** failed to send validation of the debt pursuant to 15 U.S.C. § 1692g(a), or that it did not identify the "creditor" to whom the debt is owed, as defined by the FDCPA, in June 2013, after Green Tree was assigned the Plaintiff's mortgage. Instead, Plaintiff vaguely references "Defendants" in his Response in an attempt to veil that his entire claim is premised on vicarious liability which was not adequately pled.

6

(noting that the complaint pled that the debt collector "retains various law firms to engage in collection efforts on its behalf" and that debt collector "transmits large amounts of data to [lawyer], and [law firm] in turn produces collection letters such as those received by plaintiff"); Sentementes v. General Elec. Co., 2014 WL 2881441 (D. Conn. Jun. 25, 2014) (dismissing vicarious liability claim where the plaintiffs failed to plead that the agent was acting within the scope of her employment when she carried out the alleged acts).

### D. Plaintiff Did Not Plead An Injury in Fact Under Article III.

Plaintiff also claims that standing exists because he "alleged a particularized injury that is sufficient to establish standing" and Green Tree "violated interests that are protected by the FDCPA." [Response at p. 28]. However, "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." Spokeo, Inc. v. Robins, 2016 WL 2842447, ____ S. Ct. _____ (May 16, 2016). Specifically, "an injury in fact must be both concrete *and* particularized." Id. at *8. (Emphasis Added). To satisfy the concreteness requirement, the injury "must actually exist", and be "real and not abstract." Id.; Baur v. Veneman, 352 F.3d 625, 632 (2d Cir. 2003) (noting that "the requirement of concrete injury recognizes that if an injury is too abstract, the plaintiff's claim may not be capable of, or otherwise suitable for, judicial resolution.").

The Response reinforces the lack of any concrete injury to Plaintiff. Plaintiff claims that he satisfied concreteness by alleging that "*he was directly subjected* to false, deceptive or misleading representations or means in connection with the collection of any debt." [Response at p. 29] (Emphasis Added). Plaintiff conflates concreteness with particularized harm. See Spokeo at *8 (holding that the plaintiff's allegations that his statutory rights under the FCRA were violated and that he had personal interest in handling of his credit information "concern

7

particularization not concreteness."); see also McCrory v. Administrator of Federal Emergency Management Agency of U.S. Dept. of Homeland Sec., 22 F. Supp. 3d 279 (S.D.N.Y. 2014) (holding that the plaintiff did not suffer an injury in fact under Article III where the plaintiff "can point to no concrete interest that is affected by the deprivation of her procedural right to file an administrative challenge.").

Neither the Complaint nor the Response identify any tangible or intangible harm that Plaintiff suffered as a result of the alleged misidentification of Green Tree as creditor. Plaintiff does not claim any monetary harm as a result of this disclosure. Plaintiff does not allege that he waived some right under the mortgage or note because of the alleged misidentification. He does not allege that he took some action in the Foreclosure Action or in loss mitigation that he otherwise would not have done. As such, Plaintiff has failed to allege a concrete injury and the Complaint should be dismissed.

### E. The Certificate Of Merit And Request For Judicial Intervention Are Not The Initial Communications Under Section 1692g Of The FDCPA.

Finally, as discussed in the Motion, the certificate of merit and request for judicial intervention are "parts of a formal pleading" under Section 1692g(d) of the FDCPA. [Motion at pp. 14-16]. NYCPLR 3012-b provides that "in any residential foreclosure action involving a home loan…..in which the defendant is a resident of the property which is subject to foreclosure, the complaint *shall be accompanied by a certificate*." (Emphasis Added). Similarly, 22 NYCRR 202.12-a states that "[a]t the time that proof of service of the summons and complaint is filed with the county clerk, *plaintiff shall file* with the county clerk a specialized request for judicial intervention." (Emphasis Added).

The mere fact that Green Tree filed the RJI and certificate of merit after the complaint and summons does not alter their nature—they are required parts of a foreclosure pleading under

8

New York law, and thus under Section 1692g(d) of the FDCPA, cannot give rise to a Section 1692g claim. Thus, the Court should dismiss the claim under Section 1692g of the FDCPA with prejudice.

## II.     **CONCLUSION**

For all of the foregoing reasons, Plaintiff's Class Action Complaint should be dismissed with prejudice.

Dated:  May 23, 2016

                                                    Respectfully submitted,

                                                    By: /s/Justin Angelo
                                                    Justin Angelo
                                                    Ballard Spahr LLP
                                                    919 3rd Avenue
                                                    New York, NY 10022-3556
                                                    Telephone: 646.346.8012
                                                    angeloj@ballardspahr.com
                                                    *Attorneys for Ditech Financial LLC*

Of counsel:
Martin C. Bryce, Jr.
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: 215.864.8238
bryce@ballardspahr.com

9