*The Law Offices of Shimshon Wexler, PC*
*315 W Ponce de Leon Ave Suite 250*
*Decatur, GA 30030*
*Tel (212)760-2400*
swexleresq@gmail.com

January 19, 2017

<u>Via CM/ECF</u>
Honorable Leonard D. Wexler, USDJ
944 Federal Plaza
Central Islip, New York 11722

<u>RE:   Cohen v. Ditech Financial LLC et al/</u> 2:15-cv-06828-LDW-SIL

Dear Judge Wexler,

I am counsel of record for the Plaintiff, Aaron Cohen ("Plaintiff"), in the above-referenced matter. Pursuant to Section II B. of Your Honor's Individual Rules, I write to respectfully request a pre-motion conference for the purpose of allowing Plaintiff to file a Motion for Class Certification pursuant to Fed. R. Civ. P. 23.

On December 1, 2015, Plaintiff filed a class action complaint against Rosicki, Rosicki & Associates, PC ("Rosicki") and Ditech Financial LLC ("Ditech") f/k/a Green Tree Servicing LLC. The complaint alleged that Rosicki and Ditech violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.* The gravamen of the complaint was that Rosicki filed and served Plaintiff, and the proposed class members, with foreclosure complaints, the summonses of which stated in relevant part, "The name of the creditor to whom the debt is owed: GREEN TREE SERVICING LLC".  In fact, the name of the creditor to whom the debt was owed at the time the foreclosure summons and complaints were filed and served upon Plaintiff and the proposed class members was not Green Tree Servicing LLC, but rather Fannie Mae. Plaintiff alleges that Rosicki and Ditech violated 15 U.S.C. §1692e and 15 U.S.C. §1692g(a)(2) because they falsely stated in the summonses sent to Plaintiff and the proposed class members, that Green Tree Servicing LLC was the creditor to whom the debt was owed. The complaint further alleged that Rosicki and Ditech did not provide the Plaintiff – and proposed class members – with the correct name of the creditor (Fannie Mae) required by 15 U.S.C. §1692g(a)(2).

During discovery, the Plaintiff obtained information from Rosicki that during the proposed class term, Rosicki filed 215 foreclosure actions in the State of New York where the summons in the action stated in relevant part: "The name of the creditor to whom the debt is owed: GREEN TREE SERVICING LLC". The proposed class, having approximately 215 members, satisfies the numerosity requirement of Rule 23(a)(1). *See Korn v. Franchard Corp.*, 456 F.2d 1206 (2d Cir. 1972) (70 class members sufficient)

The commonality requirement of Rule 23(a)(2) is satisfied because Plaintiff and the proposed class members' claims all arise from a common nucleus of operative fact. The "common nucleus of operative fact" is that the Rosicki filed and served summonses in the form of Exhibit B to Rosicki's Motion to Dismiss (ECF No. 25-2) to the Plaintiff and each of the proposed class members. The proposed class members and Plaintiff share a common question of fact in that they all received a materially identical summons that Rosicki mailed to them at Ditech's request. The above mentioned summonses all stated in relevant part: "The name of the creditor to whom the debt is owed: GREEN TREE SERVICING LLC", when in fact Green Tree Servicing LLC was not the creditor to whom the Plaintiff and the class members debts were owed. The common question of law shared between Plaintiff and the proposed class members is whether Rosicki and Ditech violated the FDCPA by sending summonses in the form represented by Exhibit B to Rosicki's Motion to Dismiss (ECF No. 25-2) that named Green Tree Servicing LLC as the creditor. See *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 145, 166-167 (2d Cir. 1987) (common defenses applicable to whole class satisfied commonality requirement)

The typicality requirement of Rule 23(a)(3) is satisfied because typicality is inherent in the class definition. By definition, each of the proposed class members has been subject to the same treatment as Plaintiff. Plaintiff and each of the proposed class members received a materially identical summons that named Green Tree Servicing LLC as the creditor to whom their debt was owed, under the same circumstances. Plaintiff's claims – and the claims of the proposed class members - all turn on the legality of sending summonses in the form represented by Exhibit B to Rosicki's Motion to Dismiss (ECF No. 25-2) that stated: "The name of the creditor to whom the debt is owed: GREEN TREE SERVICING LLC". Thus, in litigating this case, the Plaintiff and the potential class members will set forth the same FDCPA claims based on the same facts. See *Robidoux v. Celani*, 987 F.2d 931, 936-937 (2d Cir. 1993) (if same conduct is directed toward

named plaintiff and putative class members, minor factual differences will not defeat typicality)

The adequacy requirement of Rule 23(a)(4) is satisfied because Plaintiff has no interests that are antagonistic to any of the proposed class members. Plaintiff and the proposed class members have suffered the same injury as a result of the identical conduct of Rosicki and Ditech. The claims of Plaintiff are based on the same facts and circumstances as the claims of the proposed class members. Additionally, Shimshon Wexler has been approved to represent an FDCPA class as recently as January 6, 2016. See *Cohn v Pressler et al.* 1:14-cv-02855-RER, Dkt. 36.

Plaintiff will seek to certify the class pursuant to Rule 23(b)(3). Class certification pursuant to Rule 23(b)(3) is appropriate where (1) common questions of law or fact predominate over individual questions; and where (2) a class action represents a superior method for the fair and efficient adjudication of the controversy. Here, Plaintiff's alleged common issue of fact – i.e., a materially identical summons to a complaint mailed by Rosicki at Ditech's request, to Plaintiff and the proposed class members, each of which misidentified the creditor, predominates over any individual issues relating to each proposed class member. Likewise, a common issue of law – i.e., whether the summonses at issue violated the FDCPA – predominates over any individual issues relating to each proposed class member. Thus, Rule 23's predominance requirement is satisfied. Furthermore, given the large number of individual lawsuits that would be required if a class were not certified, a class action presents a superior method to fairly and efficiently adjudicate all of the claims of the proposed class members in this case, within the meaning of Rule 23(b)(3). See *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997).

Plaintiff believes that through discovery they have obtained enough information to satisfy all the elements under Fed. R. Civ. P. 23 to certify this matter as a class action. Furthermore, based on the aforementioned arguments, Plaintiff asserts that this matter is appropriate for class certification. Therefore, Plaintiff respectfully requests that this Court set a pre-motion conference for the purpose of setting a briefing schedule for Plaintiff's anticipated class certification motion. We thank the Court for its consideration in this matter.

Yours Very Truly,<br>
/s/ Shimshon Wexler