# Ballard Spahr LLP

919 Third Avenue, 37th Floor
New York, NY 10022-3915
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Adam P. Hartley
Tel: 646-346-8033
Fax: 212-223-1942
HartleyA@ballardspahr.com

January 25, 2017

BY ECF

Hon. Leonard D. Wexler
United States District Court
Eastern District of New York
944 Federal Plaza
Central Islip, NY 11722

Re:  *Cohen v. Ditech Financial LLC et al*
     No. 2:15-CV-06828 (LDW) (SIL)

Dear Judge Wexler:

Defendant Ditech Financial, LLC ("Ditech") requests that the court either deny the Plaintiff's request for pre-motion conference for class certification or, in the alternative, reserve ruling on the request pending the Court's disposition of Ditech's Motion to Dismiss filed on May 23, 2016. [D.E. 29-33].[1]  Ditech requests the Court's deferral because: (1) class certification would be premature while dispositive motions are pending; (2) class certification is unwarranted; (3) the summary judgment deadline has not yet passed; and 4) a deferral will not result in prejudice to any of the parties.

First, the Second Circuit has endorsed the notion that it is "within a district court's discretion to reserve decision on a class certification motion pending disposition of a motion to dismiss." *Benfield v. Mocatta Metals Corp.*, 1993 U.S. Dist. LEXIS 5856, at *7 (S.D.N.Y. May 3, 1993) (citing *Chrsitensen v. Kiewit-Murdock Investment Corp.*, 815 F.2d 206, 214 (2d Cir. 1987) *cert. denied*, 484 U.S. 908 (1987)); *see also In re Starbucks Employee. Gratuity Litigation*, 264 F.R.D. 67, 75 (S.D.N.Y. 2009).  Currently, Ditech's Motion to Dismiss for Failure to State a Claim, D.E. 30, is pending the Court's decision.  It would be premature for the Court to take upon consideration a motion for class certification when dispositive motions -- that may render such a motion moot or narrow the issues subject to certification -- are pending.  Deferral of such consideration protects both the parties and the court from needless and costly litigation and from considering whether such a ruling would prejudice the parties.  *In re Starbucks Employee Gratuity Litigation*, 264 F.R.D. at 75.

---

[1] Co-Defendant, Rosicki, Rosicki & Associates, PC also filed a Motion to Dismiss on May 20, 2016 which remains pending. [D.E. 24-27]

Second, class certification is unwarranted because Plaintiff does not have standing to represent any class. Specifically, Plaintiffs lack standing under Article III to prosecute an individual or class claim under Section 1692 of the FDCPA given that he suffered no concrete or particularized injury. Because standing goes to the existence of this Court's subject matter jurisdiction, Ditech respectfully requests that the Court resolve that issue before deciding class certification. More importantly, as outlined in the arguments set forth in its Motion to Dismiss, Ditech did not violate the FDCPA, making Plaintiff's request for class certification moot.

Third, although Ditech is seeking an extension of the Summary Judgment deadline due to its pending Motion to Dismiss, the Summary Judgment deadline of February 10, 2017 has not yet passed. In the event the Motion to Dismiss is denied, Ditech will move for Summary Judgment. It would be a waste of judicial time and resources to move to certify a class when dispositive motions will be pending. *See Christensen*, 815 F.2d at 214 (holding that a district court may rule on summary judgment motions before class certification to "protect both the parties and the court from needless and costly further litigation."); *In re Starbucks Employee Gratuity Litigation*, 264 F.R.D. at 75 (same).

Finally, a denial of the pre-motion request as premature or a deferment of ruling on the request will not prejudice Plaintiff or the alleged putative class.

For all the reasons above, Ditech respectfully requests that the Court either deny Plaintiff's request to move to certify the class without prejudice as premature or, in the alternative, reserve the issue of class certification pending the Court's disposition of the Ditech's pending Motion to Dismiss and possible Motions for Summary Judgment.

    Respectfully,

    /s/ Adam P. Hartley

    Adam P. Hartley

cc:  All counsel of record by ECF