

**RIVKIN RADLER**
ATTORNEYS AT LAW

WWW.RIVKINRADLER.COM

CAROL A. LASTORINO
PARTNER
(516) 357-3101
carol.lastorino@rivkin.com

January 25, 2017

**VIA ECF**

Honorable Leonard D. Wexler
United States Courthouse
Eastern District of New York
944 Federal Plaza
Central Islip, New York 11722

Re:   *Cohen v. Ditech Financial LLC and Rosicki, Rosicki & Associates, P.C.*
      Case No. 15-cv-6828(LDW)(SIL)   –   RR File No. 006040-00014

Dear Judge Wexler:

This firm represents defendant, Rosicki, Rosicki & Associates, P.C. ("Rosicki"), in the above-referenced action. We submit this letter pursuant to Rule 2(B) of Your Honor's Individual Motion Practice and Rules in opposition to plaintiff's letter dated January 19, 2017 requesting a pre-motion conference to file a motion for class certification under Fed. R. Civ. P. 23.

This action involves a claim under the Fair Debt Collection Practices Act ("FDCPA") based on the commencement and litigation of state foreclosure proceedings against plaintiff. After plaintiff defaulted on his mortgage payments, Green Tree Servicing LLC ("Green Tree"), now Ditech Financial LLC ("Ditech"), commenced a foreclosure proceeding against him in state court where Rosicki represents Green Tree. The sole predicate of the FDCPA claim is that defendants violated the FDCPA by failing to properly identify the current creditor in "initial communications" which consist of the pleadings and related court documents filed in the foreclosure proceeding.

Rosicki and Ditech made pre-answer motions to dismiss the complaint on the merits and those motions were fully submitted on May 23, 2016. Rosicki objects to plaintiff's request to make a motion for class certification while the motions to dismiss are pending.

The Second Circuit has held that it is within a district court's discretion to reserve decision on a class certification motion pending disposition of a motion to dismiss. *See Christensen v. Kiewit-Murdock Investment Corp.*, 815 F.2d 206, 214 (2d Cir.), *cert denied*, 484 U.S. 908 (1987). Discretion is afforded to district courts so that the merits of claims can be considered and decided before determining whether those claims are amenable to class certification. *See Kehoe v. Fidelity Fed. Bank & Trust*, 421 F.3d 1209, 1211 n.1 (11th Cir. 2005), *cert denied sub. nom., Fidelity Fed. Bank & Trust v. Kehoe*, 547 U.S. 1051 (2006) (holding that "it is 'within the court's discretion to consider the merits of the claims before their amenability to class certification'"). As the Second Circuit held in *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 239 (2d Cir. 1998), there is nothing in Rule 23 which precludes the court from examining the merits of plaintiff's claims on a proper Rule 12 motion to dismiss before addressing issues of class certification.

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555  F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495



Honorable Leonard D. Wexler
January 25, 2017
Page 2

Indeed, judicial economy is best served when there is an "initial ruling on the merits of a claim" as it "protect[s] the parties from needless and costly further litigation." *Rabin v. Mony Life Insurance Co.*, 2009 U.S. Dist. LEXIS 109889, *17 (S.D.N.Y. Nov. 10, 2009), *aff'd*, 387 Fed. Appx. 36 (2d Cir. 2010). Thus, "the usual and preferred practice is to rule on any pending motion to dismiss before addressing class certification." *Greenburg v. Hiner*, 173 Fed. Appx. 367, 368 n.2 (6th Cir. 2006).

It is respectfully submitted that the merits of plaintiff's FDCPA claim should be decided by this Court before a motion for class certification is made. If the Court grants Rosicki's motion to dismiss, plaintiff's FDCPA claims will be wholly disposed of and it will, therefore, be unnecessary to reach a motion for class certification. Interests of judicial economy are particularly compelling here since the complaint fails to state a claim against Rosicki under the FDCPA on numerous grounds as a matter of law.

As a threshold matter, Rosicki's alleged conduct relates exclusively to commencing and litigating the foreclosure proceeding against plaintiff which does not constitute debt collection under the FDCPA.[1] Moreover, none of the court documents in the foreclosure proceeding constitutes an initial communication with the debtor under the FDCPA because the FDCPA (i.e. 15 U.S.C. § 1692g(d)) explicitly excludes legal pleadings from application of the notice requirements of § 1692g. In addition, the legal pleadings accurately identified Green Tree as the "creditor to whom the debt is owed" under § 1692g(a)(2) as Green Tree was the holder of the note and mortgage and had standing to foreclose the mortgage under New York law. Such accurate identification is neither deceptive nor misleading to sustain a claim under 15 U.S.C. § 1692e and any alleged misstatement as to the current creditor is also not actionable because it is not material which is required for § 1692e claims. In addition, plaintiff lacks standing to pursue his FDCPA claims as he has suffered no actual injury stemming from the court documents in the foreclosure action.

Accordingly, Rosicki respectfully requests that the Court deny plaintiff's request to make a motion for class certification.

                        Respectfully yours,

                        RIVKIN RADLER LLP

                        Carol A. Lastorino

CAL/bd
cc: All Counsel (*via ECF*)

3593843

---

[1] In fact, United States District Court Judge Sandra F. Feuerstein recently decided in *Hill v. DLJ Mortg. Capital, Inc.*, 2016 U.S. Dist. LEXIS 138526 (E.D.N.Y. Sept. 30, 2016), that the FDCPA does not apply to mortgage foreclosure proceedings. A copy of this decision was previously sent to this Court for consideration on December 9, 2016.