# Ballard Spahr LLP

919 Third Avenue, 37th Floor
New York, NY 10022-3915
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Adam P. Hartley
Tel: 646.346.8033
Fax: 212.223.1942
hartleya@ballardspahr.com

February 10, 2017

*Via ECF*

Honorable Leonard D. Wexler
Senior United States District Court Judge
United States Court House
Eastern District of New York
944 Federal Plaza
Central Islip, NY 11722

Re:  *Aaron Cohen v. Ditech Financial LLC, et al.*
 Case No.: 2:15-CV-6828 (Eastern District of New York)

Dear Judge Wexler:

Pursuant to Rule 2(B) of Your Honor's Individual Practices, Defendant Green Tree Servicing LLC n/k/a Ditech Financial LLC ("Green Tree" or "Ditech") requests a pre-motion conference to allow Ditech to move for summary judgment against all claims of plaintiff Aaron Cohen.[1]

The record overwhelmingly establishes that there is no genuine dispute regarding the material facts of this case: Plaintiff brings this single-count putative class action to recover statutory damages for alleged violations of 15 U.S.C. § 1692e and 15 U.S.C. 1692g(a)(2) of the Fair Debt Collection Practices Act (the "FDCPA"). Specifically, Plaintiff's alleges that Green Tree was identified as the creditor in Plaintiff's mortgage loan (the "Loan") in a filed mortgage foreclosure complaint, certificate of merit, and the request for judicial intervention *(Green Tree was not listed as a creditor in the request for judicial intervention)*. [ECF No. 1 at ¶¶ 18-23]. Plaintiff asserts that the foreclosure complaint alleges that the loan was assigned to Green Tree when it was in default. [ECF No. 1 at ¶18-19]. Plaintiff alleges that Fannie Mae, not Green Tree, was the true creditor of the Loan. [ECF No. 1 at ¶22].

---

[1] It should be noted that Ditech's Motion to Dismiss the Complaint is currently pending before the Court.[ECF 29-33]. Although the Motion to Dismiss is fully briefed and pending, this pre-motion letter is being filed to comply with the Court's mandatory summary judgment deadline. Ditech would request the Court to rule on its Motion to Dismiss prior to the pre-motion conference for its request for summary judgment.

DMEAST #28438028 v1

Honorable Leonard D. Wexler
February 10, 2017
Page 2

According to the Complaint, Green Tree allegedly violated 15 U.S.C. §1692e of the FDCPA because "[it] falsely stated that [Green Tree] was the creditor to whom the Plaintiff's debt and the debts of the putative class members was owed when, in fact [Green Tree] was not the creditor." [ECF No. 1 at ¶31]. Similarly, Plaintiff alleges that Green Tree violated 15 U.S.C. §1692g of the FDCPA by allegedly failing "to name the creditor to whom the Plaintiff's debt and the debts of the putative class members was owed." [ECF No. 1 at ¶ 33].

For the following reasons, Ditech believes that summary judgment should be granted pursuant to Rule 56 of the Federal Rules of Civil Procedure. First, the FDCPA only applies to debt collection activities,[2] and it is well-settled that a mortgage foreclosure is **not** debt collection. See, e.g., Boyd v. J.E. Robert & Co., 2013 WL 5436969, at *9 (E.D.N.Y. Sep. 27, 2013) (observing that "foreclosure activities do not constitute debt collection under the FDCPA."); Derisme v. Hunt Leibert Jacobson P.C., 880 F. Supp. 2d 339, 361 (D. Conn. 2012) (holding that "an action seeking foreclosure under Connecticut law should be considered the enforcement of a security interest as opposed to an action to collect a debt.").

In any event, Green Tree was, as a matter of law, properly named as the creditor in the foreclosure complaint and certificate of merit. Critically, Plaintiff's theory that Green Tree should not be named as the plaintiff in the mortgage foreclosure complaint ignores New York law which confers standing to foreclose only upon the holder or assignee of the note. See, e.g., Aurora Loan Services LLC v. Taylor, 25 N.Y. 3d 355, 361, 34 N.E. 3d 363, 366 (2015) (holding that "the note, and not the mortgage, is the dispositive instrument that conveys standing to foreclose under New York law."). Nowhere in the Complaint nor the action itself does Plaintiff dispute that Green Tree (Ditech) actually holds the note and was assigned the mortgage. Hence, what Plaintiff asks the Court to do is essentially hold that Green Tree violated the FDCPA by bringing a foreclosure complaint in its own name despite the fact that New York law requires it to do so. See, e.g., Aldom v. Phelan, Hallinan & Diamond, P.C., 2015 WL 5722584, at *6 (D.N.J. Sep. 29, 2015) (holding that statement in letter that loan servicer, and not the investor, was the plaintiff's lender was neither false nor misleading under §1692e of the FDCPA).

In any event, Plaintiff lacks standing to seek statutory damages – Plaintiff does not seek the award of any actual damages - under the FDCPA in the absence of some actual injury. Ehrich v. Credit Protection Ass'n, L.P., 891 F. Supp. 2d 414, 418 (E.D.N.Y. 2012) (dismissing FDCPA claim for statutory damages where the plaintiff suffered no actual injury as the "FDCPA's statutory damages provision is insufficient in itself to confer standing upon a plaintiff who has no other basis for his or her claim."). Here, Plaintiff neither alleges actual harm nor seeks to recover actual damages. Thus, on its face, Plaintiff's FDCPA claim fails. Carubia v. Cohen & Slamowitz LLP, 2015 WL 348205, at *5 (N.D.N.Y. Jan. 23,

---

[2] See, e.g., Zimmerman v. HBO Affiliate Group, 834 F. 2d 1163, 1167 (3d Cir. 1987) ("A threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a debt.").

Honorable Leonard D. Wexler
February 10, 2017
Page 3

2015) (dismissing the plaintiff's FDCPA claim as "[he] fails to state a claim under this provision because he fails to allege that these events directly impacted him."). One must clearly articulate facts demonstrating a concrete actual injury to confer Article III standing under the FCRA.  See Spokeo, Inc. v. Robins, S. Ct., 2016 U.S. LEXIS 3046, * 16 (2016) [No. 13-1339] (interpreting Article III standing to require "a concrete injury in the context of a statutory violation" and observed that "[f]or that reason, [a plaintiff] could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III").  Based upon the information procured in discovery, it is clear Plaintiff has sustained no damages and suffered no injury.  It is clear that there is no injury and thus no standing.

Furthermore, federal courts have regularly held that alleged technical misstatements do not give rise to FDCPA claims.  Hahn v. Triumph Partnerships LLC, 557 F.3d 755, 758 (7th Cir. 2009) (holding that "a false but non-material statement is not actionable" under the FDCPA because "[a] statement cannot mislead unless it is material"); Lane v. Fein, Such & Crane LLP, 767 F.Supp.2d 382, 389-90 (E.D.N.Y. 2011) (finding that misstatement in state complaint was not materially false or misleading under FDCPA); Walsh v. Law Offices of Howard Lee Schiff, P.C., 2012 WL 4372251, at *3-6 (D. Conn. Sept. 24, 2012) (dismissing §1692e claim predicated on alleged procedural misconduct in prior state court action).

Lastly, Plaintiff's claim under §1692g is fatally flawed for an independent reason.  Specifically, Plaintiff asserts that the mortgage foreclosure complaint was the initial communication in connection with the collection of the debt, and Green Tree violated §1692g(a)(2) by naming itself in the complaint as the "creditor to whom the debt is owed." However, Plaintiff overlooks that §1692g(d) explicitly exempts legal pleadings from the provisions of §1692a.  See 15 U.S.C. §1692g(d); Fritz v. Resurgent Capital Services, LP, 955 F. Supp. 2d 163, 166 (E.D.N.Y. 2013) (observing that "Congress legislatively overruled Cohen by amending the FDCPA section dealing with initial communications to exclude a formal pleading in a civil action.").  As Plaintiff cannot predicate a §1692g claim on a foreclosure complaint or any papers germane to the complaint, Ditech is entitled to summary judgment.

Accordingly, Ditech respectfully requests this Court order a pre-motion conference on its request to move for summary judgment.

Respectfully Submitted,

*/s/ Adam P. Hartley*
Adam P. Hartley, Esq.


cc:     Shimshon Wexler, Esq.
        Carol Lastorino, Esq.

DMEAST #28438028 v1