*The Law Offices of Shimshon Wexler, PC*
*315 W Ponce de Leon Ave. Ste 250*
*Decatur, GA 30030*
*Tel (212)760-2400*
*Fax (917)512-6132*
*swexleresq@gmail.com*

February 16, 2017

Via CM/ECF

Hon. Leonard D. Wexler., USDJ
U.S. District Court
Eastern District of New York
944 Federal Plaza
Central Islip, NY 11722

Re:   Cohen v Ditech Financial LLC et al.
        Case No. 2:15-cv-6828-LDW-SIL

Dear Judge Wexler,

    This letter is in response to Defendants' pre-motion letters (Dkt. 46 and 47) pursuant to Your Honor's rules.

    Defendant's argument that the complaint which forms the basis of Plaintiff's claims is not related to debt collection activity is completely disproven by the language of the very complaint that Defendant attached as an exhibit to their previous motion to dismiss. (See ECF No. 25-2).

    The Summons references Plaintiff's particular debt and warns Plaintiff that he must dispute the debt's validity within thirty days after receiving the Summons or his debt will "be assumed to be valid." Additionally, the Summons, emphatically announces itself as an attempt at debt collection: "YOU ARE HEREBY PUT ON NOTICE THAT WE ARE ATTEMPTING TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." (See ECF 25-2, p. 3) A reasonable consumer would credit the above warning, its instruction to take action within thirty days, and its statement that it represents an attempt to collect a debt to mean that the summons is related to debt collection. *See* Hart v. FCI Lender Services, Inc., 797 F. 3d 219 (2d. Cir. 2015).

    Finally, and most importantly, the foreclosure complaint itself seeks debt collection as a relief. In the Wherefore clause of the complaint (ECF No. 25-2 p. 7) the Defendant specifically seeks the following relief, "that the defendants AARON COHEN be adjudged to pay any deficiency which may remain." Therefore, Defendant's argument that their summons and complaint do not related to debt collection activity when a money judgment against the Plaintiff is a part of the relief they specifically seek is particularly brazen and completely meritless.

Ditech's argument that Green Tree was properly named as the creditor ignores the plain language of the law. The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another. *See* 15 U.S.C. §1692a(4).

Under this definition, a creditor can be any person (1) who offers credit creating a debt, (2) who extends credit creating a debt, or (3) <u>to whom a debt is owed</u>, unless the person acquired a defaulted debt solely for the purpose of collecting it for another.

The evidence shows (Dkt. 37) that Plaintiff's mortgage loan was not originated by Green Tree and Green Tree only began servicing the mortgage loan after the loan went into default. The evidence (Dkt. 37) further shows that Green Tree services the loan for Fannie Mae who owns the debt and is the entity to whom the debt is owed.

Defendant's argument that they are the creditor fails because they do not meet any of the tests under 15 U.S.C. §1692a(4). First, Green Tree is not the person who offered credit creating the debt. Second, Green Tree is not the person who extended credit creating the debt. Third Green Tree is not the person "to whom the debt is owed". The facts show that the entity "to whom the debt is owed" is not Green Tree Servicing, LLC because Green Tree Servicing, LLC is only the servicing agent for the true creditor. The facts show that the true entity "to whom the debt is owed" i.e., "the creditor" is Fannie Mae. There is no question that Green Tree was not and is not Plaintiff's creditor because the Plaintiff's mortgage loan is owned by Fannie Mae and Green Tree merely services the mortgage loan for its true owner Fannie Mae.

Defendant's argument that Plaintiff does not have Article III standing is misguided. First the case law cited by Defendant is all incorrect. Prior to <u>Spokeo Inc. v. Robins,</u> 136 S. Ct. 1540 (2016), the Second Circuit in <u>Miller v. Wolpoff & Abramson, L.L.P.,</u> 321 F.3d 292 (2d Cir. 2003) held that actual damages are not required for standing under the FDCPA. Defendant's argument in their pre-motion letter seems to be that as a result of Spokeo, Plaintiff lacks standing because they do not meet the injury in fact element of standing because their injury is not "concrete". This argument is incorrect because it runs counter to the test for standing in the wake of <u>Spokeo</u> as articulated by the Second Circuit in <u>Strubel v. Comenity Bank,</u> 842 F.3d 181, 189 (2d Cir. 2016) and was specifically rejected by Judge Bianco of this District in the context of an FDCPA case in <u>Bautz v. ARS National Services Inc.</u>, 2016 WL 7422301 (E.D.N.Y. Dec. 23, 2016).

The Plaintiff's claim involves a materially false and misleading statement that is a substantive violation of 15 U.S.C. §§1692e and 1692g, and confers standing upon the plaintiff without running afoul of the guidance in <u>Spokeo</u> and <u>Strubel</u> because such conduct violates an individual's substantive statutory right to be free of abusive debt practices.

As Judge Bianco held in <u>Bautz</u>, "there is a meaningful distinction between the direct violation of a specific statutory interest that Congress has recognized—for example, the right to truthful information in debt collection communications—and an ancillary procedural infraction

that may or may not materially harm that interest. The former, if sufficiently alleged, establishes concrete injury for purposes of Article III." *Bautz* at *8 "Where a plaintiff sues to enforce a substantive legal right conferred by statute, she has standing to pursue that claim without need to allege a "material risk of harm" because the infringement of that right constitutes, in and of itself, a concrete injury." *Bautz* at *8

Like in Bautz, Plaintiff has pled a concrete interest for the purpose of Article III standing based on their receipt of the of the complaint because it violated a specific statutory interest that Congress has recognized a material violation of FDCPA and infringed plaintiff's substantive statutory right to be free from abusive debt practices.

Defendant's argument that their false statement did not meet the materiality requirement should be rejected because Judge Irizarry of this District rejected the same argument in Eun Joo Lee v. Forster & Garbus LLP 926, F. Supp. 3d 482 (E.D.N.Y., 2013). In Eun Joo Lee, the plaintiff filed a lawsuit under the FDCPA claiming the defendant violated 15 U.S.C. §1692g(a)(2). In this matter, Plaitiff is suing alleging violations of 15 U.S.C. §1692g(a)(2). Judge Irizarry rejected the argument at a materiality requirement attached to claims under 15 U.S.C. §1692g(a)(2).

Judge Irizarry stated, "As an initial matter, this argument only could apply to the alleged Section 1692e and Section 1692f violations. Section 1692g(a)(2) specifically requires debt collectors to identify the creditor to whom the debt is owed in the initial communication or within five days of the initial communication. There is nothing in the statute requiring the identity of the creditor to be "material" to the communication. In addition, even assuming, *arguendo,* that a deceptive statement must be material to violate Section 1692e and Section 1692f, failing to identify the creditor here was not immaterial as a matter of law. The entity to which a debtor owes money potentially affects the debtor in the most basic ways, such as what the debtor should write after "pay to the order of" on the payment check to ensure that the debt is satisfied. Accordingly, Defendants' materiality argument is without merit." Eun Joo Lee, 926, F. Supp. 3d at 448. *See also* Janetos v. Fulton Friedman & Gullace, LLP, 825 F. 3d 317 (7th Cir. 2016) (holding not materiality requirement attaches to claims under §1692g)

Defendant's argument that their "g" notice was in the foreclosure complaint and thus is exempted from the requirements of the FDCPA misses the point. A "g" notice is required to be given with the initial communication. The Defendants clearly were attempting to convey the "g" notice. Indeed, the Defendants to this day have not provided another "g" notice although there were multiple communications with Plaintiff. Defendants are wrong that a "g" notice can be a false "g" notice as long as it is not required to be given. Defendants are also wrong that where the initial complaint contains a false "g" notice a correct "g" notice need never be given even with subsequent communications with the consumer.

                                                            Respectfully Submitted,
                                                             /s/ Shimshon Wexler