UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
AARON COHEN, on behalf of himself and
all others similarly situated,

         Plaintiff,
  -against-

DITECH FINANCIAL LLC, and ROSICKI,
ROSICKI & ASSOCIATES, P.C.,

         Defendants.
----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 24 2017 ★
LONG ISLAND OFFICE

MEMORANDUM AND ORDER

15-CV-6828
(Wexler, J.)

APPEARANCES:

 LAW OFFICES OF SHIMSHON WEXLER, PC
 BY: Shimshon Wexler, Esq.
 Attorney for Plaintiff
 315 W. Ponce de Leon Ave., Suite 250
 Decatur, Georgia 30030

 BALLARD SPAHR LLP
 BY: Justin Angelo, Esq.
 Attorneys for Defendant Ditech Financial LLC
 919 Third Avenue, Floor 37
 New York, New York 10022

 RIVKIN RADLER, LLP
 BY: Carol A. Lastorino, Esq.
 Attorneys for Defendant Rosicki, Rosicki & Associates, P.C.
 926 RXR Plaza
 Uniondale, New York 11556

WEXLER, District Judge:

  Plaintiff Aaron Cohen ("Cohen" or "Plaintiff") commenced this action, on behalf of himself and as a putative class action, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by defendants Ditech Financial LLC ("Ditech") and Rosicki, Rosicki & Associates, P.C. ("Rosicki"). Specifically, he seeks statutory damages, attorneys' fees, and costs for violations to § 1692e and § 1692g(a)(2) of the FDCPA. Currently

before the Court are each defendant's motion to dismiss pursuant Rule 12 (b)(6) of the Federal Rules of Civil Procedure. *See* Rosicki Motion, Docket Entry ("DE") [24]; Ditech Motion, DE [29]. For the reasons set forth herein, both motions are granted and the complaint is dismissed.

## I. BACKGROUND

### A. Factual Allegations and State Foreclosure Action[1]

On or about August 11, 2005, Cohen incurred a debt in the form of a mortgage loan. Complaint, DE [1], ¶ 15. The mortgage was assigned on more than one occasion, the last assignment occurring on June 10, 2013 to Green Tree Servicing LLC ("Green Tree"). *See* Foreclosure Complaint ¶4, Declaration of Carol A. Lastorino ("Lastorino Decl."), Ex. B, DE [25]. On March 11, 2015, Green Tree commenced a foreclosure proceeding in state court (the "Foreclosure Action") upon Plaintiff's default on his mortgage payments in 2009. *See* Foreclosure Compl. ¶7. After the foreclosure action was filed, Green Tree changed its name to Ditech.[2]

After the foreclosure complaint was filed, Plaintiff received two additional documents in furtherance of the Foreclosure Action: a Certificate of Merit Pursuant to CPLR 3012-b ("Certificate") and a request for judicial intervention ("RJI"). Compl. ¶23. The Certificate is dated March 11, 2015, bears the same caption as the Foreclosure Complaint, and certifies that plaintiff Green Tree "is the creditor entitled to enforce rights" under the pertinent documents. Certificate ¶2, Lastorino Decl. Ex. C. The RJI uses the same caption as the Foreclosure

---

[1] The facts are taken from the Complaint and from documents related to the state court foreclosure action. *See Curtis & Assocs., P.C. v. Law Offices of David M. Bushman, Esq.*, 758 F. Supp. 2d 153, 158 n.4 (E.D.N.Y. 2010) (In deciding a motion to dismiss, the Court may, in addition to the complaint, consider documents incorporated by reference into the complaint as well as "documents submitted by the parties which are matters of public record or which are deemed included in the Complaint."), *aff'd*, 443 F. App'x 582 (2d Cir. 2011).

[2] Ditech notes that Green Tree changed its name to Ditech effective August 31, 2015, *see* Ditech Memorandum of Law in Support at n.1, DE [30], a change acknowledged by Plaintiff in the complaint. *See* Compl. ¶18 ("Green Tree (which is now Ditech)...").

Complaint, indicates that the nature of the action is a Real Property - Mortgage Foreclosure, and purports to seek a "Residential Mortgage Foreclosure Settlement Conference." Lastorino Decl. Ex. D. Green Tree is designated as the Plaintiff, but there is no language identifying it as the "creditor."

In the Foreclosure Action, Green Tree seeks *inter alia* that the mortgaged premises be sold, that plaintiff be paid monies owed from the proceeds of the sale, and that Aaron Cohen "be adjudged to pay any deficiency which may remain." Foreclosure Compl., Wherefore Cl.

**B. Complaint in This Action**

The complaint in the case before this Court alleges a single cause of action for violations of two sections of the FDCPA. Under §1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692g provides in pertinent part as follows:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing
> . . .
> (2) the name of the creditor to whom the debt is owed

15 U.S.C. §1692g(a)(2).

The basis of Plaintiff's complaint is that the creditor to whom the debt was owed at the time of the filing of the foreclosure complaint was Fannie Mae, not Green Tree. Compl. ¶¶21-22. Plaintiff claims that defendants violated §1692e in that they "falsely stated that Green Tree Loan Servicing LLC was the creditor to whom the Plaintiff's debt . . . was owed when, in fact, Green Tree Servicing, LLC was not the creditor to whom the Plaintiff's debt . . . was owed." Compl. ¶31. In addition, after making an "initial communication," neither Rosicki nor Green

3

Tree advised Plaintiff of the "correct name of the creditor to whom the debt is owed." Compl. ¶33.

## II. LEGAL STANDARDS

Defendants seek dismissal of the action pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The standards for analyzing a motion to dismiss are well-established. The court must accept the factual allegations in the complaints as true and draw all reasonable inferences in favor of the plaintiff. *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013) (citations omitted). The court determines "whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

The determination of "whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S at 679. A pleading that does nothing more than recite bare legal conclusions, however, is insufficient to "unlock the doors of discovery." *Iqbal*, 556 U.S. at 678-679; *see also Twombly*, 550 U.S. at 555 (holding that a "formulaic recitation "formulaic recitation of cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level."). While Rule 8 does not require "detailed factual allegations," it does require more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

## III. DISCUSSION

The FDCPA was enacted "with the aim of eliminating abusive practices in the debt collection industry." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 89 (2d Cir. 2008) (quoting 15 U.S.C. §1692e). This legislation and its history "emphasize the intent of Congress to address the previously common and severe problem of abusive debt collection practices and to protect unsophisticated consumers from unscrupulous debt collection tactics." *Ehrich v. Credit Prot. Ass'n, L.P.*, 891 F. Supp. 2d 414, 415 (E.D.N.Y. 2012) (citations omitted). The FDCPA "focuses on regulating interactions between 'debt collectors' and 'consumers.'" *Ellis v. Solomon and Solomon, P.C.*, 591 F.3d 130, 134 (2d Cir. 2010). To establish a claim under the FDCPA, a plaintiff must establish that: (1) he is a person who was the object of efforts to collect a consumer debt; (2) the defendant is a "debt collector"; and (3) the defendant has engaged in some act or omission in violation of the FDCPA's requirements. *See Scaturro v. Northland Grp., Inc.*, 16-cv-1314, 2017 WL 415900, at * (E.D.N.Y. Jan. 9, 2017).

The threshold question here is whether the communications at issue, filings during a foreclosure action, constitute an attempt to collect a debt within the meaning of the FDCPA. The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). While the note is a debt, the mortgage "'is a type of security interest with real property as the collateral,' that a lender can take if a debtor does not fulfill a payment obligation; it 'is not a promise to pay a debt.'" *Hill v. DLJ Mortg. Capital, Inc.*, 15-CV-3083, 2016 WL 5818540, at *7 (E.D.N.Y. Sept. 30, 2016) (quoting *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012)). In other words, "[t]he note represents the primary personal obligation of the

mortgagor, and the mortgage is merely the security for such obligation." *Copp v. Sands Point Marina, Inc.,* 17 N.Y.2d 291, 293, 217 N.E.2d 654, 270 N.Y.S.2d 599 (1966).

In recognition of this distinction, a holder of a note secured by a mortgage has two remedies under New York law: "one at law in a suit on the debt as evidenced by the note, the other in equity to foreclose the mortgage." *Copp,* 17 N.Y.2d at 293; *see also Westnau Land Corp. v. U.S. Small Bus. Admin.,* 1 F.3d 112, 115 (2d Cir. 1993) ("under New York law, a creditor is required to elect between the remedies of an action for money damages on a debt or an equitable action to foreclose a mortgage that secures the debt."); *Wells Fargo Bank, N.A. v. Goans,* 136 A.D.3d 709, 24 N.Y.S.3d 386 (2d Dep't N.Y. App. Div. 2016) ("Where a creditor holds both a debt instrument and a mortgage which is given to secure the debt, the creditor may elect either to sue at law to recover on the debt, or to sue in equity to foreclose on the mortgage."). It is also clear that under New York law, a mortgage foreclosure is an equitable remedy and an action seeking that relief is equitable in nature. *See 4 B's Realty 1530 CR39, LLC v. Toscano,* 818 F. Supp. 2d 654, 659 (E.D.N.Y. 2011); *see also Notey v. Darien Constr. Corp.,* 41 N.Y.2d 1055, 364 N.E.2d 833, 396 N.Y.S.2d 169 (1977) ("An action to foreclose a mortgage is, of course, in equity).

Courts in this Circuit that have considered whether actions taken within a foreclosure action constitute debt collection "have held that 'the enforcement of a security interest through foreclosure proceedings that do not seek monetary judgments against debtors is not debt collection for purposes of the FDCPA.'" *Hill,* 2016 WL 5818540, at *7 (quoting *Boyd v. J.E. Robert Co,* No. 05-CV-2455, 2013 WL 5436969, at *9 (E.D.N.Y. Sept. 27, 2013), *aff'd on other grounds,* 765 F.3d 123 (2d Cir. 2014)). This Court agrees with this reasoning. Here, Green Tree elected to commence an action to foreclose on the mortgage and the "communications" at issue

6

were made in the context of enforcing its security interest. As such, there was no attempt to enforce a debt actionable under the FDCPA.

Plaintiff argues that the Foreclosure Action does seek a money judgment on the "debt" because it seeks a deficiency judgment against Cohen in the event that the proceeds of the sale of the mortgaged property are insufficient to satisfy the amount owed. Article 13 of the Real Property Actions and Proceedings Law ("RPAPL") governs actions to foreclose a mortgage in New York. It expressly provides that a final judgment in a foreclosure action may include a deficiency judgment against the person liable for the debt secured by the mortgage "of the whole residue, or so much thereof as the court may determine to be just and equitable, of the debt remaining unsatisfied, after a sale of the mortgaged property and the application of the proceeds." RPAPL § 1371(1). Plaintiff cites no case law to support the inference that this provision somehow affects the nature of the Foreclosure Action or changes it from an equitable proceeding to one at law. Indeed, such a result would violate New York's election of remedies framework. *See Boyd v. Jarvis,* 74 A.D.2d 937, 937, 426 N.Y.S.2d 142 (3rd Dep't 1980) (rejecting plaintiffs' attempt to commence a second action at law and noting that as they had elected to proceed in equity by seeking foreclosure, they should have sought a deficiency judgment in the foreclosure action); *see also Wyoming Cty. Bank & Trust Co. v. Kiley,* 75 A.D.2d 477, 481, 430 N.Y.S.2d 900, 903 (4th Dep't 1980) ("when a mortgage-secured creditor commences an equitable action to foreclose its mortgage, the action does not result in a 'money judgment'").

In any event, under the facts presented in this case, the Court finds that the purposes of the FDCPA are not furthered by continuation of this action. Acknowledging the procedures and protections available in bankruptcy court, the Second Circuit has noted that given that "the

FDCPA's purpose is to protect unsophisticated consumers from unscrupulous debt collectors, that purpose is not implicated when a debtor is instead protected by the court system and its officers." *Simmons v. Roundup Funding, LLC,* 622 F.3d 93, (2d Cir. 2010) (internal quotation and citation omitted). Applying the same reasoning, a District Court in Connecticut analyzed Connecticut law and determined that "mortgagors in a foreclosure proceeding likewise do not need protection from abusive collection methods that are covered under the FDCPA because the state foreclosure process is highly regulated and court controlled." *Derisme v. Hunt Leibert Jacobson P.C.,* 880 F. Supp. 2d 311, 327 (D.Conn. 2012). The same rationale is applicable to foreclosure proceedings in New York courts.

In the aftermath of the mortgage foreclosure crisis, New York passed the Foreclosure Prevention and Responsible Lending Act which strengthened and added protections for borrowers in jeopardy of losing their homes. Stronger notice provisions were implemented, covering a variety of circumstances and intending to protect borrowers. *See* RPAPL §1303 (requiring "Help for Homeowners in Foreclosure" notice); RPAPL § 1304 (requiring additional notices in connection with subprime or non-traditional home loans); RPAPL §1320 (requiring a special summons in actions to foreclose a mortgage on private residences). Certain filings with the Superintendent of Financial Services are also required. *See* RPAPL § 1306. The parties are now required to participate in mandatory, court-supervised settlement proceedings at which they are required to "negotiate in good faith to reach a mutually agreeable resolution, including but not limited to a loan modification, short sale, deed in lieu of foreclosure or any other loss mitigation, if possible." RPAPL § 3408. The New York court system can amply protect borrowers from any allegedly unscrupulous actions taken in the foreclosure proceeding.

Accordingly, the purposes of the FDCPA are not implicated, especially where all the allegedly impermissible conduct occurred within the context of the foreclosure proceeding.

## IV. CONCLUSION

Both Defendants' motions to dismiss are granted, and the case is closed.

SO ORDERED.

```
                                    LEONARD D. WEXLER
                                    UNITED STATES DISTRICT JUDGE
```

Dated: Central Islip, New York
       March 24, 2017