MANDATE

# UNITED STATES COURT OF APPEALS
## FOR THE
## SECOND CIRCUIT

_____

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of July, two thousand and eighteen.

Before:      Robert D. Sack,
             Reena Raggi,
             Susan L. Carney,
                  *Circuit Judges.*
_____

Aaron Cohen, on behalf of himself and all others
similarly situated,

                                              **JUDGMENT**
          Plaintiff - Appellant,              Docket No. 17-950

v.

Rosicki, Rosicki & Associates, P.C., Ditech Financial
LLC,

          Defendants - Appellees.
_____

The appeal in the above captioned case from a judgment of the United States District Court for the Eastern District of New York was argued on the district court's record and the parties' briefs.   Upon consideration thereof,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the judgment of the district court is AFFIRMED.

                              For the Court:

                              Catherine O'Hagan Wolfe,
                              Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

MANDATE ISSUED ON 08/13/2018

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2017

(Argued: October 2, 2017      Decided:  July 23, 2018)

Docket No. 17-950-cv

━━━━━━━━━━━━━━━━━━━

AARON COHEN, on behalf of himself and all others similarly situated,
*Plaintiff-Appellant*,

v.

ROSICKI, ROSICKI & ASSOCIATES, P.C., DITECH FINANCIAL LLC,
*Defendants-Appellees*.

━━━━━━━━━━━━━━━━━━━

Before:      SACK, RAGGI, AND CARNEY, *Circuit Judges*.

Plaintiff-Appellant Aaron Cohen appeals from a judgment entered

in favor of Defendants-Appellees Ditech Financial LLC and Rosicki,

Rosicki & Associates, P.C., by the United States District Court for the

Eastern District of New York (Leonard D. Wexler, *Judge*).  Cohen alleges

that the defendants violated the Fair Debt Collection Practices Act, 15

U.S.C. § 1692 *et seq.*, in connection with their attempt to initiate foreclosure

proceedings on his home.  The district court granted the defendants'

motions to dismiss.  We conclude that Cohen has failed to state a claim

under the Fair Debt Collection Practices Act.  Accordingly, the judgment of

the district court is

AFFIRMED.

> DANIEL A. EDELMAN, Edelman, Combs,
> Latturner & Goodwin, LLC, Chicago,
> Illinois (Tiffany N. Hardy, Edelman,
> Combs, Latturner & Goodwin, LLC,
> Chicago, Illinois; Shimshon Wexler, The
> Law Office of Shimshon Wexler, PC,
> Decatur, Georgia, *on the brief*), *for Plaintiff-Appellant*.
>
> HENRY MASCIA (Cheryl F. Korman, *on the brief*), Rivkin Radler LLP, Uniondale, New York, *for Defendant-Appellee Rosicki, Rosicki & Associates, P.C.*
>
> MARTIN C. BRYCE, JR. (Adam P. Hartley, Alexander Kommatas, *on the brief*), Ballard Spahr LLP, New York, New York, *for Defendant-Appellee Ditech Financial, LLC.*
>
> Mary McLeod, General Counsel, John R. Coleman, Deputy General Counsel, Steven Bressler, Assistant General Counsel, Nandan M. Joshi, Joseph Frisone, Counsel, Consumer Financial Protection Bureau, Washington, D.C., for *Amicus Curiae* Consumer Financial Protection Bureau, *in support of Plaintiff-Appellant.*

SACK, *Circuit Judge*:

The plaintiff, Aaron Cohen, brings this putative class action against Ditech

Financial LLC ("Ditech"), Cohen's mortgage-loan servicer, and Rosicki, Rosicki &

Associates, P.C. ("Rosicki"), the servicer's law firm, alleging violations of the Fair

Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, in connection

with their attempt to initiate foreclosure proceedings on his home.  The district

court (the late Leonard D. Wexler, *Judge*) granted the defendants' motions to

dismiss.  We conclude that the district court erred in dismissing Cohen's FDCPA

claims on the ground that the enforcement of a security interest through

foreclosure proceedings is not debt collection for purposes of the FDCPA.  We

nevertheless affirm because Cohen has failed to plausibly allege that the

defendants violated the FDCPA.

## BACKGROUND

*Factual Background*[1]

On or about August 11, 2005, Cohen obtained a mortgage loan of $359,650

from Sterling Empire Funding Associates, Ltd. ("Sterling") to finance the

purchase of his personal residence in Pomona, Rockland County, New York.

---

[1] Because Cohen's complaint was dismissed under Federal Rule of Civil Procedure 12(b)(6), we accept the facts alleged in the complaint as true for purposes of our review. *Hutchinson v. Deutsche Bank Sec., Inc.*, 647 F.3d 479, 481 (2d Cir. 2011).  We also consider on review "any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference"; here, those include documents filed by Rosicki in its state mortgage foreclosure suit against Cohen.  *Id.*

Cohen has been in default on this mortgage since 2009. On June 1, 2010, Cohen's mortgage and note was assigned to Countrywide/Bank of America, which on June 10, 2013, transferred its rights in the mortgage and note to Green Tree Servicing LLC ("Green Tree"). Green Tree, through its attorney Rosicki, filed a foreclosure action summons and complaint with respect to the mortgaged property against Cohen in New York Supreme Court Rockland County on March 11, 2015. After the foreclosure action was filed, Green Tree changed its name to Ditech.[2] The defendants mailed copies of the summons and foreclosure complaint to Cohen.

The complaint in the foreclosure action asserts that Green Tree is the "holder of the subject note and mortgage, or has been delegated the authority to institute a mortgage foreclosure action by the owner and holder of the subject mortgage and note." App'x at 37. The summons states that Green Tree is "the creditor to whom the debt is owed" and provides that "[u]pon your written request within 30 days after receipt of this notice, Rosicki, Rosicki & Associates P.C. will provide you with the name and address of the original creditor if different from the current creditor." App'x at 34.

---

[2] We use "Ditech" and "Green Tree" to refer to the same entity.

New York law requires foreclosure plaintiffs to file two additional

documents at the onset of a foreclosure proceeding.  First, such a plaintiff must

attach to the complaint a "Certificate of Merit" signed by the plaintiff's attorney

that "certif[ies] that the attorney has reviewed the facts of the case and that . . . to

the best of such attorney's knowledge, information and belief there is a

reasonable basis for the commencement of such action and that the plaintiff is

currently the creditor entitled to enforce rights under such documents."  N.Y.

C.P.L.R. § 3012-b(a).  Second, "[a]t the time that proof of service of the summons

and complaint is filed with the county clerk, plaintiff shall file with the county

clerk a specialized request for judicial intervention (RJI), on a form prescribed by

the Chief Administrator of the Courts."  N.Y. Comp. Codes R. & Regs. tit. 22,

§ 202.12a(b)(1).  The RJI must contain, *inter alia*, "the name of the mortgage

servicer," and "shall request that a settlement conference be scheduled."  *Id.*

Here, Green Tree filed in Supreme Court the Certificate of Merit (the

"Certificate") on March 11, 2015, the same date that the foreclosure complaint

was filed there.  The Certificate was signed by Green Tree's attorney and certified

that Green Tree "is the creditor entitled to enforce rights" under the mortgage

note and related documents.  App'x at 93–94.  Green Tree subsequently filed the

RJI with the court on March 26, 2015.  App'x at 99–101.  The RJI identifies the

nature of the action as a mortgage foreclosure proceeding and seeks a

"Residential Mortgage Foreclosure Settlement Conference."  App'x at 99–100.

Cohen received copies of the Certificate and RJI from the defendants.

Cohen subsequently submitted a "qualified written request" to Ditech

requesting information relating to the servicing of the loan.[3]  On September 23,

2015, Ditech sent Cohen a letter in response, which states that "[t]he servicing of

the above account was transferred from Bank of America, N.A. to Ditech

effective June 1, 2013" and that the account is owned by "Fannie Mae."[4]  App'x at

110.  The letter further explains, "Please be aware Ditech did not originate nor

owns [sic] the account; it merely services it for a third party and can provide

information from the servicing transfer date forward."  *Id.*  Finally, the letter

advises Cohen that "the owner does not service the account.  All correspondence

and inquiries concerning the account should be addressed to the account

---

[3] Under the Real Estate Settlement Procedures Act, a borrower who has a federally related mortgage loan may submit a written request to the servicer of the loan requesting information relating to the servicing of the loan.  Such a request for information is termed a "qualified written request" and may impose on the loan servicer a duty to respond to the borrower's inquiry.  12 U.S.C. § 2605(e)(1)(B).

[4] The record does not appear to reflect the date on which Cohen's loan was sold to Fannie Mae or by whom.

servicer, Ditech . . . .  The servicer has authority to act on the owner's behalf with

regard to the administration of the account and respond to any questions about

the account."  *Id.*

*Procedural History*

On December 1, 2015, Cohen filed this putative class action against Ditech

and its foreclosure counsel, Rosicki, seeking to recover statutory damages under

the FDCPA.  *See* 15 U.S.C. § 1692k(a) (providing that a court may award up to

$1,000 in statutory damages for violation of the FDCPA).  Cohen alleges that the

defendants violated two different provisions of the FDCPA by identifying Green

Tree, and not the Federal National Mortgage Association ("Fannie Mae"), as the

creditor in the foreclosure complaint, Certificate, and RJI.  Specifically, Cohen

alleges that the defendants violated 15 U.S.C. § 1692e, which prohibits false,

deceptive, or misleading representations made in connection with collecting a

debt, and 15 U.S.C. § 1692g(a), which requires debt collectors to provide debtors

with the name of the "creditor to whom the debt is owed" within five days of an

"initial communication with a consumer in connection with the collection of any

debt."

The defendants moved to dismiss Cohen's complaint under Federal Rule of Civil Procedure 12(b)(6). On March 24, 2017, the district court dismissed Cohen's complaint, concluding that Cohen had failed to state a claim upon which relief can be granted because the "enforcement of a security interest through foreclosure proceedings that do not seek monetary judgments against debtors" does not qualify as debt collection within the scope of the FDCPA. *Cohen v. Ditech Fin. LLC*, No. 15-CV-6828 (LDW), 2017 WL 1134723, at \*3, 2017 U.S. Dist. LEXIS 43443, at \*7–8 (E.D.N.Y. Mar. 24, 2017). The district court reasoned that because "Green Tree elected to commence an action to foreclose on the mortgage and the 'communications' at issue were made in the context of enforcing its security interest . . . there was no attempt to enforce a debt actionable under the FDCPA." *Id.* Cohen then timely filed this appeal.

## DISCUSSION

### I. Standard of Review

"We review *de novo* a district court's grant of a defendant's motion to dismiss." *City of Pontiac Gen. Emps' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A complaint is also deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (brackets and internal quotation marks omitted).

## II.    Standing

Ditech argues that Cohen lacks standing under Article III of the Constitution to bring this action. Because standing is a "threshold matter" in determining whether the district court had jurisdiction to hear and decide this case, *Anderson Grp., LLC v. City of Saratoga Springs*, 805 F.3d 34, 44 (2d Cir. 2015) (internal quotation marks omitted), we address standing at the outset of our analysis.

To satisfy the "irreducible constitutional minimum" of Article III standing, a plaintiff must demonstrate (1) "injury in fact," (2) a "causal connection" between that injury and the complained-of conduct, and (3) a likelihood "that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks omitted).

According to Ditech, Cohen lacks standing because he has alleged only a "bare [statutory] procedural violation, divorced from any concrete harm," which is insufficient to satisfy the injury-in-fact requirement under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). Ditech Br. at 51. However, *Spokeo* does not "categorically . . . preclude[] violations of statutorily mandated procedures from qualifying as concrete injuries supporting standing." *Strubel v. Comenity Bank*, 842 F.3d 181, 189 (2d Cir. 2016) (citing *Spokeo*, 136 S. Ct. at 1550). It teaches, instead, that in order "to determine whether a procedural violation manifests injury in fact, a court properly considers whether Congress conferred the procedural right in order to protect an individual's concrete interests." *Id.* "[I]n the absence of a connection between a procedural violation and a concrete interest, a bare violation of the former does not manifest injury in fact." *Id.* However, "where Congress confers a procedural right in order to protect a concrete interest, a violation of the procedure may demonstrate a sufficient 'risk of real harm' to the underlying interest to establish concrete injury without 'need [to] allege any *additional* harm beyond the one Congress has identified.'" *Id.* (emphasis and brackets in original) (quoting *Spokeo*, 136 S. Ct. at 1549).

Here, Cohen alleges that the defendants violated 15 U.S.C. §§ 1692e and

1692g.  We have held in the wake of *Spokeo*, albeit in non-binding summary

orders,[5] that §§ 1692e and 1692g protect an individual's concrete interests, so that

an alleged violation of these provisions satisfies the injury-in-fact requirement of

Article III.  *See Zirogiannis v. Seterus, Inc.*, 707 F. App'x 724, 727 (2d Cir. Sept. 12,

2017) (summary order) ("[W]e have no trouble concluding that § 1692g of the

FDCPA protects an individual's concrete interests" (internal quotation marks and

brackets omitted)); *Papetti v. Does 1-25*, 691 F. App'x 24, 26 (2d Cir. May 26, 2017)

(summary order) (concluding that plaintiff's allegations of violations of §§ 1692e

and 1692g by themselves entailed the concrete injury necessary for standing).

We reach the same conclusion here.

Congress enacted the FDCPA "to protect against the abusive debt

collection practices likely to disrupt a debtor's life."  *Simmons v. Roundup Funding,

LLC*, 622 F.3d 93, 96 (2d Cir. 2010) (internal quotation marks omitted).  Sections

1692e and 1692g further this purpose: the former secures a consumer's right to be

---

[5] Although this Court's rulings by summary order do not have precedential effect, *see* 2d Cir. Local R. 32.1.1(a), "denying summary orders precedential effect does not mean that the court considers itself free to rule differently in similar cases," *Jackler v. Byrne*, 658 F.3d 225, 244 (2d Cir. 2011) (brackets omitted) (internal quotation marks omitted).  In *Jackler* itself, though, we declined to follow the summary order in connection with which we made this observation.

free from "false, deceptive, or misleading" practices by debt collectors, 15 U.S.C.

§ 1692e, and the latter requires a debt collector who solicits payment from a

consumer to provide the consumer with "a detailed validation notice" so that he

may confirm that he indeed owes the debt and its amount before paying it,

*Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996). Congress thus sought to

protect consumers' concrete economic interests in enacting these provisions.

Both of Cohen's FDCPA claims are based on the defendants' allegedly

incorrect identification of Green Tree as the creditor in the foreclosure complaint,

Certificate, and RJI. Taken as true, this misrepresentation might have deprived

Cohen of information relevant to the debt prompting the foreclosure proceeding,

posing a "risk of real harm" insofar as it could hinder the exercise of his right to

defend or otherwise litigate that action.[6] *See Strubel*, 842 F.3d. at 190 (explaining

that "consumer who is not given notice of his obligations is likely . . . unwittingly

---

[6] Ditech argues that Cohen "has failed to demonstrate any injury that could have possibly resulted from Ditech's failure to identify Fannie Mae as the creditor" and that this misinformation is too "trivial" to cause harm. Ditech Br. at 53 (quoting *Strubel*, 842 F.3d at 190). This argument goes to the materiality of the allegedly false information in the defendants' communications. As discussed *infra* in Part IV, materiality is a requirement for a successful § 1692e cause of action. We do not consider this merits issue as part of our standing analysis. *See, e.g.*, *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) ("Our threshold inquiry into standing in no way depends on the merits of the [petitioner's] contention that particular conduct is illegal . . . ." (alteration in original) (internal quotation marks omitted)).

to lose the very . . . rights that the law affords him" (emphasis omitted)).  We

conclude that Cohen has alleged an injury-in-fact and therefore has standing.

Accordingly, we proceed to the merits of this appeal.

## III.    The FDCPA and Mortgage Foreclosure Proceedings

We next address the district court's conclusion that actions taken within a

foreclosure action do not categorically constitute debt collection within the scope

of the FDCPA.  We disagree and join those of our sister circuits that have

concluded that a foreclosure action is an "attempt to collect a debt" as defined by

the FDCPA.  *See Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 174–79 (3d Cir. 2015);

*Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 460–65 (6th Cir. 2013); *Wilson v.*

*Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 376–78 (4th Cir. 2006); *see also Reese v.*

*Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216–18 (11th Cir. 2012)

(concluding that letters threatening foreclosure are not exempt from the FDCPA

because "communication related to debt collection does not become unrelated to

debt collection simply because it also relates to the enforcement of a security

interest"); *Kaltenbach v. Richards*, 464 F.3d 524, 527–29 (5th Cir. 2006) (same).[7]

---

[7] The Ninth Circuit has concluded that "enforcement of security interests is not always debt collection" within the scope of the FDCPA.  *Vien-Phuong Thi Ho v. ReconTrust Co., NA*, 858 F.3d 568, 573 (9th Cir. 2016).  In *Ho*, the court decided that a trustee in a non-

We begin with the "language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 175–76 (2009) (internal quotation marks omitted). The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes."[8] 15 U.S.C. § 1692a(5). This provision's "focus on the underlying transaction indicates that whether an obligation is a 'debt' depends not on whether the obligation is secured, but rather upon the purpose for which it was incurred." *Glazer*, 704 F.3d at 461. Cohen's payment obligations under the mortgage note fall within the plain language of § 1692a(5): Cohen is a consumer who must pay money to the

judicial foreclosure scheme that does not allow for deficiency judgments was not engaged in "debt collection" under the FDCPA. *Id.* at 571–74. In *McNair v. Maxwell & Morgan P.C.*, 893 F.3d 680 (9th Cir. 2018), however, the court subsequently observed that "*Ho* does not . . . preclude FDCPA liability for an entity that seeks to collect a debt through a *judicial* foreclosure scheme that allows for deficiency judgments" and concluded that actions taken by a law firm within a judicial foreclosure proceeding constitute debt collection under the FDCPA. *Id.* at 683 (emphasis in original). The instant case is like *McNair*, rather than *Ho*, because it involves a judicial foreclosure and as discussed below, the applicable state law (New York) permits mortgagees to seek deficiency judgments. Thus, we have no occasion to decide here if we would follow *Ho* in the circumstances presented there.

[8] "The term 'consumer' means any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

mortgagee, and his obligation to do so arose from a transaction involving property that is for Cohen's personal, family, or household purposes (the mortgage note financed the purchase of his personal residence). *See Reese*, 678 F.3d at 1216–17; *Wilson*, 443 F.3d at 376. Cohen's obligation to pay off the mortgage note is therefore a "debt" for purposes of the FDCPA.

The defendants argue that the foreclosure action and the foreclosure filings at issue here—the complaint, summons, Certificate, and RJI—do not constitute an attempt to "collect" that debt. We disagree. To be liable under the relevant substantive provisions of the FDCPA, §§ 1692e and 1692g, a debt collector's targeted conduct must have been taken "in connection with the collection of any debt," 15 U.S.C. §§ 1692e, 1692g(a), *i.e.*, "any obligation or alleged obligation of a consumer to pay money," *id.* § 1692a(5). Thus, FDCPA liability is defined not in terms of whether the relief sought is money or property, but in terms of whether the debt collector's communication with the consumer is *in connection with* that consumer's obligation to pay money. In other words, the FDCPA does not make a distinction between an obligation itself grounded in money or property, and an obligation the breach of which can give rise to an award of money damages at law or of a property interest at equity.

Here, the purpose of the defendants' foreclosure proceeding was to obtain payment of the underlying mortgage note. Indeed, "*every* mortgage foreclosure, judicial or otherwise, is undertaken for the very purpose of obtaining payment on the underlying debt, either by persuasion (*i.e.,* forcing a settlement) or compulsion (*i.e.,* obtaining a judgment of foreclosure, selling the house at auction, and applying the proceedings from the sale to pay down the outstanding debt)." *Glazer*, 704 F.3d at 461 (emphasis in original). Moreover, mortgage foreclosure is contemplated in another portion of the statute. *See* 15 U.S.C. § 1692i(a)(1) (establishing venue requirements for a debt collector "in the case of an action [brought by the debt collector] to enforce an interest in real property securing the consumer's obligation"). We therefore conclude that mortgage foreclosure meets the FDCPA's broad definition of "debt collection."

The defendants counter that the foreclosure proceeding was not an attempt to collect a debt because the purpose of the proceeding was to enforce a security interest and obtain possession of property, rather than to obtain payment on a debt. However, New York law gives mortgagors redemption rights, N.Y. Real Prop. Acts § 1352, and allows mortgagees to obtain deficiency judgments if the proceeds from the foreclosure sale are less than the outstanding

debt, *id.* § 1371.  These provisions indicate that the purpose of foreclosure is to obtain payment on the underlying loan, rather than mere possession of the subject property.  Indeed, "[s]uch remedies would not exist if foreclosure were not undertaken for the purpose of obtaining payment."  *Glazer*, 704 F.3d at 461.

Moreover, contrary to the defendants' assertions, a foreclosure proceeding does not fall outside the scope of the FDCPA solely because it is an *in rem* legal proceeding.  As an initial matter, we have determined in previous cases that debt collectors can be subject to FDCPA liability based on actions taken in legal proceedings.  *See, e.g., Romea v. Heiberger & Assocs.*, 163 F.3d 111, 116 (2d Cir. 1998) (holding that a rent demand notice, required by New York law as a condition precedent to a summary eviction proceeding, was a "communication" to collect a debt within the meaning of the FDCPA); *cf. Heintz v. Jenkins*, 514 U.S. 291, 292 (1995) (concluding that "a lawyer who 'regularly,' *through litigation*, tries to collect consumer debts" is a "debt collector" under the Act (emphasis in original)).  Second, to accept the defendants' argument and exclude *in rem* proceedings from the scope of the FDCPA "would create an enormous loophole in the [FDCPA] immunizing any debt from coverage if that debt happened to be secured by a real property interest and foreclosure proceedings were used to

collect the debt." *Wilson*, 443 F.3d at 376; *see also Kaymark*, 783 F.3d at 179; *Reese*,

678 F.3d at 1217–18.  We therefore find it irrelevant that a mortgage foreclosure

action is an *in rem* action in equity rather than an *in personam* action at law.

We conclude that mortgage foreclosure, at least under the circumstances

presented here, constitutes debt collection under the FDCPA.

## IV.     Failure to State a Claim Under 15 U.S.C. § 1692e

We nonetheless affirm the dismissal of Cohen's § 1692e claim for failure to

state a claim.  Section 1692e prohibits debt collectors from making "any false,

deceptive, or misleading representation or means in connection with the

collection of any debt."  Cohen's principal allegation is that the defendants

violated § 1692e by falsely identifying Green Tree as the creditor with respect to

Cohen's mortgage in the foreclosure complaint, the Certificate, and RJI.  The

defendants contend that Cohen failed to plausibly allege a violation of § 1692e

for two reasons.  First, the defendants argue that the Certificate and RJI

accurately identified Green Tree as the creditor, so the defendants did not make

any false or misleading statements in connection with the collection of a debt.  In

the alternative, the defendants contend that even if the identification of Green

Tree as the creditor is false or misleading, it is not a *material* misrepresentation and therefore not actionable under the FDCPA.

The defendants' first argument requires us to consider whether the defendants' statement in the foreclosure documents that Green Tree is the "creditor" to whom Cohen's debt is owed was false or misleading. The FDCPA excludes from its definition of creditor "any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). Here, Green Tree received the assignment of Cohen's loan on June 1, 2013, which was after Cohen defaulted, in order to facilitate the collection of Cohen's mortgage payments, suggesting that Green Tree falls within § 1692a(4)'s exclusion and therefore is not a creditor as defined by the FDCPA.

Green Tree nevertheless qualifies as a "creditor" under New York law and has standing to foreclose on Cohen's mortgage. New York law defines "creditor" as a "person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent." N.Y. Debt. & Cred. Law § 270. A servicer entitled to receive mortgage payments and to pursue foreclosure—even on behalf of a third party—is a person having such a claim. *See* N.Y. U.C.C. § 3-

301 ("The holder of an instrument whether or not he is the owner may . . . enforce payment in his own name."); *Aurora Loan Servs., LLC v. Taylor*, 25 N.Y.3d 355, 360–61 (2015) (concluding that mortgage servicer in possession of note at time foreclosure action commenced "was vested with standing to foreclose"). Accordingly, to determine whether the defendants' identification of Green Tree as the creditor was false or misleading, we would need to resolve this tension between the different definitions of "creditor" under the FDCPA and New York law.

We do not resolve this issue here because even if the defendants' creditor statement was inaccurate, it would not be material and Cohen's § 1692e claim therefore fails. Whether a communication is "false, deceptive, or misleading" under § 1692e "is determined from the perspective of the objective least sophisticated consumer." *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012) (internal quotation marks omitted). Under this standard, "collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Id.* (internal quotation marks omitted). However, we have explained that "not every technically false representation by a debt collector amounts to a violation of the FDCPA," *Gabriele*

*v. Am. Home Mortg. Serv., Inc.*, 503 F. App'x 89, 94 (2d Cir. 2012) (summary order), and "FDCPA protection does not extend to every bizarre or idiosyncratic interpretation of a collection notice," *Easterling*, 692 F.3d at 233–34 (internal quotation marks omitted).

Several of our sister circuits have held that the least sophisticated consumer standard encompasses a materiality requirement; that is, statements must be materially false or misleading to be actionable under the FDCPA. *See Jensen v. Pressler & Pressler*, 791 F.3d 413, 421 (3d Cir. 2015); *Elyazidi v. SunTrust Bank*, 780 F.3d 227, 234 (4th Cir. 2015); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033–34 (9th Cir. 2010); *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009); *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757–58 (7th Cir. 2009). These courts have determined that a statement is material "if it is capable of influencing the decision of the least sophisticated [consumer]." *Jensen*, 791 F.3d at 421; *see also Hahn*, 557 F.3d at 758 ("A statement cannot mislead unless it is material, so a false but non-material statement is not actionable.").

We cited this line of cases with approval in a summary order without explicitly deciding that § 1692e incorporates a materiality requirement. *See Gabriele*, 503 F. App'x at 94. We reach that conclusion here, adopting the

persuasive reasoning of these courts of appeals.  As the Seventh Circuit

observed, "[m]ateriality is an ordinary element of any federal claim based on a

false or misleading statement," and there is no "reason why materiality should

not equally be required in an action based on § 1692e." *Hahn*, 557 F.3d at 757.

The FDCPA was designed to give consumers reliable information so that they

can make informed decisions about how to address debts, and "by definition

immaterial information neither contributes to that objective (if the statement is

correct) nor undermines it (if the statement is incorrect)." *Id.* at 757–58.  The

materiality requirement is thus a corollary to the well-established proposition

that "[i]f a statement would not mislead the unsophisticated consumer, it does

not violate the [FDCPA]—even if it is false in some technical sense." *Id.* at 758

(first brackets in original) (internal quotation marks omitted).  In other words, "a

false statement is only actionable under the FDCPA if it has the potential to affect

the decision-making process of the least sophisticated [consumer]." *Jensen*, 791

F.3d at 421.  This materiality requirement furthers the dual purposes of the least

sophisticated consumer standard: the need to protect unsuspecting consumers

from unscrupulous debt collectors and the need to ensure that debt collectors are

not held liable "for unreasonable misinterpretations of collection notices."

*Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

Applying this standard to the alleged misrepresentation here—the defendants' identification of Green Tree as the "creditor"—we conclude that it was immaterial and therefore not actionable under § 1692e. The materiality inquiry focuses on whether the false statement would "frustrate a consumer's ability to intelligently choose his or her response." *Donohue*, 592 F.3d at 1034. As we have explained, "[o]ur case law demonstrates that communications and practices that could mislead a putative-debtor as to the nature and legal status of the underlying debt, or that could impede a consumer's ability to respond to or dispute collection, violate the FDCPA." *Gabriele*, 503 F. App'x at 94. By contrast, "mere technical falsehoods that mislead no one" are immaterial and consequently not actionable under § 1692e. *Donohue*, 592 F.3d at 1034.

Here, there is no indication that the identification of Green Tree as the creditor misrepresented the nature or legal status of the debt or undermined Cohen's ability to respond to the debt collection. Although Ditech's response to the qualified written request stated that Fannie Mae owned Cohen's mortgage account, Green Tree was responsible for servicing the account. As the account

servicer, Green Tree had the right to collect mortgage payments and to pursue

foreclosure under New York law. Moreover, it is undisputed that the entity to

whom Cohen's payments on his debt were owed in the first instance was Green

Tree and that Green Tree was also the primary point of contact for any questions

Cohen may have had about his mortgage. *See* App'x at 110 (instructions to

Cohen in Ditech's response to Cohen's qualified written request that "[a]ll

correspondence and inquiries concerning the account should be addressed to the

account servicer, Ditech"). On the facts reflected in the complaint and attached

documents, the false identification of Green Tree as the creditor would not have

caused even a highly unsophisticated consumer to suffer a disadvantage in

charting a course of action in response to the collection effort. Indeed, stating

*accurately* that Fannie Mae was the creditor to whom the debt is owed likely

would have *caused* confusion inasmuch as Cohen might then have been led to

believe—wrongly, of course—that he should make his monthly mortgage

payments to Fannie Mae.

We also think it significant that the challenged statements identifying

Green Tree as the creditor were made in filings in a foreclosure action in state

court. The "state foreclosure process is highly regulated and court controlled,"

and the "state court's authority to discipline will usually be sufficient to protect

putative-debtors like [Cohen] from legitimately abusive or harassing litigation

conduct."  *Gabriele*, 503 F. App'x at 96 n.1.  Moreover, as we have noted, Green

Tree met the state law definition of "creditor."  The identification of Green Tree as

the creditor in the foreclosure filings was therefore accurate within the context of

New York foreclosure law.  Under these circumstances, we think that the

identification of Green Tree as the "creditor" should be viewed as false only

insofar as it results from the different definitions of "creditor" in the FDCPA and

New York law.

　　　Accordingly, although it may have technically been legally inaccurate to

say that Green Tree was the "creditor" of Cohen's mortgage, considering the

definition of the term in § 1692a(4), this statement was not false or misleading in

any material way.  The defendants' identification of Green Tree as the creditor

was not deceptive as to the nature or legal status of Cohen's debt, nor would it

have prevented the least sophisticated consumer from responding to or

disputing the action.

　　　We reach this conclusion based on the specific facts and circumstances of

this case, *i.e.* a mortgage servicer that qualifies as a creditor under state law and

that acts on behalf of a mortgage owner.  We do not suggest that misrepresentations concerning the identity of the creditor are categorically immaterial.  The identity of the creditor in debt collection communications can be a "serious matter."  *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012).  The "entity to which a debtor owes money potentially affects the debtor in the most basic ways, such as what the debtor should write after 'pay to the order of' on the payment check to ensure that the debt is satisfied."  *Eun Joo Lee v. Forster & Garbus LLP*, 926 F. Supp. 2d 482, 488 (E.D.N.Y. 2013).  A misrepresentation concerning the creditor's identity in debt collection notices can cause a debtor "confusion and delay in trying to contact the proper party concerning payment on her loan and resolution of the problem."  *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 327 (6th Cir. 2012); *see also Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1121–22 (9th Cir. 2014) (similar).  Here, however, the facts and circumstances of the foreclosure proceeding and the foreclosure filings at issue in this lawsuit admit no plausible claim that the challenged misrepresentation of Green Tree rather than Fannie Mae as the creditor undermined Cohen's—or any other similarly situated mortgagor's—ability to respond to the debt.

26

## V.    Failure to State a Claim Under 15 U.S.C. § 1692g

We also affirm the district court's dismissal of Cohen's § 1692g claim for

failure to state a claim upon which relief can be granted.  Cohen claims that the

defendants violated § 1692g(a)(2), which requires a debt collector, in its initial

communication with the debtor, to identify the creditor to whom the debt is

owed.  Cohen contends that the Certificate and RJI[9] were initial communications

as defined by § 1692g(a) and that because the defendants failed to identify the

correct creditor in these documents, they are liable for damages under the

FDCPA.  The defendants counter that Cohen failed to state a § 1692g claim

because the Certificate and RJI are exempt from the FDCPA's definition of initial

communications.  The defendants rely on § 1692g(d), which provides that "[a]

communication in the form of a formal pleading in a civil action shall not be

treated as an initial communication for purposes of subsection (a)."  This "broad

exclusion" applies not only to "the formal documents that make up a standard

pleading," but also to "any communication forming any part" thereof, including

---

[9] Cohen's complaint alleges that the foreclosure complaint itself is a "communication[]" as defined by the FDCPA, App'x at 11, but he does not raise this argument on appeal so we consider it abandoned, *see LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995). In any event, the foreclosure complaint falls squarely within § 1692g(d)'s exclusion for "formal pleadings."  *See Carlin v. Davidson Fink LLP*, 852 F.3d 207, 213 (2d Cir. 2017).

"exhibits attached to a complaint." *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 213 (2d Cir. 2017).

We conclude that the Certificate falls within § 1692g(d)'s pleading exclusion, and is therefore not an initial communication, because the defendants were legally obligated to file this document with the foreclosure complaint. *See* N.Y. C.P.L.R. § 3012-b(a) ("In any residential foreclosure action involving a home loan . . . the complaint shall be accompanied by a certificate . . . certifying that the attorney has reviewed the facts of the case and that . . . the plaintiff is currently the creditor entitled to enforce rights under such documents."). In *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 213 (2d Cir. 2017), we held that documents attached to a foreclosure complaint—even a superfluous attachment—are covered by § 1692g(d)'s pleading exclusion. Therefore, under *Carlin*, legally required filings accompanying a complaint are also exempt. The fact that the Certificate is not denominated a "pleading" under the Federal Rules of Civil Procedure or the New York Civil Practice Law and Rules warrants no different conclusion. As *Carlin* instructs, Congress adopted a "broad exclusion that, on its face, applies to any communication *forming any part* of a pleading." *Id.* (emphasis added).

We also conclude that the RJI is not an initial communication as defined by the FDCPA. The RJI is dated fifteen days later than the foreclosure complaint, summons, and Certificate and it was not filed and served with the foreclosure complaint, summons, and Certificate. New York law nevertheless requires a foreclosure plaintiff to file the RJI at the time that proof of service of the summons and foreclosure complaint is filed. *See* 22 N.Y. Comp. Codes R. & Regs. tit. 22, § 202.12a. New York law thus requires the RJI as part of the initial assertion of a complaint seeking a foreclosure order, so the RJI can be viewed as "forming [a] part of a pleading." *Carlin*, 852 F.3d at 213. We conclude that *Carlin*'s reasoning applies not only to documents attached to an initial pleading but also to those documents that state law mandates a plaintiff to file shortly thereafter, and in relation to that pleading, to complete the initiation of the case.

Cohen's § 1692g claim therefore fails because the documents Cohen has identified as defective initial communications—the Certificate and RJI—are not initial communications as defined by the FDCPA.

## CONCLUSION

We have considered the parties' remaining arguments on appeal and find

them to be without merit.  For the foregoing reasons, we AFFIRM the judgment

of the district court.